EYLeetrial.inst

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 08-00004 |
| )  Plaintiff, ) | |
| ) vs. ) | **UNITED STATES PROPOSED** |
| ) | **JURY INSTRUCTIONS** |
| EUN YOUNG LEE, ) | |
|    aka Eun Young Cho, ) | |
|    aka Ina Lee, ) | |
| MARCELINO J. LASERNA, ) | |
| JOHN W.C. DUENAS, ) | |
| MARY C. GARCIA, ) | |
| JOSEPH PANGELINAN, ) | |
| FRANCISCO SN KAWAMOTO, and ) | |
| MARGARET B. UNTALAN, ) | |
| ) Defendants. ) | |

    COMES NOW the United States and hereby files with the Court specific instructions which it believes particularly applicable to this case. In addition, the government requests that the court give the standard instructions which pertain to a criminal trial.

    Respectfully submitted this 13th day of May, 2008.

                                      LEONARDO M. RAPADAS
                                      United States Attorney
                                      Districts of Guam and NMI

                        By:   /s/ Karon V. Johnson
                              KARON V. JOHNSON
                              Assistant U.S. Attorney

1


INDEX

| NO. | DESCRIPTION | PAGE |
|---|---|---|
| 1 | Conspiracy | 1 |
| 2 | Fraud in Connection with Identification Documents | 3 |
| 3 | Knowingly | 5 |
| 4 | Aiding and Abetting | 6 |
| 5 | Dates | 7 |
| 6 | Charts and summaries in evidence | 8 |
| 7 | Deliberate ignorance | 9 |

INSTRUCTION NO. <u>1</u>

<u>CONSPIRACY</u>

The defendants are charged respectively in Counts I, II, III, IV, V, and VI of the indictment with conspiring to commit the crime of unlawfully producing identification documents in violation of Section 371 of Title 18 of the United States Code. In order for each defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about February 4, 2004, and ending on or about March, 2005, there was an agreement between two or more persons to commit the crime of unlawful production of identification documents, as charged in the indictment;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership–an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. An agreement need not be express, but rather may be a tacit understanding. An agreement may be inferred from all the circumstances, especially declarations, acts, and conduct of the alleged conspirators. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

- 1 -

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed., §8.16

16 Am.Jur. 2d Conspiracy § 10

United States v. Monroe, 552 F.2d 860 (9th Cir. 1977)

INSTRUCTION NO. <u>　2　</u>

<u>FRAUD IN CONNECTION WITH IDENTIFICATION DOCUMENTS</u>

The defendant EUN YOUNG LEE is charged in Counts VII through XXIII of the indictment with Fraud in Connection with an Identification Document, in violation of Section 1028(a)(1) of Title 18 of the United States Code.  The defendant MARCELINO J. LASERNA is charged in Counts VII through X of the indictment with Fraud in Connection with an Identification Document, in violation of Section 1028(a)(1) of Title 18 of the United States Code. The defendant JOSEPH PANGELINAN is charged in Counts XI through XIII of the indictment with Fraud in Connection with an Identification Document, in violation of Section 1028(a)(1) of Title 18 of the United States Code.  The defendant MARGARET B. UNTALAN is charged in Counts XIV and XIV of the indictment with Fraud in Connection with an Identification Document, in violation of Section 1028(a)(1) of Title 18 of the United States Code. The defendant JOHN DUENAS  is charged in Counts XVI through XVIII of the indictment with Fraud in Connection with an Identification Document, in violation of Section 1028(a)(1) of Title 18 of the United States Code.   The defendant FRANCISCO SN KAWAMOTO  is charged in Counts XIX through XX of the indictment with Fraud in Connection with an Identification Document, in violation of Section 1028(a)(1) of Title 18 of the United States Code.  The defendant MARY C. GARCIA  is charged in Counts Xxi through XIII of the indictment with Fraud in Connection with an Identification Document, in violation of Section 1028(a)(1) of Title 18 of the United States Code.

In order for each defendant to be found guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly produced an identification document which was a driver's license

Second, the defendant knew or had reason to believe beyond a reasonable doubt that the driver's license was produced without lawful authority;

- 3 -

Third, the production, transfer, possession or use of the driver's license was in or affected interstate or foreign commerce.

The term "produce" includes "authenticate." A government employee whose duty is to issue an identification document is, by issuing the document, authenticating it

It is an offense under this section for a government employee knowingly to produce or authenticate a driver's license without lawful authority.

A government agency employee acts without lawful authority if he or she knowingly fails to follow agency requirements or knowingly fails to comply with agency rules or procedures.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed., § 9.3.</u>

H.R. REP. 97-802, 1982 U.S. C.C.A.N. 3519.

INSTRUCTION NO. __3__

## KNOWINGLY

An act is done knowingly if a defendant is aware of the act and does not act through ignorance, mistake or accident. You may consider evidence of a defendant's words, acts or omissions, along with all the other evidence, in deciding whether a defendant acted knowingly.

AUTHORITY: Manual of Model Jury Instructions for the
Ninth Circuit, 2003 Ed., § 5.6

- 5 -

INSTRUCTION NO. 4

AIDING AND ABETTING

A defendant may be found guilty of the crime charged, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First: the crime of fraudulent production of a driver's license was committed by someone:

Second: the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of the crime; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit alien smuggling.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

AUTHORITY:  Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed., § 5.1

INSTRUCTION NO. 5

DATES

The indictment charges that the crime occurred between certain dates. The Government does not have to prove that the crime happened on those exact dates. But the Government must prove that the crime occurred reasonably close to the dates alleged in the indictment.

AUTHORITY: United States v. Laykin, 886 F.2d 1534, 1543 (9th Cir. 1989)

- 7 -

INSTRUCTION NO. 6

<u>CHARTS AND SUMMARIES IN EVIDENCE</u>

Certain charts and summaries have been received into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2003 Ed., § 4.19

INSTRUCTION NO. 7

DELIBERATE IGNORANCE

You may find that the defendant acted knowingly if you find beyond a reasonable doubt that the defendant was aware of a high probability that he or she was unlawfully producing a Guam driver's license and deliberately avoided learning the truth. You may not find such knowledge, however, if you find that the defendant actually believed that his production of the driver's license was lawful, or if you find that the defendant was simply careless.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed., § 5.7

United States v. Heredia, 483 F.3d 913 (9th Cir. 2007)

- 9 -