LUJAN AGUIGUI & PEREZ LLP
Attorneys at Law
DNA Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Defendant Mary C. Garcia*

FILED
DISTRICT COURT OF GUAM

MAY 22 2008 RD

JEANNE G. QUINATA
Clerk of Court

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>MARY C. GARCIA et al.,<br><br>Defendants. | CRIMINAL CASE NO. CR08-00004<br><br>DEFENDANT MARY C. GARCIA'S RESPONSE TO UNITED STATES TRIAL MEMORANDUM FILED MAY 6, 2008; CERTIFICATE OF SERVICE |

COMES NOW, Defendant MARY C. GARCIA, through her undersigned counsel of record, and submits this response to the United States Trial Memorandum filed on May 6, 2008 on the issue of conspiracy.

The Government contends that a pre-existing agreement existed between Lee and the remaining defendants "to accept these applications before she walked in the door February 20, 2004, with her first two clients." Trial Memorandum at 11. Further, the Government contends that "it is sufficient that the agreement occurred at the MVD window, each time Lee handed in an application without the required supporting documents and that application was accepted and processed by the examiner." Id.

Essentially, the Government's conspiracy theory boils down to Lee's presentation of an application for a Guam driver's license and the DMV examiner's processing of such application in the course of his/her employment. Rather than describing the Government's bold assertion

that an agreement "as a practical matter" occurred at the MVD window each time Lee turned in an incomplete application which in turn was processed by any one of the six DMV examiners as twaddle, it is sufficient to say that the Government's strained interpretation of conspiracy corrupts established law and authorities.

In Counts I through VI of the Indictment, the Government charges Conspiracy pursuant to the general conspiracy statute, 18 U.S.C. § 371, which states as follows.

> **§ 371. Conspiracy to commit offense or to defraud United States**
>
> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy,[1] each shall be fined under this title or imprisoned not more than five years, or both.
>
> If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor.

## I. General Principles

It cannot be overstated that the very essence of a conspiracy is "an agreement to accomplish an illegal objective coupled with one or more overt acts in furtherance of the illegal purpose and the requisite intent necessary to commit the underlying substantive offense." U.S. v. Melchor-Lopez, 627 F.2d 886, 890 (9th Cir. 1980) (citations omitted). The Government must prove "the defendant's knowledge and voluntary participation in the agreement, and an overt act in furtherance of it." U.S. v. Ruiz, 105 F.3d 1492, 1499 (1st Cir. 1997) (citations omitted). "To

---

[1] 18 U.S.C. § 371 explicitly mandates proof of an overt act. See *U.S. v. Shabani*, 513 U.S. 10, 14, 115 S.Ct. 382, 385 (1994) (..."the general conspiracy statute, 18 U.S.C. § 371, contains an explicit requirement that a conspirator "do any act to effect the object of the conspiracy.")

Page 2 of 10

establish voluntary participation, the government must prove both the intent to agree and the intent to effectuate the object of the conspiracy." Id.

Further, the Government must prove the requisite mens rea for the substantive offense, here 18 U.S.C. 1028(a)(1). U.S. v. Kim, 65 F.3d 123, 126 (9th Cir. 1995) ("It is well-established in this circuit that the "the requisite intent necessary to commit [the] underlying, substantive offense" is an essential element of any conspiracy." (Citations omitted.)). The requisite state of mind for a violation of 18 U.S.C. § 1028(a)(1) is "knowingly," which applies to the additional elements of "without lawful authority" and "produces an identification document." The object of the alleged conspiracy herein is the production of an identification document knowing that one is without lawful authority to so do. As such, proof must be adduced that one knew he/she was without lawful authority and knew production of an identification document without lawful authority was illegal.

While the agreement need not be explicit, "mere association with members of a conspiracy, the existence of an opportunity to join a conspiracy, or simple knowledge, approval or, or acquiescence in the object or purpose of the conspiracy, without an intention and agreement to accomplish a specific illegal objective, is not sufficient to make one a conspirator." Melchor-Lopez, 627 F.2d at 891 (citations omitted); Direct Sales Co. v. United States, 319 U.S. 703, 711, 63 S.Ct. 1265 (1943) ("[w]ithout the knowledge, the intent cannot exist" and "charges of conspiracy are not to be made out of piling inference upon inference, thus fashioning ... a dragnet to draw in all substantive crimes."). Specifically, a defendant must have knowledge of the existence of the conspiracy, knowledge of the object of the conspiracy and knowledge that object of the conspiracy is illegal.

Inferences of an agreement may be drawn "if there be concert of action, all the parties working together understandingly, with a single design for the accomplishment of a common purpose." U.S. v. Monroe, 552 F.2d 860, 862-863 (9th Cir. 1977). Though circumstantial evidence may be used to infer an agreement, nevertheless knowing agreement to participate in a collective venture must be shown.

## II. Model Instruction 8.16

The Ninth Circuit Model Criminal Jury Instruction 8.16 is enlightening. The instruction, which is the model for this circuit, is replete with the requirement that the Government prove knowledge or intent.

