**LUJAN AGUIGUI & PEREZ** LLP
Attorneys at Law
DNA Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Defendant Mary C. Garcia*

**FILED**
**DISTRICT COURT OF GUAM**

MAY 2 7 2008

**JEANNE G. QUINATA**
**Clerk of Court**

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>MARY C. GARCIA et al.,<br><br>Defendants. | CRIMINAL CASE NO. CR08-00004<br><br>**DEFENDANT MARY C. GARCIA'S PROPOSED JURY INSTRUCTIONS; CERTIFICATE OF SERVICE** |

COMES NOW, Defendant MARY C. GARCIA, through her counsels of record, and submits the following proposed jury instructions and requests that this Honorable Court to instruct the jury with the Court's usual instructions and the proposed instructions herein and reserves the right to supplement with additional proposed jury instructions.

Dated this 24th day of May, 2008.

LUJAN AGUIGUI & PEREZ LLP

By:

**LEILANI V. LUJAN, ESQ.**
*Attorneys for Defendant Mary C. Garcia*

G-0051/929-00/LVL:eol

---

1

## CERTIFICATE OF SERVICE

2     I, Leilani V. Lujan, certify that I caused a copy of **DEFENDANT MARY C.**

3  **GARCIA'S PROPOSED JURY INSTRUCTIONS** to be served on the following individuals

4  or entities on May 27 , 2008, via hand delivery at the following address:

5

6
Office of the United States Attorney
Karon V. Johnson, Esq.

7
Assistant US Attorney
Suite 500, Sirena Plaza

8
108 Hernan Cortez Avenue
Hagåtña, Guam 96910

9
*Attorneys for the United States of America*

10

11
John T. Gorman, Esq.
Federal Public Defender

12
First Hawaiian Bank
Maite, Guam 96910

13
*Attorneys for co-Defendant Eun Young Lee*

14

15
Mark S. Smith, Esq.
Law Offices of Mark S. Smith

16
456 West O'Brien Drive, Suite 102-D
Hagåtña, Guam 96910

17
*Attorneys for co-Defendant Marcelino J. Laserna*

18

19
Cynthia V. Ecube, Esq.
Law Offices of Cynthia V. Ecube

20
207 Martyr Street, Suite 3
Travel Pacificana Building

21
Hagåtña, Guam 96910
*Attorneys for co-Defendant John W.C. Duenas*

22

23

24
Louie J. Yanza, Esq.
MAHER YANZA FLYNN & TIMBLIN LLP

25
115 Hesler Place, Ground Floor
Governor Flores Building

26
Hagåtña, Guam 96910
*Attorneys for co-Defendant Joseph Pangelinan*

27

28

Stephanie G. Flores, Esq.
Quan & Lopez LLP
Suite 202 Quan Building
324 West Soledad Avenue
Hagåtña, Guam 96910
*Attorneys for co-Defendant Francisco S.N. Kawamoto*

Rawlen M.T. Mantanona, Esq.
CABOT MANTANONA LLP
Edge Building, Second Floor
929 South Marine Corps. Drive
Tamuning, Guam 96913
*Attorneys for co-Defendant Margaret B. Untalan*

Dated this _____ day of May, 2008.

**LUJAN AGUIGUI & PEREZ LLP**

By:_____
**LEILANI V. LUJAN, ESQ.**
*Attorneys for Defendant Mary C. Garcia*

Page 3 of 3

## INSTRUCTION NO. 1

## INDICTMENT NOT EVIDENCE

This is a criminal case in which the United States government charges that the defendant is guilty of a crime in a document called an indictment. An indictment is only the government's claim that a crime was committed by the defendant; it is not evidence that a crime was committed or that the defendant committed it.

Authority: 1 J. Potuto, et al., Federal Criminal Jury
Instructions, 2nd Ed. (1993)

## INSTRUCTION NO. 2

### NATURE OF CASE; PRESUMPTION OF INNOCENCE

This is a criminal case in which the United States Government charges the defendant with aiding and abetting another to make a false statement in violation of United States Code, Sections 2 and 1001.

The defendant has pleased not guilty. You are required to presume that he is innocent. The defendant does not have to offer evidence, but if he does you must consider it along with the evidence that the government offers.

The presumption of innocence means that you must find the defendant guilty unless and until you decide that the government has proved him guilty beyond a reasonable doubt.

Authority: 1 J. Potuto, et al., Federal Criminal Jury
Instructions, 2nd Ed. (1993)

## INSTRUCTION NO. 3

## EVIDENCE FOR LIMITED PURPOSE

Some evidence is admitted for a limited purpose only. When I instruct you that an

item of evidence has been admitted for a limited purpose you must consider it only for that

limited purpose and for no other.

Authority: Manual of Model Criminal Jury Instructions
(9th Cir.) 1992 Ed. §1.04

## INSTRUCTION NO. 4

## OUTLINE OF TRIAL

The trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present its evidence and counsel for the defendant may cross examine. Following the government's case and in the event the defendant has not previously made his opening statement defendant may then make his opening statement and the defendant may present evidence and the government's counsel may cross-examine. After all the evident has been presented, the attorney will make their closing arguments to summarize and interpret for you, and I will instruct you on the law. After that you will go to the jury room to deliberate on your verdict.