### 1) Agreement to commit at least one crime charged in the Indictment

Echoing well-established principles, the Instruction states "the crime of conspiracy is the agreement to do something unlawful." Further, it is "not enough ... that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another."

Perhaps most telling on the matter of mens rea in relation to the agreement is the requirement that a juror "find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy." In other words, a conspirator must know that he/she is agreeing with another person(s) (i.e., the plan) to commit a crime(s) and must know that the crime(s) is the object of the conspiracy.

### 2) The defendant became a member knowing of at least one of its objects and intending to help accomplish it.

Here again, this time explicit, the requirement of knowledge and intent is evident. To become a member of the conspiracy, the Instruction directs that "one must willfully participate in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy."

"Willful participation" cannot be overlooked. Not only must a conspirator have the mens rea to commit the substantive offense, but also he/she must know that he/she is joining in the agreement and explicitly know that the purpose of the conspiracy is illegal. Kim, 65 F.3d at 126 (In reversing convictions for conspiracy to structure cash transactions, where no proof was adduced of the defendant's knowledge that it was illegal to structure cash transactions, the Court stated "[t]he use of "willfully" in the conspiracy instruction refers to the joining in the

agreement, not the mens rea of the substantive offense. Moreover the reference to knowledge of the unlawful purpose of the conspiracy does not instruct the jury to explicitly find knowledge of the illegality of structuring. While the court's instructions regarding the elements of the conspiracy offense were generally unobjectionable, they ... failed to mention a requirement of proof that the defendants knew that structuring a transaction was illegal.").

In the present case, the allegations under 18 U.S.C. § 1028(a)(1) require proof that the defendants knowingly and without lawful authority produced an identification document. This is the object of the alleged conspiracy. Just as in Kim, the Government must prove that the defendants herein knew they were without lawful authority and knew production of an identification document without lawful authority was illegal.

Consequently, one cannot become a member of a conspiracy unless he/she knows (willfully participates) of at least one of its objects (the unlawful plan), he/she knows that the object of the conspiracy is unlawful and intends to advance or further it. As the Instruction recognizes, one who lacks knowledge of the conspiracy, but acts in a way to further an object of the conspiracy, does not thereby become a conspirator. Further, one does not become a conspirator merely by associating with others who are conspirators, or merely by knowing that a conspiracy exists.

### 3) One of the conspirators performed at least one overt act for the purpose of carrying out the conspiracy.

In performing an overt act in furtherance of the object of the conspiracy, the conspirator(s) necessarily must know the overt act is for the express purpose of carrying out the conspiracy. As mentioned above, one who acts in a way to further a purpose of the conspiracy but who lacks knowledge of the conspiracy is not a conspirator. Similarly, one who performs an overt act but lacks intent or knowledge that such act furthers the purpose of the conspiracy cannot be a conspirator.

Page 5 of 10
USA v. Mary C. Garcia
Criminal Case No. CR08-00004
Response to United States Trial Memorandum; Certificate of Service

Case 1:08-cr-00004    Document 171    Filed 05/22/2008    Page 5 of 10

### III. Pre-existing, Inferred Agreement

In support of its position that an agreement may be a tacit understanding or inferred from the acts of the parties and circumstantial evidence indicating concert of action, the Government cites generally to 16 Am.Jur.2d Conspiracy § 10, Agreement (March, 2008). The Am.Jur. § 10, Agreement, is attached for the Court's convenience, along with § 13, Intent, § 14, Knowledge, and § 15 Overt Act. While American Jurisprudence is a helpful encyclopedia of law, it provides summaries as opposed to substantive treatment of legal authorities. Whether dealing with labels such as "tacit understanding" or "concert of action," the cases turn on proof of a conspirator's conduct from which to infer knowledge and intent and hence an agreement. U.S. v. Iriarte-Ortega, 113F.3d 1022, 1024-1025 (9th Cir. 1997) (Evidence of a long list of coordinated actions established a "concert of action" for importation of drugs supporting inference of agreement.); U.S. v. Hubbard, 96 F.3d 1223, 1226-1227 (1996) (Defendants, who were convicted of conspiracy to commit mail fraud relating to odometer tampering, interacted and cooperated by running the car sales company, negotiating the purchase and sale of cars, picking up and delivering cars, signing legal documents, adjusted the odometers, coordinating the new rolled-back mileage figures to be consistent on car price lists, titles and odometer statements); U.S. v. Baurto, 497 F.2d 781 (9th 1974) (Conspiracy conviction reversed where the evidence merely showed that the defendant had been present at times when members of the conspiracy had been present and that he was acquainted with some of the conspirators.)

The Government's general reliance on U.S. v. Hopper (177 F.3d 824 (9th Cir. 1999) and U.S. v. Caplan, 633 F.2d 534 (9th Cir. 1980) for its theory of an inferred agreement is misplaced. While those cases acknowledge that an agreement may be inferred from the acts of conspirators or from circumstantial evidence indicating a concert of action to achieve an unlawful purpose, the facts establish extensive conduct evincing knowledge of the conspiracy, knowledge of that the purpose of the conspiracy was unlawful and intent to accomplish such unlawful purpose.