Authority: Manual of Model Criminal Jury Instructions
(9th Cir.) 1992 Ed. §1.11

# *INSTRUCTION IN THE COURSE OF TRIAL*

## INSTRUCTION NO. 5

### OBJECTIONS AND RULINGS

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not show prejudice against an attorney or his client because the attorney has made objections.

Upon allowing testimony or other evidence to be introduced over the objection of an attorney, the Court does not, unless expressly stated, indicate any opinion as to weight or effect of such evidence. As stated before, the jurors are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

When the Court has sustained an objection to a question addresses to a witness the jury must disregard the questions entirely, and may draw no inference from the wording of it, or speculate as to what the witness would have said if he had been permitted to answer any question.

Authority: Devitt & Blackman, Federal Jury Practice
and Instruction, 3d Ed., §10.13.

## INSTRUCTION NO. 6

### BENCH CONFERENCES AND RECESSES

From time to time during the trial it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Authority:     Manual of Model Criminal Jury Instructions
               (9th Cir.) 1992 Ed. § 2.02

## INSTRUCTION NO. 7

## STIPULATIONS OF FACT

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

Authority:     Manual of Model Jury Instructions for
                 the Ninth Circuit, Ed. § 2.04

# *INSTRUCTIONS AT THE END OF CASE*

## INSTRUCTION NO. 8

### DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes and dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions or into anything the court may have said or done any suggestions as to what verdict you should return---that is a matter entirely up to you.

Authority: Manual of Model Criminal Jury Instructions
(9th Cir.) 1992 Ed. § 3.01

## INSTRUCTION NO. 9

## CHARGE AGAINST DEFENDANT NOT
## EVIDENCE, PRESUMPTION OF INNOCENCE, BURDEN OF PROOF

The defendant is presumed innocent and did not have to testify or present any evidence to prove he was innocent. The government has the burden of proving every element of the charge beyond a reasonable doubt. If it failed to do so, you must return a not guilty verdict.

Authority: Manual of Model Criminal Jury Instructions
(9th Cir.) 1992 Ed. § 3.02

## INSTRUCTION NO. 10

## REASONABLE DOUBT - DEFINED

A reasonable doubt is a doubt based upon reason and common sense, and may arise from a careful and impartial consideration of all the evidence, or from lack of evidence. Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.

If after careful and impartial consideration with your fellow jurors of al the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration with your fellow jurors of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Authority: Manual of Model Criminal Jury Instructions for
the Ninth Circuit, 1992 Ed. § 3.04

## INSTRUCTION NO. 11

## WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits which have been received into evidence; and (3) any facts to which all the lawyers have agreed or stipulated.

Authority: Manual of Model Criminal Jury Instructions
(9th Cir.) 1992 Ed. § 3.04

## INSTRUCTION NO. 12

## EVIDENCE OF OTHER ACTS OF DEFENDANT
## OR ACTS AND STATEMENT OF OTHERS

You are here only to determine whether the defendant is guilty or not guilty of the charge in the indictment. Your determination must be made only from the evidence in the case. The defendant is not on trial for any conduct or offense not charged in the indictment. You should consider evidence about the acts of the defendant, only as they relate to this charge against this defendant.

Authority: Manual of Model Criminal Jury Instructions
(9th Cir.) 1992 Ed. § 3.08

## INSTRUCTION NO. 13

## ACTIVITIES NOT CHARGED

The defendant is on trial only for the crime charged in the indictment, not for any other activities.

Authority: Manual of Model Criminal Jury Instructions
(9th Cir.) 1992 Ed. § 3.12

## INSTRUCTION NO. 14

## KNOWINGLY - DEFINED

An act is done knowingly if the defendant is aware of the act and does not act [or fail to act] through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Authority: Devitt & Blackman, Federal Jury Practice
and Instructions, 3d Ed., §15.

## INSTRUCTION NO. 15

## DUTY TO DELIBERATE

When you retire, you should elect one member of the jury as your foreperson.
That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you
can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after
you have considered all the evidence, discussed it fully with other jurors, and listened to
the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you
should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict, but, of course, only
if each of you can do so after having made you own conscientious decision. Do not
change an honest belief about the weight and effect of the evidence simply to reach a
verdict.

Authority: Manual of Model Jury Instructions for the
Ninth Circuit, 1992 Ed., §7.01

# INSTRUCTION NO. 16

## CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be---that is entirely for you to decide.

The arguments and statements of the attorneys are not evidence. If you remember the facts differently from the way the attorneys have stated them, you should base your decision on what you remember.

Some of you have taken notes during the trial. Such notes are only for the personal use of the person who took them.

Authority: Manual of Model Jury Instructions for the
Ninth Circuit, 1992 Ed., §7.02

## INSTRUCTION NO. 17

### JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide. You

may not consider punishment in deciding whether the government has proved its case

against the defendant beyond a reasonable doubt.

Authority: Manual of Model Jury Instructions for the
Ninth Circuit, 1992 Ed., §7.03

## INSTRUCTION NO. 18

## RETURN OF VERDICT

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal [or bailiff] outside your door that you are ready to return to the courtroom.

Authority: Uniform Model Jury Instructions for the
Ninth Circuit, 1992 Ed., §7.04

## INSTRUCTION NO. 19

## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal [or bailiff], signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, on the question of the guilt or innocence of the defendant, until after you have reached a unanimous verdict or have been discharged.

Authority: Manual of Model Jury Instructions for the
Ninth Circuit, 1992 Ed., §7.05.