In Hopper, the defendants appealed their conviction for, among others, conspiracy to obstruct proceedings before an agency in violation of 18 U.S.C. §§ 371 and 1505. The

Page 6 of 10

defendants argued insufficient proof that they were members of a single conspiracy as opposed to two or more separate conspiracies. In deciding whether a single or multiple conspiracies existed, the court observed that "formal agreement is not necessary; an agreement may be inferred from the Appellants' acts pursuant to the scheme, or other circumstantial evidence." Id., 177 F.3d at 829. Examining the circumstances, the court found sufficient proof of a single conspiracy, noting the extensive acts of the conspirators: defendants' scheme involved a sham religious organization created to evade taxes, the defendants were members of or affiliated with the organization, all defendants engaged in one or more overt acts (for example, the defendants transferred their property in a trust with the organization as trustee, the defendants refused to pay taxes, some defendants engaged in violence and threats of violence against a county worker), and the purpose of the defendants' acts was to prevent the collection of taxes from those sheltered by the sham organization. Id., 177 F.3d at 829-830.

In Caplan, the defendant was convicted of conspiracy to possess marijuana with the intent to distribute and conspiracy to import marijuana under 21 U.S.C. §§ 841(a)(1)[2], 846, 952, 960 and 963 and appealed, contending the government failed to prove any agreement or understanding with his co-conspirator. Observing that "an agreement may be inferred from the acts of the parties and other circumstantial evidence indicating concert of action for accomplishment of a common purpose," the Court then examined the abundance of circumstantial evidence and found sufficient evidence to infer an agreement. Id., 633 F.2d at 542-543. The circumstantial evidence supporting a concert of action for accomplishment of a common unlawful action, and hence an inferred agreement, included the co-conspirator fronting marijuana to the defendant, the defendant paying her after reselling it, the defendant exhorting

---

[2] Unlike 18 U.S.C. § 371, there is no requirement of an overt act for a conspiracy under 21 U.S.C. § 841. Shabani, 513 U.S. at 14, 115 S.Ct. at 385.

his co-conspirator to push her Mexican suppliers harder for more marijuana, and the defendant negotiating price, quality and quantity of marijuana with the suppliers. Id., 633 F.2d at 542-543.

Taking such extensive acts together, the court found sufficient evidence from which to infer an agreement.

## IV. Conclusion

As the above authorities make clear, proof of knowledge of the conspiracy, knowledge of its purpose, knowledge that its purpose is unlawful and the intent to perform an act that furthers it is required whether proceeding on a theory of a known agreement or an inferred agreement. As a practical matter, proof of less as the Government proposes corrupts well-established principles and authorities.

Dated this 22nd day of May, 2008.

**LUJAN AGUIGUI & PEREZ LLP**

By: _____
**DAVID J. LUJAN, ESQ.**
*Attorneys for Defendant Mary C. Garcia*

G-0051/929-00/LVL:eol

Page 8 of 10
USA v. Mary C. Garcia
Criminal Case No. CR08-00004
Response to United States Trial Memorandum; Certificate of Service

Case 1:08-cr-00004 Document 171 Filed 05/22/2008 Page 8 of 10

# CERTIFICATE OF SERVICE

I, David J. Lujan, certify that I caused a copy of **DEFENDANT MARY C. GARCIA'S RESPONSE TO UNITED STATES TRIAL MEMORANDUM FILED MAY 6, 2008** to be served on the following individuals or entities on May 21, 2008, via hand delivery at the following address:

Office of the United States Attorney
Karon V. Johnson, Esq.
Assistant US Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
*Attorneys for the United States of America*

John T. Gorman, Esq.
Federal Public Defender
First Hawaiian Bank
Maite, Guam 96910
*Attorneys for co-Defendant Eun Young Lee*

Mark S. Smith, Esq.
Law Offices of Mark S. Smith
456 West O'Brien Drive, Suite 102-D
Hagåtña, Guam 96910
*Attorneys for co-Defendant Marcelino J. Laserna*

Cynthia V. Ecube, Esq.
Law Offices of Cynthia V. Ecube
207 Martyr Street, Suite 3
Travel Pacificana Building
Hagåtña, Guam 96910
*Attorneys for co-Defendant John W.C. Duenas*

Louie J. Yanza, Esq.
MAHER YANZA FLYNN & TIMBLIN LLP
115 Hesler Place, Ground Floor
Governor Flores Building
Hagåtña, Guam 96910
*Attorneys for co-Defendant Joseph Pangelinan*

Stephanie G. Flores, Esq.
Quan & Lopez LLP
Suite 202 Quan Building
324 West Soledad Avenue
Hagåtña, Guam 96910
*Attorneys for co-Defendant Francisco S.N. Kawamoto*

Rawlen M.T. Mantanona, Esq.
CABOT MANTANONA LLP
Edge Building, Second Floor
929 South Marine Corps. Drive
Tamuning, Guam 96913
*Attorneys for co-Defendant Margaret B. Untalan*

Dated this 22nd day of May, 2008.

LUJAN AGUIGUI & PEREZ LLP

By: _____
DAVID J. LUJAN, ESQ.
*Attorneys for Defendant Mary C. Garcia*