1
**LUJAN AGUIGUI & PEREZ LLP**
Attorneys at Law
2
DNA Building, Suite 300
238 Archbishop Flores Street
3
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
4
Facsimile (671) 477-5297
5
*Attorneys for Defendant Mary C. Garcia*

**FILED**
DISTRICT COURT OF GUAM

MAY 30 2008 R.D.

**JEANNE G. QUINATA**
**Clerk of Court**

6

7                    IN THE UNITED STATES DISTRICT COURT

8                           DISTRICT OF GUAM

9

10    UNITED STATES OF AMERICA,              CRIMINAL CASE NO. CR08-00004

11
                      vs.
12
                                            **SUPPLEMENT TO DEFENDANT MARY C.**
13    MARY C. GARCIA et al.,                 **GARCIA'S RESPONSE TO UNITED**
                                             **STATES TRIAL MEMORANDUM FILED**
14                                           **MAY 6, 2008; CERTIFICATE OF SERVICE**
                      Defendants.
15

16

17          COMES NOW, Defendant MARY C. GARCIA, through her counsels of record, and

18   supplements her response filed May 22, 2008 with American Jurisprudence reference materials

19   that were inadvertently not attached to the response.

20          Dated this 29th day of May, 2008.

21
                                       **LUJAN AGUIGUI & PEREZ LLP**
22
                                       By
23
                                          **LEILANI V. LUJAN, ESQ.**
24                                        *Attorneys for Defendant Mary C. Garcia*

25   G-0051/929-00/LVL:eol

26

27

28
                                    Page 1 of 3

ORIGINAL

# CERTIFICATE OF SERVICE

I, Leilani V. Lujan, certify that I caused a copy of **SUPPLEMENT TODEFENDANT MARY C. GARCIA'S RESPONSE TO UNITED STATES TRIAL MEMORANDUM FILED MAY 6, 2008** to be served on the following individuals or entities on May 29, 2008, via hand delivery at the following address:

Office of the United States Attorney
Karon V. Johnson, Esq.
Assistant US Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
*Attorneys for the United States of America*

John T. Gorman, Esq.
Federal Public Defender
First Hawaiian Bank
Maite, Guam 96910
*Attorneys for co-Defendant Eun Young Lee*

Mark S. Smith, Esq.
Law Offices of Mark S. Smith
456 West O'Brien Drive, Suite 102-D
Hagåtña, Guam 96910
*Attorneys for co-Defendant Marcelino J. Laserna*

Cynthia V. Ecube, Esq.
Law Offices of Cynthia V. Ecube
207 Martyr Street, Suite 3
Travel Pacificana Building
Hagåtña, Guam 96910
*Attorneys for co-Defendant John W.C. Duenas*

Louie J. Yanza, Esq.
MAHER YANZA FLYNN & TIMBLIN LLP
115 Hesler Place, Ground Floor
Governor Flores Building
Hagåtña, Guam 96910

*Attorneys for co-Defendant Joseph Pangelinan*

Stephanie G. Flores, Esq.
Quan & Lopez LLP
Suite 202 Quan Building
324 West Soledad Avenue
Hagåtña, Guam 96910
*Attorneys for co-Defendant Francisco S.N. Kawamoto*

Rawlen M.T. Mantanona, Esq.
CABOT MANTANONA LLP
Edge Building, Second Floor
929 South Marine Corps. Drive
Tamuning, Guam 96913
*Attorneys for co-Defendant Margaret B. Untalan*

Dated this 29th day of May, 2008.

LUJAN AGUIGUI & PEREZ LLP

By:_____
**LEILANI V. LUJAN, ESQ.**
*Attorneys for Defendant Mary C. Garcia*



American Jurisprudence, Second Edition
Database updated March 2008

Conspiracy
Joseph J. Bassano, J.D.

I. Criminal Liability [§§ 1-49]
B. Elements of Offense [§§ 10-15]

Topic Summary   Correlation Table   References

**§ 10. Agreement**

It is well established that the unlawful agreement is the essential element which is the gist or essence of the crime of conspiracy,[FN59] even in those jurisdictions where an overt act is required to render a conspiracy subject to criminal prosecution.[FN60] The precise nature and extent of a conspiracy must be determined by reference to the agreement which embraces and defines its objects.[FN61]

Except where a statute requires the additional element of an overt act to complete the crime of conspiracy,[FN62] the crime of conspiracy is complete when the conspiratorial agreement is entered into.[FN63] If there is an agreement between two or more persons for an unlawful purpose, it is a criminal conspiracy even where there is no agreement as to the details of the criminal scheme[FN64] or the means by which the unlawful purpose is to be accomplished.[FN65]

Since it is the unlawful agreement and not its accomplishment which is the gist of the crime of conspiracy, actual commission of the underlying crime does not constitute an essential element of criminal conspiracy[FN66] and the guilt or innocence of the conspirators does not depend upon the success or failure of the conspiratorial enterprise.[FN67] Thus, the criminal culpability of the conspirators is in no way lessened by the fact that consummation of the agreement is rendered factually impossible[FN68] either by subsequent events[FN69] or by factors unknown to the conspirators.[FN70]

An agreement that, because of its purpose or the means contemplated, amounts to a conspiracy need not be formal[FN71] or express,[FN72] but may be a tacit understanding;[FN73] the agreement may be inherent in and inferred from the circumstances,[FN74] especially declarations, acts, and conduct of the alleged conspirators.[FN75]

The agreement need not be entered into by all the parties to it at the same time, but may be reached by successive actions evidencing their joining of the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

conspiracy.[FN76]

**CUMULATIVE SUPPLEMENT**

**Cases:**

Agreement to commit an unlawful act, which constitutes the essence of a conspiracy, is a distinct evil that may exist and be punished whether or not the substantive crime ensues. U.S. v. Jimenez Recio, 537 U.S. 270, 123 S. Ct. 819, 154 L. Ed. 2d 744 (2003).

Essence of a conspiracy is an agreement to commit an unlawful act. U.S. v. Jimenez Recio, 537 U.S. 270, 123 S. Ct. 819, 154 L. Ed. 2d 744 (2003).

Elements of a conspiracy under the federal conspiracy statute are: (1) an agreement between two or more persons to commit a specified federal offense, (2) the defendant's knowing and willful joinder in that common agreement, and (3) some conspirator's commission of an overt act in furtherance of the agreement.U.S. v. Snype, 441 F.3d 119, 69 Fed. R. Evid. Serv. 817 (2d Cir. 2006), cert. denied, 127 S. Ct. 285, 166 L. Ed. 2d 218 (U.S. 2006).

To establish criminal conspiracy, the State must prove the existence of an agreement between two or more persons to do an unlawful act or to do a lawful act in an unlawful way or by unlawful means. State v. Reaves, 132 N.C. App. 615, 513 S.E.2d 562 (1999).

To establish criminal conspiracy, it is not necessary that the parties should have come together and agreed in express terms to unite for a common object; rather, a mutual, implied understanding is sufficient, so far as the combination or conspiracy is concerned, to constitute the offense. State v. Reaves, 132 N.C. App. 615, 513 S.E.2d 562 (1999).

**[END OF SUPPLEMENT]**

[FN59] U.S. v. Broce, 488 U.S. 563, 109 S. Ct. 757, 102 L. Ed. 2d 927 (1989); U.S. v. Ciocca, 106 F.3d 1079 (1st Cir. 1997); U.S. v. Desimone, 119 F.3d 217 (2d Cir. 1997); U.S. v. Powell, 113 F.3d 464 (3d Cir. 1997), cert. denied, 118 S. Ct. 454 (U.S. 1997); U.S. v. Fleschner, 98 F.3d 155, 96-2 U.S. Tax Cas. (CCH) ¶50536, 78 A.F.T.R.2d (P-H) ¶96-6760 (4th Cir. 1996), cert. denied, 117 S. Ct. 2484, 138 L. Ed. 2d 992 (U.S. 1997); U.S. v. Dupre, 117 F.3d 810 (5th Cir. 1997); U.S. v. Warshawsky, 20 F.3d 204, 1994 FED App. 97P (6th Cir. 1994), reh'g and suggestion for reh'g en banc denied, (June 23, 1994); U.S. v. Trigg, 119 F.3d 493 (7th Cir. 1997); U.S. v. Cabrera, 116 F.3d 1243 (8th Cir. 1997); U.S. v. Hubbard, 96 F.3d 1223 (9th Cir. 1996); U.S. v. Pretty, 98 F.3d 1213 (10th Cir. 1996), cert. denied, 117 S. Ct. 2436, 138 L. Ed. 2d 197 (U.S. 1997) and cert. denied, 117 S. Ct. 2436, 138 L. Ed. 2d 197 (U.S. 1997); U.S. v. High, 117 F.3d 464 (11th Cir. 1997), reh'g and suggestion for reh'g en banc denied, 128 F.3d 734 (11th Cir. 1997); U.S. v. Graham, 83 F.3d 1466, 44 Fed. R. Evid. Serv. (LCP) 778 (D.C.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Cir. 1996), reh'g and suggestion for reh'g in banc denied, (Aug. 6, 1996)
and cert. denied, 117 S. Ct. 993, 136 L. Ed. 2d 874 (U.S. 1997); State v.
Willoughby, 181 Ariz. 530, 892 P.2d 1319 (1995), cert. denied, 116 S. Ct.
725, 133 L. Ed. 2d 677 (U.S. 1996); People v. Morante, 56 Cal. App. 4th 163,
65 Cal. Rptr. 2d 287 (2d Dist. 1997), review granted and opinion superseded
on other grounds, 68 Cal. Rptr. 2d 295, 945 P.2d 286 (Cal. 1997); People v.
Rodriguez, 914 P.2d 230 (Colo. 1996), as modified on other grounds on denial
of reh'g, (Apr. 15, 1996); State v. Bova, 240 Conn. 210, 690 A.2d 1370
(1997); Akins v. U.S., 679 A.2d 1017 (D.C. 1996); Plante v. Department of
Business and Professional Regulation, Div. of Pari-Mutuel Wagering, 685 So.
2d 886 (Fla. Dist. Ct. App. 4th Dist. 1996), reh'g denied, (Jan. 16, 1997)
and review denied, 695 So. 2d 701 (Fla. 1997); Williams v. State, 267 Ga.
308, 477 S.E.2d 570 (1996); Vance v. State, 640 N.E.2d 51 (Ind. 1994); State
v. Tebo, 256 Iowa 449, 127 N.W.2d 646 (1964); State v. Olson, 249 Iowa 536,
86 N.W.2d 214 (1957); State v. Webber, 260 Kan. 263, 918 P.2d 609 (1996),
cert. denied, 117 S. Ct. 764, 136 L. Ed. 2d 711 (U.S. 1997); State v.
Taylor, 688 So. 2d 1262 (La. Ct. App. 3d Cir. 1997); In re Daniel S., 103
Md. App. 282, 653 A.2d 512 (1995); Com. v. DeCillis, 41 Mass. App. Ct. 312,
669 N.E.2d 1087 (1996); People v. Wilson, 454 Mich. 421, 563 N.W.2d 44
(1997); Franklin v. State, 676 So. 2d 287 (Miss. 1996); State v. Hansen, 252
Neb. 489, 562 N.W.2d 840 (1997); State v. Mariano R., 123 N.M. 121, 1997
NMCA 18, 934 P.2d 315 (Ct. App. 1997); People v. Givens, 181 A.D.2d 1031,
582 N.Y.S.2d 577 (4th Dep't 1992), appeal denied, 79 N.Y.2d 1049, 584
N.Y.S.2d 1017, 596 N.E.2d 415 (1992); State v. Dalton, 122 N.C. App. 666,
471 S.E.2d 657 (1996); Com. v. McKeever, 455 Pa. Super. 604, 689 A.2d 272
(1997); State v. LaRoche, 683 A.2d 989 (R.I. 1996); State v. Mouzon, 485
S.E.2d 918 (S.C. 1997); State v. Shropshire, 874 S.W.2d 634 (Tenn. Crim.
App. 1993), reh'g denied, (Sept. 23, 1993) and appeal denied, (Feb. 28,
1994) and denial of post-conviction relief aff'd by, 1996 WL 189931 (Tenn.
Crim. App. 1996) and denial of post-conviction relief aff'd by, 1997 WL
122238 (Tenn. Crim. App. 1997), appeal denied, (Nov. 3, 1997); Crum v.
State, 946 S.W.2d 349 (Tex. App. Houston 14th Dist. 1997), reh'g overruled,
(Apr. 24, 1997) and petition for discretionary review refused, (Nov. 19,
1997); Mondello v. State, 843 P.2d 1152 (Wyo. 1992).

Agreement among two or more persons is the essential element of the crime of
conspiracy, and mere association is insufficient. Sanders v. State, 110 Nev.
434, 874 P.2d 1239 (1994); State v. Abrams, 256 N.J. Super. 390, 607 A.2d
179 (App. Div. 1992), certification denied, 130 N.J. 395, 614 A.2d 617 (1992).

A conviction for conspiracy under the general federal conspiracy statute
cannot be sustained unless there is proof of an agreement to commit an of-
fense against United States. U.S. v. Stoner, 98 F.3d 527 (10th Cir. 1996);
U.S. v. Pinckney, 85 F.3d 4 (2d Cir. 1996), related reference, 1996 WL

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

342009 (E.D.N.Y. 1996); U.S. v. Collins, 78 F.3d 1021, 44 Fed. R. Evid. Serv. (LCP) 144, 77 A.F.T.R.2d (P-H) ¶96-1274 (6th Cir. 1996), reh'g and suggestion for reh'g en banc denied, (May 24, 1996) and cert. denied, 117 S. Ct. 189, 136 L. Ed. 2d 127 (U.S. 1996).

[FN60] U.S. v. Wallace, 85 F.3d 1063 (2d Cir. 1996); Williams v. State, 665 So. 2d 955 (Ala. Crim. App. 1994), affd, 668 So. 2d 950 (Ala. Crim. App. 1995); Jones v. State, 45 Ark. App. 28, 871 S.W.2d 403 (1994); People v. Fenenbock, 46 Cal. App. 4th 1688, 47 Cal. App. 4th 1167c, 54 Cal. Rptr. 2d 608 (1st Dist. 1996), as modified on other grounds on denial of reh'g, (July 31, 1996) and review denied, (Oct. 2, 1996); People v. Hood, 878 P.2d 89 (Colo. Ct. App. 1994), cert. denied, (Aug. 8, 1994); State v. Elijah, 42 Conn. App. 687, 682 A.2d 506 (1996), certification denied, 239 Conn. 936, 684 A.2d 709 (1996); People v. Adams, 238 Ill. App. 3d 733, 179 Ill. Dec. 747, 606 N.E.2d 579 (1st Dist. 1992), appeal denied, 149 Ill. 2d 652, 183 Ill. Dec. 864, 612 N.E.2d 516 (1993); Smith v. State, 655 N.E.2d 532 (Ind. Ct. App. 1995), reh'g denied, (Oct. 11, 1995) and transfer denied, (Dec. 14, 1995); State v. Knight, 239 Neb. 958, 479 N.W.2d 792 (1992), habeas corpus denied, 828 F. Supp. 680 (D. Neb. 1993), judgment aff'd, 27 F.3d 572 (8th Cir. 1994); State v. Carbone, 10 N.J. 329, 91 A.2d 571 (1952); Mayes v. State, 887 P.2d 1288 (Okla. Crim. App. 1994) and cert. denied, 513 U.S. 1194, 115 S. Ct. 1260, 131 L. Ed. 2d 140 (1995) and denial of post-conviction relief aff'd by, 921 P.2d 367 (Okla. Crim. App. 1996); Com. v. Tolbert, 448 Pa. Super. 189, 670 A.2d 1172 (1995), reargument denied, (Feb. 29, 1996) and appeal denied, 693 A.2d 588 (Pa. 1997) and cert. denied, 118 S. Ct. 230 (U.S. 1997); Shears v. State, 895 S.W.2d 456 (Tex. App. Tyler 1995); State v. Broughton, 196 W. Va. 281, 470 S.E.2d 413 (1996).

The essence of the statutory crime of conspiracy is the joining together of the conspirators with an unlawful intent, and it is this agreed unlawful purpose which makes a conspiracy punishable once any overt act is committed in furtherance of it. State v. Moretti, 52 N.J. 182, 244 A.2d 499, 37 A.L.R.3d 364 (1968), cert. denied, 393 U.S. 952, 89 S. Ct. 376, 21 L. Ed. 2d 363 (1968).

[FN61] U.S. v. Broce, 488 U.S. 563, 109 S. Ct. 757, 102 L. Ed. 2d 927 (1989); U.S. v. Morrow, 39 F.3d 1228, 41 Fed. R. Evid. Serv. (LCP) 648 (1st Cir. 1994), cert. denied, 514 U.S. 1010, 115 S. Ct. 1328, 131 L. Ed. 2d 208 (1995) and cert. denied, 514 U.S. 1045, 115 S. Ct. 1421, 131 L. Ed. 2d 304 (1995); U.S. v. Mittelstaedt, 31 F.3d 1208, 74 A.F.T.R.2d (P-H) ¶94-5865 (2d Cir. 1994), cert. denied, 513 U.S. 1084, 115 S. Ct. 738, 130 L. Ed. 2d 640 (1995); U.S. v. Smith, 82 F.3d 1261 (3d Cir. 1996).

[FN62] As to an overt act as an element of conspiracy, see § 15.

[FN63] U.S. v. Morin, 80 F.3d 124 (4th Cir. 1996), vacated on other grounds,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

124 F.3d 649 (4th Cir. 1997); State v. Denman, 186 Ariz. 390, 923 P.2d 856
(Ct. App. Div. 1 1996), review denied, (Sept. 17, 1996); People v. Swain, 12
Cal. 4th 593, 49 Cal. Rptr. 2d 390, 909 P.2d 994 (1996); People v. Cooper,
239 Ill. App. 3d 336, 179 Ill. Dec. 873, 606 N.E.2d 705 (5th Dist. 1992);
Williams v. State, 329 Md. 1, 616 A.2d 1275 (1992); People v. Justice, 454
Mich. 334, 562 N.W.2d 652 (1997); State v. Thomas, 645 So. 2d 931 (Miss.
1994); State v. Villalobos, 120 N.M. 694, 905 P.2d 732 (Ct. App. 1995),
cert. granted, 120 N.M. 533, 903 P.2d 844 (1995) and cert. quashed as im-
providently granted, 121 N.M. 676, 916 P.2d 1343 (1996); State v. Gibbs, 335
N.C. 1, 436 S.E.2d 321 (1993), cert. denied, 512 U.S. 1246, 114 S. Ct. 2767,
129 L. Ed. 2d 881 (1994); Hackney v. State, 874 P.2d 810 (Okla. Crim. App.
1994); State v. Wrisley, 138 Or. App. 344, 909 P.2d 877 (1995), review al-
lowed, 323 Or. 690, 920 P.2d 549 (1996); State v. LaRoche, 683 A.2d 989
(R.I. 1996); Stevens v. Com., 14 Va. App. 238, 415 S.E.2d 881 (1992).

As soon as the union of wills for the unlawful purpose is perfected, the of-
fense of conspiracy is completed. State v. Brewer, 258 N.C. 533, 129 S.E.2d
262, 1 A.L.R.3d 1323 (1963), appeal dismissed, 375 U.S. 9, 84 S. Ct. 72, 11
L. Ed. 2d 40 (1963).

[FN64] U.S. v. Amiel, 95 F.3d 135 (2d Cir. 1996); U.S. v. Burgos, 94 F.3d
849 (4th Cir. 1996), cert. denied, 117 S. Ct. 1087, 137 L. Ed. 2d 221 (U.S.
1997); U.S. v. Gatling, 96 F.3d 1511, 45 Fed. R. Evid. Serv. (LCP) 1041
(D.C. Cir. 1996).

[FN65] Frohwerk v. U.S., 249 U.S. 204, 39 S. Ct. 249, 63 L. Ed. 561 (1919);
Williamson v. U.S., 207 U.S. 425, 28 S. Ct. 163, 52 L. Ed. 278 (1908).

[FN66] U.S. v. Pinckney, 85 F.3d 4 (2d Cir. 1996), related reference, 1996
WL 342009 (E.D.N.Y. 1996); U.S. v. Manges, 110 F.3d 1162 (5th Cir. 1997),
reh'g and suggestion for reh'g en banc denied, 116 F.3d 1479 (5th Cir. 1997)
and petition for cert. filed, 66 U.S.L.W. 3170 (U.S. Aug. 19, 1997); U.S. v.
Davis, 960 F.2d 820 (9th Cir. 1992), cert. denied, 506 U.S. 873, 113 S. Ct.
210, 121 L. Ed. 2d 150 (1992); U.S. v. Cruz, 58 F.3d 550 (10th Cir. 1995);
U.S. v. Shenberg, 89 F.3d 1461, 45 Fed. R. Evid. Serv. (LCP) 58 (11th Cir.
1996), cert. denied, 1996 WL 745239 (U.S. 1996) and cert. denied, 117 S. Ct.
961, 136 L. Ed. 2d 847 (U.S. 1997); Williams v. State, 665 So. 2d 955 (Ala.
Crim. App. 1994), affd, 668 So. 2d 950 (Ala. Crim. App. 1995); State v.
Saez, 173 Ariz. 624, 845 P.2d 1119 (Ct. App. Div. 1 1992), review denied,
(Mar. 2, 1993); People v. Morante, 56 Cal. App. 4th 163, 65 Cal. Rptr. 2d
287 (2d Dist. 1997), review granted and opinion superseded on other grounds,
68 Cal. Rptr. 2d 295, 945 P.2d 286 (Cal. 1997); Plante v. Department of
Business and Professional Regulation, Div. of Pari-Mutuel Wagering, 685 So.
2d 886 (Fla. Dist. Ct. App. 4th Dist. 1996), reh'g denied, (Jan. 16, 1997)
and review denied, 695 So. 2d 701 (Fla. 1997); Smith v. State, 655 N.E.2d
532 (Ind. Ct. App. 1995), reh'g denied, (Oct. 11, 1995) and transfer denied,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(Dec. 14, 1995); State v. Null, 247 Neb. 192, 526 N.W.2d 220 (1995); Com. v.
Tolbert, 448 Pa. Super. 189, 670 A.2d 1172 (1995), reargument denied, (Feb.
29, 1996) and appeal denied, 693 A.2d 588 (Pa. 1997) and cert. denied, 118
S. Ct. 230 (U.S. 1997); State v. Nichols, 325 S.C. 111, 481 S.E.2d 118
(1997), reh'g denied, (Feb. 25, 1997); Walker v. State, 828 S.W.2d 485 (Tex.
App. Dallas 1992), petition for discretionary review refused, (Sept. 30,
1992).

A conspiracy conviction can stand even where the defendant is acquitted of
the substantive offense. U.S. v. Jaynes, 75 F.3d 1493 (10th Cir. 1996); U.S.
v. Billops, 43 F.3d 281 (7th Cir. 1994), cert. denied, 514 U.S. 1030, 115 S.
Ct. 1389, 131 L. Ed. 2d 241 (1995); U.S. v. Innamorati, 996 F.2d 456, 39
Fed. R. Evid. Serv. (LCP) 112 (1st Cir. 1993), cert. denied, 510 U.S. 955,
114 S. Ct. 409, 126 L. Ed. 2d 356 (1993) and cert. denied, 510 U.S. 972, 114
S. Ct. 459, 126 L. Ed. 2d 391 (1993) and cert. denied, 510 U.S. 1120, 114 S.
Ct. 1072, 127 L. Ed. 2d 391 (1994) and cert. denied, 510 U.S. 1120, 114 S.
Ct. 1073, 127 L. Ed. 2d 391 (1994) and cert. denied, 510 U.S. 1120, 114 S.
Ct. 1073, 127 L. Ed. 2d 391 (1994) and related reference, 50 F.3d 1 (1st
Cir. 1995).

[FN67] U.S. v. Rabinowich, 238 U.S. 78, 35 S. Ct. 682, 59 L. Ed. 1211
(1915); U.S. v. Rosa, 17 F.3d 1531 (2d Cir. 1994), cert. denied, 513 U.S.
879, 115 S. Ct. 211, 130 L. Ed. 2d 140 (1994); U. S. v. Torres, 503 F.2d
1120 (2d Cir. 1974); U. S. v. Rueter, 536 F.2d 296 (9th Cir. 1976); U.S. v.
Baptista-Rodriguez, 17 F.3d 1354, 39 Fed. R. Evid. Serv. (LCP) 22 (11th Cir.
1994); People v. Liu, 46 Cal. App. 4th 1119, 54 Cal. Rptr. 2d 578 (1st Dist.
1996), as modified on other grounds on denial of reh'g, (July 18, 1996) and
review denied, (Sept. 25, 1996); State v. Haggood, 36 Conn. App. 753, 653
A.2d 216 (1995), certification denied, 233 Conn. 904, 657 A.2d 644 (1995);
People v. Melgoza, 231 Ill. App. 3d 510, 172 Ill. Dec. 591, 595 N.E.2d 1261
(1st Dist. 1992), appeal denied, 146 Ill. 2d 643, 176 Ill. Dec. 813, 602
N.E.2d 467 (1992); People v. Gilman, 121 Mich. 187, 80 N.W. 4 (1899); Com.
v. Timer, 415 Pa. Super. 376, 609 A.2d 572 (1992).

[FN68] People v. Liu, 46 Cal. App. 4th 1119, 54 Cal. Rptr. 2d 578 (1st Dist.
1996), as modified on other grounds on denial of reh'g, (July 18, 1996) and
review denied, (Sept. 25, 1996).

**A.L.R. Library**

Comment Note—Impossibility of consummation of substantive crime as defense
in criminal prosecution for conspiracy or attempt to commit crime, 37 A.L.R.
3d 375 §§ 4, 27-42.

[FN69] Thompson v. State, 106 Ala. 67, 17 So. 512 (1895).

[FN70] U.S. v. Wallace, 85 F.3d 1063 (2d Cir. 1996); State v. Moretti, 52

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

N.J. 182, 244 A.2d 499, 37 A.L.R.3d 364 (1968), cert. denied, 393 U.S. 952,
89 S. Ct. 376, 21 L. Ed. 2d 363 (1968); People v. Russell, 161 A.D.2d 293,
555 N.Y.S.2d 67 (1st Dep't 1990), appeal denied, 76 N.Y.2d 896, 561 N.Y.S.2d
558, 562 N.E.2d 883 (1990).

[FN71] American Tobacco Co. v. U.S., 328 U.S. 781, 66 S. Ct. 1125, 90 L. Ed.
1575 (1946); U.S. v. Tencer, 107 F.3d 1120 (5th Cir. 1997), cert. denied,
118 S. Ct. 390 (U.S. 1997) and post-conviction relief denied, 1997 WL 698022
(E.D. La. 1997); U.S. v. Anderson, 89 F.3d 1306, 1996 FED App. 233P (6th
Cir. 1996), cert. denied, 117 S. Ct. 786, 136 L. Ed. 2d 728 (U.S. 1997);
U.S. v. Taylor, 116 F.3d 269 (7th Cir. 1997); U.S. v. Bascope-Zurita, 68
F.3d 1057 (8th Cir. 1995), cert. denied, 116 S. Ct. 741, 133 L. Ed. 2d 690
(U.S. 1996); State v. Bova, 240 Conn. 210, 690 A.2d 1370 (1997); Kilgore v.
State, 251 Ga. 291, 305 S.E.2d 82 (1983); Vance v. State, 640 N.E.2d 51
(Ind. 1994); State v. Webber, 260 Kan. 263, 918 P.2d 609 (1996), cert.
denied, 117 S. Ct. 764, 136 L. Ed. 2d 711 (U.S. 1997); Acquah v. State, 113
Md. App. 29, 686 A.2d 690 (1996); State v. Townley, 149 Minn. 5, 182 N.W.
773, 17 A.L.R. 253 (1921), cert. denied, 257 U.S. 643, 42 S. Ct. 54, 66 L.
Ed. 413 (1921); Franklin v. State, 676 So. 2d 287 (Miss. 1996); State v.
Kamienski, 254 N.J. Super. 75, 603 A.2d 78 (App. Div. 1992), certification
denied, 130 N.J. 18, 611 A.2d 656 (1992) and certification denied, 130 N.J.
18, 611 A.2d 656 (1992); State v. Shropshire, 874 S.W.2d 634 (Tenn. Crim.
App. 1993), reh'g denied, (Sept. 23, 1993) and appeal denied, (Feb. 28,
1994) and denial of post-conviction relief aff'd by, 1996 WL 189931 (Tenn.
Crim. App. 1996) and denial of post-conviction relief aff'd by, 1997 WL
122238 (Tenn. Crim. App. 1997), appeal denied, (Nov. 3, 1997); State v.
Barnes, 85 Wash. App. 638, 932 P.2d 669 (Div. 2 1997), as amended on other
grounds on denial of reconsideration, (Apr. 18, 1997) and review denied
(Wash. Nov. 7, 1997); State v. Broughton, 196 W. Va. 281, 470 S.E.2d 413
(1996); Burk v. State, 848 P.2d 225 (Wyo. 1993).

The formalities of an agreement are not necessary and are usually lacking
since the mark of a successful conspiracy is secrecy. U. S. v. Varelli, 407
F.2d 735 (7th Cir. 1969), affd, 452 F.2d 193 (7th Cir. 1971), cert. denied,
405 U.S. 1040, 92 S. Ct. 1311, 31 L. Ed. 2d 581 (1972).

[FN72] U.S. v. Ruiz, 105 F.3d 1492 (1st Cir. 1997); U.S. v. Desimone, 119
F.3d 217 (2d Cir. 1997); U.S. v. Westbrook, 119 F.3d 1176 (5th Cir. 1997),
petition for cert. filed (U.S. Nov. 3, 1997) and petition for cert. filed
(U.S. Nov. 3, 1997); U.S. v. Cabrera, 116 F.3d 1243 (8th Cir. 1997); U.S. v.
Hubbard, 96 F.3d 1223 (9th Cir. 1996); U.S. v. Robertson, 45 F.3d 1423 (10th
Cir. 1995), reh'g denied, 49 F.3d 671 (10th Cir. 1995) and cert. denied, 515
U.S. 1108, 115 S. Ct. 2258, 132 L. Ed. 2d 265 (1995) and cert. denied, 515
U.S. 1108, 115 S. Ct. 2259, 132 L. Ed. 2d 265 (1995) and cert. denied, 116
S. Ct. 133, 133 L. Ed. 2d 81 (U.S. 1995); Mickenberg v. State, 640 So. 2d
1210 (Fla. Dist. Ct. App. 2d Dist. 1994); Waldrip v. State, 267 Ga. 739, 482

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

S.E.2d 299 (1997), reconsideration denied, (Apr. 3, 1997) and related refer-
ence, 268 Ga. 205, 486 S.E.2d 845 (1997) and cert. denied, 118 S. Ct. 305
(U.S. 1997); People v. Adams, 238 Ill. App. 3d 733, 179 Ill. Dec. 747, 606
N.E.2d 579 (1st Dist. 1992), appeal denied, 149 Ill. 2d 652, 183 Ill. Dec.
864, 612 N.E.2d 516 (1993); Vance v. State, 640 N.E.2d 51 (Ind. 1994);
Franklin v. State, 676 So. 2d 287 (Miss. 1996); State v. Kamienski, 254 N.J.
Super. 75, 603 A.2d 78 (App. Div. 1992), certification denied, 130 N.J. 18,
611 A.2d 656 (1992) and certification denied, 130 N.J. 18, 611 A.2d 656
(1992); State v. Mariano R., 123 N.M. 121, 1997 NMCA 18, 934 P.2d 315 (Ct.
App. 1997); People v. Givens, 181 A.D.2d 1031, 582 N.Y.S.2d 577 (4th Dep't
1992), appeal denied, 79 N.Y.2d 1049, 584 N.Y.S.2d 1017, 596 N.E.2d 415
(1992); State v. Dalton, 122 N.C. App. 666, 471 S.E.2d 657 (1996); State v.
Shropshire, 874 S.W.2d 634 (Tenn. Crim. App. 1993), reh'g denied, (Sept. 23,
1993) and appeal denied, (Feb. 28, 1994) and denial of post-conviction re-
lief aff'd by, 1996 WL 189931 (Tenn. Crim. App. 1996) and denial of post-
conviction relief aff'd by, 1997 WL 122238 (Tenn. Crim. App. 1997), appeal
denied, (Nov. 3, 1997); Moore v. Com., 25 Va. App. 277, 487 S.E.2d 864
(1997); Burk v. State, 848 P.2d 225 (Wyo. 1993).

No precise written or spoken words establishing the agreement need be proven
to establish the conspiracy. People v. Edwards, 74 Ill. App. 2d 225, 219
N.E.2d 382 (4th Dist. 1966).

[FN73] U.S. v. Ruiz, 105 F.3d 1492 (1st Cir. 1997); U.S. v. Desimone, 119
F.3d 217 (2d Cir. 1997); U.S. v. Burgos, 94 F.3d 849 (4th Cir. 1996), cert.
denied, 117 S. Ct. 1087, 137 L. Ed. 2d 221 (U.S. 1997); U.S. v. Westbrook,
119 F.3d 1176 (5th Cir. 1997), petition for cert. filed (U.S. Nov. 3, 1997)
and petition for cert. filed (U.S. Nov. 3, 1997); U.S. v. Collins, 78 F.3d
1021, 44 Fed. R. Evid. Serv. (LCP) 144, 77 A.F.T.R.2d (P-H) ¶96-1274 (6th
Cir. 1996), reh'g and suggestion for reh'g en banc denied, (May 24, 1996)
and cert. denied, 117 S. Ct. 189, 136 L. Ed. 2d 127 (U.S. 1996); U.S. v.
Cabrera, 116 F.3d 1243 (8th Cir. 1997); Agnew v. State, 267 Ga. 589, 481
S.E.2d 516 (1997); State v. Webber, 260 Kan. 263, 918 P.2d 609 (1996), cert.
denied, 117 S. Ct. 764, 136 L. Ed. 2d 711 (U.S. 1997); Acquah v. State, 113
Md. App. 29, 686 A.2d 690 (1996); State v. Borja-Guzman, 121 N.M. 401, 912
P.2d 277 (Ct. App. 1996), cert. denied, 121 N.M. 375, 911 P.2d 883 (1996);
State v. Dalton, 122 N.C. App. 666, 471 S.E.2d 657 (1996); State v. Gaylor,
862 S.W.2d 546 (Tenn. Crim. App. 1992), appeal denied, (June 7, 1993); Burk
v. State, 848 P.2d 225 (Wyo. 1993).

The agreement may be explicit or mutually implied understanding, but mere
passive submission or acquiescence in conduct of others will not suffice.
State v. Mariano R., 123 N.M. 121, 1997 NMCA 18, 934 P.2d 315 (Ct. App. 1997).

[FN74] U.S. v. Gonzalez-Maldonado, 115 F.3d 9, 47 Fed. R. Evid. Serv. (LCP)

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

174 (1st Cir. 1997); U.S. v. Tencer, 107 F.3d 1120 (5th Cir. 1997), cert. denied, 118 S. Ct. 390 (U.S. 1997) and post-conviction relief denied, 1997 WL 698022 (E.D. La. 1997); U.S. v. Spears, 49 F.3d 1136, 1995 FED App. 95P (6th Cir. 1995); U.S. v. Taylor, 116 F.3d 269 (7th Cir. 1997); U.S. v. Cabrera, 116 F.3d 1243 (8th Cir. 1997); U.S. v. Hubbard, 96 F.3d 1223 (9th Cir. 1996); Jones v. State, 45 Ark. App. 28, 871 S.W.2d 403 (1994); State v. Elijah, 42 Conn. App. 687, 682 A.2d 506 (1996), certification denied, 239 Conn. 936, 684 A.2d 709 (1996); Parrott v. State, 206 Ga. App. 829, 427 S.E.2d 276 (1992), cert. denied, (Mar. 18, 1993); People v. Adams, 238 Ill. App. 3d 733, 179 Ill. Dec. 747, 606 N.E.2d 579 (1st Dist. 1992), appeal denied, 149 Ill. 2d 652, 183 Ill. Dec. 864, 612 N.E.2d 516 (1993); State v. Webber, 260 Kan. 263, 918 P.2d 609 (1996), cert. denied, 117 S. Ct. 764, 136 L. Ed. 2d 711 (U.S. 1997); Franklin v. State, 676 So. 2d 287 (Miss. 1996); State v. Borja-Guzman, 121 N.M. 401, 912 P.2d 277 (Ct. App. 1996), cert. denied, 121 N.M. 375, 911 P.2d 883 (1996); People v. Givens, 181 A.D.2d 1031, 582 N.Y.S.2d 577 (4th Dep't 1992), appeal denied, 79 N.Y.2d 1049, 584 N.Y.S.2d 1017, 596 N.E.2d 415 (1992); Com. v. Dancy, 437 Pa. Super. 462, 650 A.2d 448 (1994), appeal denied, 540 Pa. 646, 659 A.2d 985 (1995); State v. Shropshire, 874 S.W.2d 634 (Tenn. Crim. App. 1993), reh'g denied, (Sept. 23, 1993) and appeal denied, (Feb. 28, 1994) and denial of post-conviction relief aff'd by, 1996 WL 189931 (Tenn. Crim. App. 1996) and denial of post-conviction relief aff'd by, 1997 WL 122238 (Tenn. Crim. App. 1997), appeal denied, (Nov. 3, 1997); Moore v. Com., 25 Va. App. 277, 487 S.E.2d 864 (1997); State v. Broughton, 196 W. Va. 281, 470 S.E.2d 413 (1996).

In proving the agreement it is not necessary to show that the parties met and actually arranged a detailed plan. People v. Hardeman, 244 Cal. App. 2d 1, 53 Cal. Rptr. 168 (1st Dist. 1966), cert. denied, 387 U.S. 912, 87 S. Ct. 1700, 18 L. Ed. 2d 634 (1967).

[FN75] U.S. v. Garcia, 917 F.2d 1370 (5th Cir. 1990), reh'g denied, (Dec. 14, 1990); U.S. v. Larkins, 83 F.3d 162 (7th Cir. 1996), reh'g and suggestion for reh'g en banc denied, (July 1, 1996); U.S. v. Cabrera, 116 F.3d 1243 (8th Cir. 1997); Jones v. State, 45 Ark. App. 28, 871 S.W.2d 403 (1994); People v. Goldstein, 136 Cal. App. 2d 778, 289 P.2d 581 (2d Dist. 1955); State v. Crump, 43 Conn. App. 252, 683 A.2d 402 (1996), certification denied, 239 Conn. 941, 684 A.2d 712 (1996); Parrott v. State, 206 Ga. App. 829, 427 S.E.2d 276 (1992), cert. denied, (Mar. 18, 1993); People v. Adams, 238 Ill. App. 3d 733, 179 Ill. Dec. 747, 606 N.E.2d 579 (1st Dist. 1992), appeal denied, 149 Ill. 2d 652, 183 Ill. Dec. 864, 612 N.E.2d 516 (1993); Franklin v. State, 676 So. 2d 287 (Miss. 1996); Com. v. Lawson, 437 Pa. Super. 521, 650 A.2d 876 (1994), appeal denied, 540 Pa. 596, 655 A.2d 985 (1995); Crum v. State, 946 S.W.2d 349 (Tex. App. Houston 14th Dist. 1997), reh'g overruled, (Apr. 24, 1997) and petition for discretionary review refused, (Nov. 19, 1997); State v. Barnes, 85 Wash. App. 638, 932 P.2d 669

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(Div. 2 1997), as amended on other grounds on denial of reconsideration, (Apr. 18, 1997) and review denied (Wash. Nov. 7, 1997); State v. Broughton, 196 W. Va. 281, 470 S.E.2d 413 (1996).

Conspiracy is shown where a defendant, by his or her words or actions, objectively manifests an agreement to participate directly or indirectly in the enterprise. U.S. v. Beasley, 72 F.3d 1518, 43 Fed. R. Evid. Serv. (LCP) 723 (11th Cir. 1996), cert. denied, 116 S. Ct. 2570, 135 L. Ed. 2d 1086 (U.S. 1996) and cert. denied, 117 S. Ct. 176, 136 L. Ed. 2d 116 (U.S. 1996); U.S. v. Bennett, 44 F.3d 1364 (8th Cir. 1995), reh'g and reh'g en banc denied, (#93-3958) (Feb. 13, 1995) and cert. denied, 515 U.S. 1123, 115 S. Ct. 2279, 132 L. Ed. 2d 282 (1995) and cert. denied, 515 U.S. 1123, 115 S. Ct. 2279, 132 L. Ed. 2d 282 (1995) and cert. denied, 515 U.S. 1145, 115 S. Ct. 2585, 132 L. Ed. 2d 833 (1995) and cert. denied, 116 S. Ct. 98, 133 L. Ed. 2d 52 (U.S. 1995).

[FN76] Interstate Circuit v. U.S., 306 U.S. 208, 59 S. Ct. 467, 83 L. Ed. 610, 40 U.S.P.Q. (BNA) 299 (1939); U.S. v. Agueci, 310 F.2d 817, 99 A.L.R.2d 478 (2d Cir. 1962), cert. denied, 372 U.S. 959, 83 S. Ct. 1013, 10 L. Ed. 2d 11 (1963) and cert. denied, 372 U.S. 959, 83 S. Ct. 1013, 10 L. Ed. 2d 11 (1963) and cert. denied, 372 U.S. 959, 83 S. Ct. 1013, 10 L. Ed. 2d 11 (1963) and cert. denied, 372 U.S. 959, 83 S. Ct. 1013, 10 L. Ed. 2d 11 (1963) and cert. denied, 372 U.S. 959, 83 S. Ct. 1016, 10 L. Ed. 2d 12 (1963) and cert. denied, 372 U.S. 959, 83 S. Ct. 1016, 10 L. Ed. 2d 12 (1963) and cert. denied, 372 U.S. 959, 83 S. Ct. 1016, 10 L. Ed. 2d 12 (1963) and post-conviction relief dismissed, 741 F. Supp. 409 (S.D.N.Y. 1990), reconsideration denied, (June 4, 1990) and aff'd, 930 F.2d 910 (2d Cir. 1991); People v. Buffman, 260 Ill. App. 3d 505, 201 Ill. Dec. 351, 636 N.E.2d 783 (1st Dist. 1994).

The agreement may be shown if there is concert of action, all the parties working together understandingly, with a single design for the accomplishment of a common purpose. U. S. v. Varelli, 407 F.2d 735 (7th Cir. 1969), affd, 452 F.2d 193 (7th Cir. 1971), cert. denied, 405 U.S. 1040, 92 S. Ct. 1311, 31 L. Ed. 2d 581 (1972); State v. Olguin, 118 N.M. 91, 879 P.2d 92 (Ct. App. 1994), cert. granted, 118 N.M. 90, 879 P.2d 91 (1994) and aff'd in part, set aside in part on other grounds, 120 N.M. 740, 906 P.2d 731 (1995).

© 2008 Thomson/West. Volumes 33-34B © 2008 Thomsom/RIA. No Claim to Orig. U.S. Govt. Works. All rights reserved.

AMJUR CONSPIRACY § 10

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.



American Jurisprudence, Second Edition
Database updated March 2008

Conspiracy
Joseph J. Bassano, J.D.

I. Criminal Liability [§§ 1-49]
B. Elements of Offense [§§ 10-15]

Topic Summary   Correlation Table   References

## § 13. Intent

It seems that a criminal or corrupt intent[FN99] is essential to the crime of conspiracy.[FN1] Conspiracy is a specific intent crime[FN2] and the specific intent required for the crime of conspiracy is the intent to advance or further the unlawful object of the conspiracy.[FN3] Thus, establishing the intent necessary to sustain a conviction for conspiracy requires showing not only that the conspirators intended to agree but also that they intended to commit elements of the underlying offense.[FN4]

A defendant's intent to participate in a conspiracy can be determined from his or her words, acts, and conduct.[FN5] Where the goal of a conspiracy can be reached only through deception and concealment, silence which is designed to conceal may indicate an intention to conspire.[FN6]

Generally, unless the required criminal intent exists in the minds of at least two parties to the alleged conspiracy, there can be no conspiracy.[FN7]

[FN99] U.S. v. Alzanki, 54 F.3d 994, 41 Fed. R. Evid. Serv. (LCP) 1107 (1st Cir. 1995), cert. denied, 116 S. Ct. 909, 133 L. Ed. 2d 841 (U.S. 1996); U.S. v. Pinckney, 85 F.3d 4 (2d Cir. 1996), related reference, 1996 WL 342009 (E.D.N.Y. 1996); U.S. v. Ham, 998 F.2d 1247, 37 Fed. R. Evid. Serv. (LCP) 360 (4th Cir. 1993), affd, 58 F.3d 78 (4th Cir. 1995), cert. denied, 116 S. Ct. 513, 133 L. Ed. 2d 422 (U.S. 1995); U.S. v. Manges, 110 F.3d 1162 (5th Cir. 1997), reh'g and suggestion for reh'g en banc denied, 116 F.3d 1479 (5th Cir. 1997) and petition for cert. filed, 66 U.S.L.W. 3170 (U.S. Aug. 19, 1997); U.S. v. Pulido, 69 F.3d 192, 42 Fed. R. Evid. Serv. (LCP) 1153 (7th Cir. 1995); U.S. v. Wilson, 103 F.3d 1402 (8th Cir. 1997); U.S. v. Baker, 63 F.3d 1478 (9th Cir. 1995), as amended on other grounds on denial of reh'g and reh'g en banc, (Oct. 6, 1995) and cert. denied, 116 S. Ct. 824, 133 L. Ed. 2d 767 (U.S. 1996) and cert. denied, 116 S. Ct. 921, 133 L. Ed. 2d 850 (U.S. 1996); People v. Morante, 56 Cal. App. 4th 163, 65 Cal. Rptr.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2d 287 (2d Dist. 1997), review granted and opinion superseded on other grounds, 68 Cal. Rptr. 2d 295, 945 P.2d 286 (Cal. 1997); State v. Romero, 42 Conn. App. 555, 681 A.2d 354 (1996), certification denied, 239 Conn. 935, 684 A.2d 710 (1996); Young v. State, 205 Ga. App. 357, 422 S.E.2d 244 (1992); People v. Roppo, 234 Ill. App. 3d 116, 174 Ill. Dec. 890, 599 N.E.2d 974 (1st Dist. 1992), appeal denied, 146 Ill. 2d 646, 176 Ill. Dec. 816, 602 N.E.2d 470 (1992); Com. v. Rios, 546 Pa. 271, 684 A.2d 1025 (1996), cert. denied, 117 S. Ct. 1825, 137 L. Ed. 2d 1032 (U.S. 1997).

[FN1] Direct Sales Co. v. U.S., 319 U.S. 703, 63 S. Ct. 1265, 87 L. Ed. 1674 (1943); U.S. v. Wallace, 85 F.3d 1063 (2d Cir. 1996); U.S. v. Salvatore, 110 F.3d 1131, 46 Fed. R. Evid. Serv. (LCP) 1407 (5th Cir. 1997), reh'g and suggestion for reh'g en banc denied, 117 F.3d 1419 (5th Cir. 1997) and cert. denied, 118 S. Ct. 441 (U.S. 1997) and cert. denied, 118 S. Ct. 441 (U.S. 1997); U.S. v. Sasson, 62 F.3d 874 (7th Cir. 1995), reh'g and suggestion for reh'g en banc denied, (Sept. 22, 1995) and cert. denied, 116 S. Ct. 953, 133 L. Ed. 2d 876 (U.S. 1996); U.S. v. Kim, 65 F.3d 123 (9th Cir. 1995); U.S. v. Morehead, 959 F.2d 1489 (10th Cir. 1992), on reh'g on other grounds, 971 F.2d 1461 (10th Cir. 1992); U.S. v. Harris, 20 F.3d 445 (11th Cir. 1994), reh'g and suggestion for reh'g en banc denied, 30 F.3d 1500 (11th Cir. 1994) and reh'g and suggestion for reh'g en banc denied, 33 F.3d 1384 (11th Cir. 1994) and cert. denied, 513 U.S. 967, 115 S. Ct. 434, 130 L. Ed. 2d 346 (1994) and cert. denied, 513 U.S. 1031, 115 S. Ct. 611, 130 L. Ed. 2d 521 (1994) and cert. denied, 513 U.S. 1032, 115 S. Ct. 612, 130 L. Ed. 2d 521 (1994); U.S. v. Wynn, 61 F.3d 921 (D.C. Cir. 1995), amended on other grounds, (Oct. 4, 1995) and cert. denied, 116 S. Ct. 578, 133 L. Ed. 2d 501 (U.S. 1995); State v. Willoughby, 181 Ariz. 530, 892 P.2d 1319 (1995), cert. denied, 116 S. Ct. 725, 133 L. Ed. 2d 677 (U.S. 1996); People v. Hood, 878 P.2d 89 (Colo. Ct. App. 1994), cert. denied, (Aug. 8, 1994); State v. Pinnock, 220 Conn. 765, 601 A.2d 521 (1992), related reference, 1996 WL 165566 (Conn. Super. Ct. 1996); Spera v. State, 656 So. 2d 550 (Fla. Dist. Ct. App. 2d Dist. 1995); People v. Adams, 238 Ill. App. 3d 733, 179 Ill. Dec. 747, 606 N.E.2d 579 (1st Dist. 1992), appeal denied, 149 Ill. 2d 652, 183 Ill. Dec. 864, 612 N.E.2d 516 (1993); Smith v. State, 655 N.E.2d 532 (Ind. Ct. App. 1995), reh'g denied, (Oct. 11, 1995) and transfer denied, (Dec. 14, 1995); Acquah v. State, 113 Md. App. 29, 686 A.2d 690 (1996); Com. v. Camerano, 42 Mass. App. Ct. 363, 677 N.E.2d 678 (1997), review denied, 425 Mass. 1101, 680 N.E.2d 101 (1997); State v. Villalobos, 120 N.M. 694, 905 P.2d 732 (Ct. App. 1995), cert. granted, 120 N.M. 533, 903 P.2d 844 (1995) and cert. quashed as improvidently granted, 121 N.M. 676, 916 P.2d 1343 (1996); People v. Giordano, 211 A.D.2d 814, 622 N.Y.S.2d 89 (2d Dep't 1995), appeal granted, 85 N.Y.2d 860, 624 N.Y.S.2d 379, 648 N.E.2d 799 (1995) and appeal granted, 85 N.Y.2d 862, 624 N.Y.S.2d 381, 648 N.E.2d 801 (1995) and appeal granted, 85 N.Y.2d 862, 624 N.Y.S.2d 381, 648 N.E.2d 801 (1995) and order aff'd, 87 N.Y.2d 441, 640 N.Y.S.2d 432, 663 N.E.2d 588 (1995); Com. v. Neckerauer,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

421 Pa. Super. 255, 617 A.2d 1281 (1992).

In establishing participation in a conspiracy, mere association with members of the conspiracy, without an intention and agreement to accomplish a specific illegal objective, is not sufficient to make one a conspirator. U.S. v. Hubbard, 96 F.3d 1223 (9th Cir. 1996).

[FN2] U.S. v. Blair, 54 F.3d 639 (10th Cir. 1995), cert. denied, 116 S. Ct. 220, 133 L. Ed. 2d 151 (U.S. 1995); State v. Cruz, 40 Conn. App. 515, 672 A.2d 502 (1996), certification denied, 237 Conn. 909, 675 A.2d 457 (1996); Acquah v. State, 113 Md. App. 29, 686 A.2d 690 (1996); Wehr v. State, 841 P.2d 104 (Wyo. 1992).

[FN3] U.S. v. Wallace, 85 F.3d 1063 (2d Cir. 1996); U.S. v. Powell, 113 F.3d 464 (3d Cir. 1997), cert. denied, 118 S. Ct. 454 (U.S. 1997); U.S. v. Ham, 998 F.2d 1247, 37 Fed. R. Evid. Serv. (LCP) 360 (4th Cir. 1993), affd, 58 F.3d 78 (4th Cir. 1995), cert. denied, 116 S. Ct. 513, 133 L. Ed. 2d 422 (U.S. 1995); U.S. v. Salvatore, 110 F.3d 1131, 46 Fed. R. Evid. Serv. (LCP) 1407 (5th Cir. 1997), reh'g and suggestion for reh'g en banc denied, 117 F.3d 1419 (5th Cir. 1997) and cert. denied, 118 S. Ct. 441 (U.S. 1997); U.S. v. Yusufu, 63 F.3d 505, 42 Fed. R. Evid. Serv. (LCP) 1062 (7th Cir. 1995), cert. denied, 116 S. Ct. 578, 133 L. Ed. 2d 501 (U.S. 1995); U.S. v. Carpenter, 95 F.3d 773 (9th Cir. 1996), cert. denied, 117 S. Ct. 1094, 137 L. Ed. 2d 227 (U.S. 1997); U.S. v. McVeigh, 940 F. Supp. 1571 (D. Colo. 1996); U. S. v. Haldeman, 559 F.2d 31, 1 Fed. R. Evid. Serv. (LCP) 1203 (D.C. Cir. 1976), cert. denied, 431 U.S. 933, 97 S. Ct. 2641, 53 L. Ed. 2d 250 (1977) and cert. denied, 431 U.S. 933, 97 S. Ct. 2641, 53 L. Ed. 2d 250 (1977), reh'g denied, 433 U.S. 916, 97 S. Ct. 2992, 53 L. Ed. 2d 1103 (1977); People v. Liu, 46 Cal. App. 4th 1119, 54 Cal. Rptr. 2d 578 (1st Dist. 1996), as modified on other grounds on denial of reh'g, (July 18, 1996) and review denied, (Sept. 25, 1996); People v. Harris, 892 P.2d 378 (Colo. Ct. App. 1994), reh'g denied, (Sept. 1, 1994) and cert. denied, (Mar. 20, 1995); State v. Pinnock, 220 Conn. 765, 601 A.2d 521 (1992), related reference, 1996 WL 165566 (Conn. Super. Ct. 1996); Spera v. State, 656 So. 2d 550 (Fla. Dist. Ct. App. 2d Dist. 1995); People v. Adams, 238 Ill. App. 3d 733, 179 Ill. Dec. 747, 606 N.E.2d 579 (1st Dist. 1992), appeal denied, 149 Ill. 2d 652, 183 Ill. Dec. 864, 612 N.E.2d 516 (1993); Vance v. State, 640 N.E.2d 51 (Ind. 1994); People v. Justice, 454 Mich. 334, 562 N.W.2d 652 (1997); Johnson v. State, 642 So. 2d 924 (Miss. 1994); State v. Villalobos, 120 N.M. 694, 905 P.2d 732 (Ct. App. 1995), cert. granted, 120 N.M. 533, 903 P.2d 844 (1995) and cert. quashed as improvidently granted, 121 N.M. 676, 916 P.2d 1343 (1996); State v. Wilson, 338 N.C. 244, 449 S.E.2d 391 (1994); Com. v. McKeever, 455 Pa. Super. 604, 689 A.2d 272 (1997).

The requisite intent to sustain a conspiracy conviction exists where one intentionally agrees to undertake the activities and facilitate the commission

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

of the substantive offense, even though he or she does not intend to commit the offense himself. U.S. v. Piper, 35 F.3d 611 (1st Cir. 1994), cert. denied, 513 U.S. 1158, 115 S. Ct. 1118, 130 L. Ed. 2d 1082 (1995) and denial of post-conviction relief aff'd by, 70 F.3d 1396 (1st Cir. 1995).

In order to sustain a judgment of conviction on a charge of conspiracy to violate a federal statute, the government must prove at least the degree of criminal intent necessary for the substantive offense itself. U. S. v. Feola, 420 U.S. 671, 95 S. Ct. 1255, 43 L. Ed. 2d 541 (1975); Ingram v. U.S., 360 U.S. 672, 79 S. Ct. 1314, 3 L. Ed. 2d 1503, 59-2 U.S. Tax Cas. (CCH) ¶15245, 4 A.F.T.R.2d (P-H) ¶6128 (1959), reh'g denied, 361 U.S. 856, 80 S. Ct. 42, 4 L. Ed. 2d 96 (1959); U.S. v. Hubbard, 96 F.3d 1223 (9th Cir. 1996); U.S. v. Licciardi, 30 F.3d 1127 (9th Cir. 1994).

The prosecution need not prove that the defendant intended personally to commit substantive crime or crimes that were object of conspiracy. U.S. v. Royal, 100 F.3d 1019 (1st Cir. 1996).

[FN4] U.S. v. Flores-Rivera, 56 F.3d 319, 42 Fed. R. Evid. Serv. (LCP) 499 (1st Cir. 1995); U.S. v. Ismoila, 100 F.3d 380, 45 Fed. R. Evid. Serv. (LCP) 581 (5th Cir. 1996), reh'g denied, (#93-2486) (Jan. 2, 1997) and cert. denied, 117 S. Ct. 1712, 137 L. Ed. 2d 836 (U.S. 1997) and cert. denied, 117 S. Ct. 1858, 137 L. Ed. 2d 1060 (U.S. 1997); In re Estrada, 47 Cal. App. 4th 1688, 55 Cal. Rptr. 2d 506 (1st Dist. 1996), reh'g denied, (Aug. 5, 1996) and as modified on other grounds, (Aug. 5, 1996) and review denied, (Nov. 20, 1996); State v. Cruz, 40 Conn. App. 515, 672 A.2d 502 (1996), certification denied, 237 Conn. 909, 675 A.2d 457 (1996); People v. Melgoza, 231 Ill. App. 3d 510, 172 Ill. Dec. 591, 595 N.E.2d 1261 (1st Dist. 1992), appeal denied, 146 Ill. 2d 643, 176 Ill. Dec. 813, 602 N.E.2d 467 (1992); People v. Carter, 415 Mich. 558, 330 N.W.2d 314 (1982); Franklin v. State, 676 So. 2d 287 (Miss. 1996).

Establishing voluntary intent to participate in the conspiracy requires showing both intention to agree and intention to commit the criminal object of the conspiracy. U.S. v. Ruiz, 105 F.3d 1492 (1st Cir. 1997).

[FN5] Rainey v. State, 877 S.W.2d 48 (Tex. App. Tyler 1994).

[FN6] U. S. v. Eucker, 532 F.2d 249, Fed. Sec. L. Rep. (CCH) ¶95460 (2d Cir. 1976), affd, 537 F.2d 718 (2d Cir. 1976), cert. denied, 429 U.S. 822, 97 S. Ct. 73, 50 L. Ed. 2d 84 (1976) and cert. denied, 429 U.S. 1044, 97 S. Ct. 747, 50 L. Ed. 2d 757 (1977).

[FN7] U.S. v. Alzanki, 54 F.3d 994, 41 Fed. R. Evid. Serv. (LCP) 1107 (1st Cir. 1995), cert. denied, 116 S. Ct. 909, 133 L. Ed. 2d 841 (U.S. 1996); U.S. v. Desimone, 119 F.3d 217 (2d Cir. 1997); People v. Liu, 46 Cal. App. 4th 1119, 54 Cal. Rptr. 2d 578 (1st Dist. 1996), as modified on other

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

grounds on denial of reh'g, (July 18, 1996) and review denied, (Sept. 25, 1996); People v. Hood, 878 P.2d 89 (Colo. Ct. App. 1994), cert. denied, (Aug. 8, 1994); People v. Cohn, 358 Ill. 326, 193 N.E. 150 (1934); State v. Lowery, 609 So. 2d 1125 (La. Ct. App. 2d Cir. 1992), writ denied, 617 So. 2d 905 (La. 1993) and writ denied, 617 So. 2d 905 (La. 1993); People v. Justice, 454 Mich. 334, 562 N.W.2d 652 (1997); Com. v. Rios, 546 Pa. 271, 684 A.2d 1025 (1996), cert. denied, 117 S. Ct. 1825, 137 L. Ed. 2d 1032 (U.S. 1997); State v. Perkinson, 867 S.W.2d 1 (Tenn. Crim. App. 1992), appeal denied, (Feb. 1, 1993); Odneal v. State, 117 Tex. Crim. 97, 34 S.W.2d 595 (1931).

In a prosecution for conspiracy to defraud the United States, the illicit purpose of the conspiracy must be shared by two or more conspirators. U.S. v. Goldberg, 105 F.3d 770, 97-1 U.S. Tax Cas. (CCH) ¶50208, 46 Fed. R. Evid. Serv. (LCP) 404, 79 A.F.T.R.2d (P-H) ¶97-804 (1st Cir. 1997), reh'g and suggestion for reh'g en banc denied, (Feb. 26, 1997).

As to requirement that a conspiracy involve at least two persons, see § 16.

© 2008 Thomson/West. Volumes 33-34B © 2008 Thomsom/RIA. No Claim to Orig. U.S. Govt. Works. All rights reserved.

AMJUR CONSPIRACY § 13

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.



American Jurisprudence, Second Edition
Database updated March 2008

Conspiracy
Joseph J. Bassano, J.D.

I. Criminal Liability [§§ 1-49]
B. Elements of Offense [§§ 10-15]

Topic Summary   Correlation Table   References

## § 14. Knowledge

It is essential to liability as a coconspirator that a defendant have knowledge of the existence of the conspiracy[FN8] and knowledge of the illegal object of the conspiracy.[FN9]

In addition, in order for a defendant to be guilty of conspiracy, knowing agreement to participate in the collective venture must be shown.[FN10] Mere knowledge of the existence of the conspiracy, without a showing of some degree of knowing involvement and cooperation in the conspiracy agreement, does not give rise to liability as a coconspirator.[FN11] The fact that a party commits illegal acts that further the object of a conspiracy does not make him or her a conspirator unless he or she had knowledge of the conspiracy.[FN12]

Liability as a coconspirator is not, however, dependent on knowledge of the entire scope of the conspiracy[FN13] or on knowledge of all the details of the conspiracy,[FN14] or on knowledge of the identity of all the other conspirators.[FN15]

### CUMULATIVE SUPPLEMENT

#### Cases:

Evidence was insufficient to prove defendants knowingly possessed large amount of cocaine, as required to support conviction for possession with intent to distribute cocaine and conspiracy to distribute cocaine; although defendants traveled for hours, each driving at times, in a car containing a large amount of cocaine concealed in hidden compartment welded within the airbag space under the passenger side of the dashboard, and defendants gave slightly inconsistent answers about their destination to law enforcement officer during traffic stop, neither defendant owned the car, both gave consistent statements about the purpose of the trip, and officer who stopped car testified that there was no obvious evidence of the concealed compartment, and that both defendants were cooperative, and not nervous.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

U.S. v. Mendoza-Larios, 416 F.3d 872 (8th Cir. 2005)

**[END OF SUPPLEMENT]**

[FN8] United States v. Falcone, 311 U.S. 205, 61 S. Ct. 204, 85 L. Ed. 128 (1940); U.S. v. Eltayib, 88 F.3d 157, 44 Fed. R. Evid. Serv. (LCP) 1438 (2d Cir. 1996), cert. denied, 117 S. Ct. 619, 136 L. Ed. 2d 543 (U.S. 1996); U.S. v. Capers, 61 F.3d 1100, 42 Fed. R. Evid. Serv. (LCP) 1284 (4th Cir. 1995), cert. denied, 116 S. Ct. 1830, 134 L. Ed. 2d 935 (U.S. 1996), reh'g denied, 117 S. Ct. 6, 135 L. Ed. 2d 1102 (U.S. 1996); U.S. v. Jensen, 41 F.3d 946 (5th Cir. 1994), reh'g and suggestion for reh'g en banc denied, (Jan. 24, 1995) and related reference, 49 F.3d 1049, 41 Fed. R. Evid. Serv. (LCP) 1236 (5th Cir. 1995), reh'g and suggestion for reh'g en banc denied, 53 F.3d 1283 (5th Cir. 1995) and cert. denied, 116 S. Ct. 167, 133 L. Ed. 2d 109 (U.S. 1995) and cert. denied, 514 U.S. 1101, 115 S. Ct. 1835, 131 L. Ed. 2d 754 (1995); U.S. v. Yusufu, 63 F.3d 505, 42 Fed. R. Evid. Serv. (LCP) 1062 (7th Cir. 1995), cert. denied, 116 S. Ct. 578, 133 L. Ed. 2d 501 (U.S. 1995); U.S. v. Crouch, 46 F.3d 871 (8th Cir. 1995), reh'g denied, (#94-1939) (Mar. 17, 1995) and reh'g and suggestion for reh'g en banc denied, (Mar. 29, 1995) and cert. denied, 116 S. Ct. 193, 133 L. Ed. 2d 129 (U.S. 1995); U.S. v. High, 117 F.3d 464 (11th Cir. 1997), reh'g and suggestion for reh'g en banc denied, 128 F.3d 734 (11th Cir. 1997); People v. Bath, 890 P.2d 269 (Colo. Ct. App. 1994), reh'g denied, (July 7, 1994); People v. Blume, 443 Mich. 476, 505 N.W.2d 843 (1993); Griffin v. State, 480 So. 2d 1124 (Miss. 1985), related reference, 565 So. 2d 545 (Miss. 1990); People v. Giordano, 211 A.D.2d 814, 622 N.Y.S.2d 89 (2d Dep't 1995), appeal granted, 85 N.Y.2d 860, 624 N.Y.S.2d 379, 648 N.E.2d 799 (1995) and appeal granted, 85 N.Y.2d 862, 624 N.Y.S.2d 381, 648 N.E.2d 801 (1995) and appeal granted, 85 N.Y.2d 862, 624 N.Y.S.2d 381, 648 N.E.2d 801 (1995) and order aff'd, 87 N.Y.2d 441, 640 N.Y.S.2d 432, 663 N.E.2d 588 (1995); State v. Mouzon, 321 S.C. 27, 467 S.E.2d 122 (Ct. App. 1995), reh'g denied, (Feb. 22, 1996) and cert. granted, (Aug. 23, 1996) and aff'd, 485 S.E.2d 918 (S.C. 1997).

[FN9] U.S. v. Morrow, 39 F.3d 1228, 41 Fed. R. Evid. Serv. (LCP) 648 (1st Cir. 1994), cert. denied, 514 U.S. 1010, 115 S. Ct. 1328, 131 L. Ed. 2d 208 (1995) and cert. denied, 514 U.S. 1045, 115 S. Ct. 1421, 131 L. Ed. 2d 304 (1995); U.S. v. Milligan, 17 F.3d 177, 1994 FED App. 66P (6th Cir. 1994), reh'g and reh'g en banc denied, (926666) (Mar. 31, 1994) and cert. denied, 513 U.S. 879, 115 S. Ct. 211, 130 L. Ed. 2d 140 (1994); U.S. v. Dolan, 120 F.3d 856 (8th Cir. 1997); U.S. v. Kim, 65 F.3d 123 (9th Cir. 1995); U.S. v. Pretty, 98 F.3d 1213 (10th Cir. 1996), cert. denied, 117 S. Ct. 2436, 138 L. Ed. 2d 197 (U.S. 1997) and cert. denied, 117 S. Ct. 2436, 138 L. Ed. 2d 197 (U.S. 1997); U.S. v. Twitty, 107 F.3d 1482 (11th Cir. 1997), cert. denied, 118 S. Ct. 253 (U.S. 1997); Strickland v. State, 16 Ark. App. 293, 701 S.W.2d 127 (1985); People v. Justice, 454 Mich. 334, 562 N.W.2d 652 (1997);

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Com. v. Davis, 312 Pa. Super. 85, 458 A.2d 248 (1983); Turner v. State, 720 S.W.2d 161 (Tex. App. San Antonio 1986), petition for discretionary review refused, (Dec. 2, 1987).

A person must have a general awareness of both the scope and the objective of the enterprise to be regarded as a coconspirator. U.S. v. McCullah, 76 F.3d 1087 (10th Cir. 1996), reh'g and reh'g en banc denied, 87 F.3d 1136 (10th Cir. 1996) and cert. denied, 117 S. Ct. 1699, 137 L. Ed. 2d 825 (U.S. 1997).

[FN10] U.S. v. Ruiz, 105 F.3d 1492 (1st Cir. 1997); U.S. v. Desimone, 119 F.3d 217 (2d Cir. 1997); U.S. v. Washington, 48 F.3d 73 (2d Cir. 1995), cert. denied, 515 U.S. 1151, 115 S. Ct. 2596, 132 L. Ed. 2d 843 (1995); U.S. v. Capers, 61 F.3d 1100, 42 Fed. R. Evid. Serv. (LCP) 1284 (4th Cir. 1995), cert. denied, 116 S. Ct. 1830, 134 L. Ed. 2d 935 (U.S. 1996), reh'g denied, 117 S. Ct. 6, 135 L. Ed. 2d 1102 (U.S. 1996); U.S. v. Westbrook, 119 F.3d 1176 (5th Cir. 1997), petition for cert. filed (U.S. Nov. 3, 1997) and petition for cert. filed (U.S. Nov. 3, 1997); U.S. v. Jobe, 101 F.3d 1046 (5th Cir. 1996), cert. denied, 118 S. Ct. 81 (U.S. 1997) and cert. denied, 118 S. Ct. 81 (U.S. 1997) and cert. denied, 118 S. Ct. 81 (U.S. 1997) and cert. denied, 118 S. Ct. 81 (U.S. 1997); U.S. v. Taylor, 116 F.3d 269 (7th Cir. 1997); U.S. v. Cabrera, 116 F.3d 1243 (8th Cir. 1997); U.S. v. Melvin, 91 F.3d 1218, 45 Fed. R. Evid. Serv. (LCP) 364 (9th Cir. 1996); U.S. v. Pretty, 98 F.3d 1213 (10th Cir. 1996), cert. denied, 117 S. Ct. 2436, 138 L. Ed. 2d 197 (U.S. 1997) and cert. denied, 117 S. Ct. 2436, 138 L. Ed. 2d 197 (U.S. 1997); U.S. v. Arnold, 117 F.3d 1308 (11th Cir. 1997); U.S. v. White, 116 F.3d 903, 47 Fed. R. Evid. Serv. (LCP) 472 (D.C. Cir. 1997), cert. denied, 118 S. Ct. 390 (U.S. 1997) and cert. denied, 118 S. Ct. 391 (U.S. 1997); State v. Elijah, 42 Conn. App. 687, 682 A.2d 506 (1996), certification denied, 239 Conn. 936, 684 A.2d 709 (1996); Irving v. U.S., 673 A.2d 1284 (D.C. 1996); Com. v. Shapiro, 10 Mass. App. Ct. 678, 411 N.E.2d 1332 (1980); People v. Blume, 443 Mich. 476, 505 N.W.2d 843 (1993); Franklin v. State, 676 So. 2d 287 (Miss. 1996); Doyle v. State, 112 Nev. 879, 921 P.2d 901 (1996), reh'g denied, (June 23, 1997); Com. v. Davis, 312 Pa. Super. 85, 458 A.2d 248 (1983); State v. Shropshire, 874 S.W.2d 634 (Tenn. Crim. App. 1993), reh'g denied, (Sept. 23, 1993) and appeal denied, (Feb. 28, 1994) and denial of post-conviction relief aff'd by, 1996 WL 189931 (Tenn. Crim. App. 1996) and denial of post-conviction relief aff'd by, 1997 WL 122238 (Tenn. Crim. App. 1997), appeal denied, (Nov. 3, 1997); McLaughlin v. State, 626 P.2d 63 (Wyo. 1981).

Participation in single act in furtherance of conspiracy is enough to sustain finding of knowing participation. State v. Goodrum, 39 Conn. App. 526, 665 A.2d 159 (1995), certification denied, 235 Conn. 929, 667 A.2d 554 (1995) and habeas corpus denied, 1996 WL 694639 (Conn. Super. Ct. 1996).

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

[FN11] U.S. v. Heater, 63 F.3d 311, 76 A.F.T.R.2d (P-H) ¶95-5928, 130 A.L.R. Fed. 665 (4th Cir. 1995), cert. denied, 116 S. Ct. 796, 133 L. Ed. 2d 744 (U.S. 1996); U.S. v. Cabrera, 116 F.3d 1243 (8th Cir. 1997); U.S. v. Hubbard, 96 F.3d 1223 (9th Cir. 1996); U.S. v. Lyons, 53 F.3d 1198 (11th Cir. 1995), cert. denied, 116 S. Ct. 262, 133 L. Ed. 2d 185 (U.S. 1995) and cert. denied, 116 S. Ct. 350, 133 L. Ed. 2d 246 (U.S. 1995); State v. Arredondo, 155 Ariz. 314, 746 P.2d 484 (1987); State v. Fleming, 36 Conn. App. 556, 651 A.2d 1341 (1995), certification denied, 233 Conn. 913, 659 A.2d 186 (1995); People v. Kabakovich, 245 Ill. App. 3d 943, 186 Ill. Dec. 51, 615 N.E.2d 855 (2d Dist. 1993); Com. v. Wilson, 38 Mass. App. Ct. 680, 651 N.E.2d 854 (1995), review denied, 421 Mass. 1101, 654 N.E.2d 1202 (1995); People v. Justice, 454 Mich. 334, 562 N.W.2d 652 (1997); Doyle v. State, 112 Nev. 879, 921 P.2d 901 (1996), reh'g denied, (June 23, 1997); Com. v. Swerdlow, 431 Pa. Super. 453, 636 A.2d 1173 (1994); Wilson v. Wilson, 319 S.C. 370, 461 S.E.2d 816 (1995); State v. Cook, 749 S.W.2d 42 (Tenn. Crim. App. 1987), post-conviction relief denied, 1991 WL 44976 (Tenn. Crim. App. 1991), appeal denied, (July 10, 1991) and appeal denied, (Feb. 7, 1994); McLaughlin v. State, 626 P.2d 63 (Wyo. 1981).

[FN12] Henderson v. U.S., 237 F.2d 169, 61 A.L.R.2d 666 (5th Cir. 1956).

[FN13] U.S. v. Millar, 79 F.3d 338 (2d Cir. 1996), on remand to, 945 F. Supp. 46 (W.D.N.Y. 1996), aff'd, 108 F.3d 1370 (2d Cir. 1997), related reference, 1997 WL 765795 (W.D.N.Y. 1997); U.S. v. Wilson, 23 F.2d 112 (N.D. W. Va. 1927); U.S. v. Morgan, 117 F.3d 849 (5th Cir. 1997), reh'g denied, (Aug. 14, 1997) and cert. denied, 118 S. Ct. 454 (U.S. 1997) and cert. denied, 1997 WL 739307 (U.S. 1997); U.S. v. McCarthy, 97 F.3d 1562, 45 Fed. R. Evid. Serv. (LCP) 297 (8th Cir. 1996), cert. denied, 117 S. Ct. 1011, 136 L. Ed. 2d 888 (U.S. 1997) and cert. denied, 117 S. Ct. 1284, 137 L. Ed. 2d 359 (U.S. 1997); Irving v. U.S., 673 A.2d 1284 (D.C. 1996); People v. Grant, 455 Mich. 221, 565 N.W.2d 389 (1997), reh'g denied, 568 N.W.2d 670 (Mich. 1997).

Knowledge of conspiracy's essential features and broad scope, though not of its exact limits, is sufficient evidence to convict defendant of conspiracy. U.S. v. Knowles, 66 F.3d 1146, 43 Fed. R. Evid. Serv. (LCP) 200 (11th Cir. 1995), cert. denied, 116 S. Ct. 1449, 134 L. Ed. 2d 568 (U.S. 1996) and affd, 117 F.3d 1430 (11th Cir. 1997).

[FN14] U.S. v. Josleyn, 99 F.3d 1182 (1st Cir. 1996), cert. denied, 117 S. Ct. 959, 136 L. Ed. 2d 845 (U.S. 1997); U.S. v. Amiel, 95 F.3d 135 (2d Cir. 1996); U.S. v. Burgos, 94 F.3d 849 (4th Cir. 1996), cert. denied, 117 S. Ct. 1087, 137 L. Ed. 2d 221 (U.S. 1997); U.S. v. Wilson, 116 F.3d 1066 (5th Cir. 1997), reh'g en banc granted, 123 F.3d 213 (5th Cir. 1997) and petition for cert. filed (U.S. Sept. 24, 1997); U.S. v. Homick, 964 F.2d 899 (9th Cir. 1992); U.S. v. Knowles, 66 F.3d 1146, 43 Fed. R. Evid. Serv. (LCP) 200 (11th Cir. 1995), cert. denied, 116 S. Ct. 1449, 134 L. Ed. 2d 568 (U.S. 1996) and

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

affd, 117 F.3d 1430 (11th Cir. 1997); Kilgore v. State, 251 Ga. 291, 305
S.E.2d 82 (1983); State v. Jenner, 434 N.W.2d 76 (S.D. 1988), denial of
habeas corpus aff'd by, 521 N.W.2d 422 (S.D. 1994) and denial of habeas cor-
pus aff'd by, 79 F.3d 736 (8th Cir. 1996), cert. denied, 117 S. Ct. 194, 136
L. Ed. 2d 131 (U.S. 1996).

A conspirator need not be aware of the activities of all other coconspirat-
ors in order to be convicted of conspiracy. U.S. v. Scott, 64 F.3d 377 (8th
Cir. 1995).

[FN15] Blumenthal v. U.S., 332 U.S. 539, 68 S. Ct. 248, 92 L. Ed. 154
(1947), reh'g denied, 332 U.S. 856, 68 S. Ct. 385, 92 L. Ed. 425 (1948) and
reh'g denied, 332 U.S. 856, 68 S. Ct. 385, 92 L. Ed. 425 (1948) and reh'g
denied, 332 U.S. 856, 68 S. Ct. 385, 92 L. Ed. 425 (1948); U.S. v. Josleyn,
99 F.3d 1182 (1st Cir. 1996), cert. denied, 117 S. Ct. 959, 136 L. Ed. 2d
845 (U.S. 1997); U.S. v. Millar, 79 F.3d 338 (2d Cir. 1996), on remand to,
945 F. Supp. 46 (W.D.N.Y. 1996), aff'd, 108 F.3d 1370 (2d Cir. 1997), re-
lated reference, 1997 WL 765795 (W.D.N.Y. 1997); U.S. v. Burgos, 94 F.3d 849
(4th Cir. 1996), cert. denied, 117 S. Ct. 2d 221 (U.S.
1997); U.S. v. Wilson, 116 F.3d 1066 (5th Cir. 1997), reh'g en banc granted,
123 F.3d 213 (5th Cir. 1997) and petition for cert. filed (U.S. Sept. 24,
1997); U.S. v. Rogers, 118 F.3d 466, 47 Fed. R. Evid. Serv. (LCP) 509, 1997
FED App. 198P (6th Cir. 1997); Granada v. U.S., 51 F.3d 82 (7th Cir. 1995),
cert. denied, 116 S. Ct. 970, 133 L. Ed. 2d 890 (U.S. 1996); U.S. v. Mc-
Carthy, 97 F.3d 1562, 45 Fed. R. Evid. Serv. (LCP) 297 (8th Cir. 1996),
cert. denied, 117 S. Ct. 1011, 136 L. Ed. 2d 888 (U.S. 1997) and cert.
denied, 117 S. Ct. 1284, 137 L. Ed. 2d 359 (U.S. 1997); U.S. v. Knowles, 66
F.3d 1146, 43 Fed. R. Evid. Serv. (LCP) 200 (11th Cir. 1995), cert. denied,
116 S. Ct. 1449, 134 L. Ed. 2d 568 (U.S. 1996) and affd, 117 F.3d 1430 (11th
Cir. 1997); Kilgore v. State, 251 Ga. 291, 305 S.E.2d 82 (1983); People v.
Grant, 455 Mich. 221, 565 N.W.2d 389 (1997), reh'g denied, 568 N.W.2d 670
(Mich. 1997); Com. v. Grekis, 411 Pa. Super. 494, 601 A.2d 1275 (1992);
State v. Hecht, 116 Wis. 2d 605, 342 N.W.2d 721 (1984).

A conspiracy can exist even if each participant does not know identity of
the others; all that is required is that a participant know of the existence
of the others and their activities to further conspiracy. U.S. v. Monroe, 73
F.3d 129 (7th Cir. 1995), affd, 124 F.3d 206 (7th Cir. 1997).

A "wheel conspiracy" involves a central "hub" figure whose associates are
the "spokes" and know that they are working for the hub, while in a "chain
conspiracy" several "links" lead linearly from the source and while each
link may not know the entire chain, the links eventually lead back to
source. U.S. v. Payne, 99 F.3d 1273 (5th Cir. 1996).

The mere fact that it is not shown that each defendant knew each and every

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

other conspirator and every step taken by them does not place the individual defendants outside the scope of a single conspiracy; each defendant may be found to have contributed to the success of the overall conspiracy, notwith-standing that he or she operated on only one level. U.S. v. Agueci, 310 F.2d 817, 99 A.L.R.2d 478 (2d Cir. 1962), cert. denied, 372 U.S. 959, 83 S. Ct. 1013, 10 L. Ed. 2d 11 (1963) and cert. denied, 372 U.S. 959, 83 S. Ct. 1013, 10 L. Ed. 2d 11 (1963) and cert. denied, 372 U.S. 959, 83 S. Ct. 1013, 10 L. Ed. 2d 11 (1963) and cert. denied, 372 U.S. 959, 83 S. Ct. 1013, 10 L. Ed. 2d 11 (1963) and cert. denied, 372 U.S. 959, 83 S. Ct. 1016, 10 L. Ed. 2d 12 (1963) and cert. denied, 372 U.S. 959, 83 S. Ct. 1016, 10 L. Ed. 2d 12 (1963) and cert. denied, 372 U.S. 959, 83 S. Ct. 1016, 10 L. Ed. 2d 12 (1963) and post-conviction relief dismissed, 741 F. Supp. 409 (S.D.N.Y. 1990), reconsideration denied, (June 4, 1990) and aff'd, 930 F.2d 910 (2d Cir. 1991).

© 2008 Thomson/West. Volumes 33-34B © 2008 Thomsom/RIA. No Claim to Orig. U.S. Govt. Works. All rights reserved.

AMJUR CONSPIRACY § 14

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.



American Jurisprudence, Second Edition
Database updated March 2008

Conspiracy
Joseph J. Bassano, J.D.

I. Criminal Liability [§§ 1-49]
B. Elements of Offense [§§ 10-15]

Topic Summary  Correlation Table  References

**§ 15. Overt act**

At common law a criminal conspiracy was completed when the agreement was made, and an overt act was not a necessary incident of the crime.[FN16] While the common-law rule is followed in a number of jurisdictions,[FN17] other jurisdictions require, as a statutory element of establishing conspiracy, that the conspirators commit an overt act in furtherance of the conspiracy agreement,[FN18] and under this rule the crime of conspiracy is complete upon the agreement and performance of the overt act in furtherance of the agreement.[FN19]

The Federal conspiracy statute making it a crime for two or more persons to conspire to commit any offense against the United States, or to defraud the United States or its agencies in any manner, requires that one or more of such persons perform an overt act to effect the object of the conspiracy.[FN20]

Where an overt act is required for a conspiracy prosecution, the act need not be unlawful,[FN21] but may be any act, innocent or illegal,[FN22] accompanying or following the agreement,[FN23] which is done in furtherance of the object or purpose of the conspiracy.[FN24] A single overt act[FN25] committed by one of the coconspirators[FN26] is sufficient. But an act prior to the conspiratorial agreement cannot be an overt act.[FN27]

Where required, the overt act may be the substantive offense alleged to be the purpose of the conspiracy,[FN28] but it need not be.[FN29]

[FN16] Hogan v. O'Neill, 255 U.S. 52, 41 S. Ct. 222, 65 L. Ed. 497 (1921); Garland v. State, 112 Md. 83, 75 A. 631 (1910); Alderman v. People, 4 Mich. 414 (1857); State v. Bacon, 27 R.I. 252, 61 A. 653 (1905).

As to agreement generally, see § 10.

[FN17] U.S. v. Morin, 80 F.3d 124 (4th Cir. 1996), vacated on other grounds,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.


124 F.3d 649 (4th Cir. 1997); U.S. v. Polk, 56 F.3d 613, 42 Fed. R. Evid.
Serv. (LCP) 746 (5th Cir. 1995), reh'g denied, (July 14, 1995); U.S. v.
Hayter Oil Co., Inc. of Greeneville, Tenn., 51 F.3d 1265, 1995 FED App. 115P
(6th Cir. 1995); State v. Denman, 186 Ariz. 390, 923 P.2d 856 (Ct. App. Div.
1 1996), review denied, (Sept. 17, 1996); Rollins v. State, 215 Ga. 437, 111
S.E.2d 63 (1959); People v. Cooper, 239 Ill. App. 3d 336, 179 Ill. Dec. 873,
606 N.E.2d 705 (5th Dist. 1992); State v. Tebo, 256 Iowa 449, 127 N.W.2d 646
(1964); Williams v. State, 329 Md. 1, 616 A.2d 1275 (1992); People v.
Meredith, 209 Mich. App. 403, 531 N.W.2d 749 (1995), appeal denied, 450
Mich. 852, 538 N.W.2d 677 (1995) and appeal denied, 538 N.W.2d 678 (Mich.
1995) and appeal denied, 538 N.W.2d 677 (Mich. 1995); State v. Thomas, 645
So. 2d 931 (Miss. 1994); State v. Scherzer, 301 N.J. Super. 363, 694 A.2d
196 (App. Div. 1997), certification denied, 151 N.J. 466, 700 A.2d 878
(1997) and certification denied, 151 N.J. 466, 700 A.2d 878 (1997) and cer-
tification denied, 151 N.J. 466, 700 A.2d 878 (1997); State v. Padilla, 118
N.M. 189, 879 P.2d 1208 (Ct. App. 1994), cert. denied, 117 N.M. 802, 877
P.2d 1105 (1994) and cert. denied, 117 N.M. 802, 877 P.2d 1105 (1994); State
v. Brewer, 258 N.C. 533, 129 S.E.2d 262, 1 A.L.R.3d 1323 (1963), appeal dis-
missed, 375 U.S. 9, 84 S. Ct. 72, 11 L. Ed. 2d 40 (1963); Stevens v. Com.,
14 Va. App. 238, 415 S.E.2d 881 (1992).

Under South Carolina law, a conspiracy does not require overt acts; sub-
stantive crimes committed in furtherance of a conspiracy simply constitute
circumstantial evidence of existence of conspiracy, its object, and scope.
State v. Mouzon, 321 S.C. 27, 467 S.E.2d 122 (Ct. App. 1995), reh'g denied,
(Feb. 22, 1996) and cert. granted, (Aug. 23, 1996) and aff'd, 485 S.E.2d 918
(S.C. 1997). Where, under provisions of statute, a conspiracy is complete
when the illegal agreement is made, no overt act need be shown. U.S. v.
Clemente, 22 F.3d 477 (2d Cir. 1994), cert. denied, 513 U.S. 900, 115 S. Ct.
258, 130 L. Ed. 2d 178 (1994); State v. Wrisley, 138 Or. App. 344, 909 P.2d
877 (1995), review allowed, 323 Or. 690, 920 P.2d 549 (1996).

[FN18] U.S. v. Pinckney, 85 F.3d 4 (2d Cir. 1996), related reference, 1996
WL 342009 (E.D.N.Y. 1996); U.S. v. Fleschner, 98 F.3d 155, 96-2 U.S. Tax
Cas. (CCH) ¶50536, 78 A.F.T.R.2d (P-H) ¶96-6760 (4th Cir. 1996), cert.
denied, 117 S. Ct. 2484, 138 L. Ed. 2d 992 (U.S. 1997); U.S. v. Gray, 96
F.3d 769, 112 Ed. Law Rep. 637 (5th Cir. 1996), cert. denied, 117 S. Ct.
1275, 137 L. Ed. 2d 351 (U.S. 1997); U.S. v. Trigg, 119 F.3d 493 (7th Cir.
1997); U.S. v. Fetlow, 21 F.3d 243 (8th Cir. 1994), reh'g denied, (#93-2558,
#93-2763) (June 24, 1994) and cert. denied, 513 U.S. 977, 115 S. Ct. 456,
130 L. Ed. 2d 365 (1994); U.S. v. Carpenter, 95 F.3d 773 (9th Cir. 1996),
cert. denied, 117 S. Ct. 1094, 137 L. Ed. 2d 227 (U.S. 1997); U.S. v. Wynn,
61 F.3d 921 (D.C. Cir. 1995), amended on other grounds, (Oct. 4, 1995) and
cert. denied, 116 S. Ct. 578, 133 L. Ed. 2d 501 (U.S. 1995); Williams v.
State, 665 So. 2d 955 (Ala. Crim. App. 1994), affd, 668 So. 2d 950 (Ala.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Crim. App. 1995); Jones v. State, 45 Ark. App. 28, 871 S.W.2d 403 (1994);
People v. Morante, 56 Cal. App. 4th 163, 65 Cal. Rptr. 2d 287 (2d Dist.
1997), review granted and opinion superseded on other grounds, 68 Cal. Rptr.
2d 295, 945 P.2d 286 (Cal. 1997); People v. Hood, 878 P.2d 89 (Colo. Ct.
App. 1994), cert. denied, (Aug. 8, 1994); State v. Diaz, 237 Conn. 518, 679
A.2d 902 (1996); Akins v. U.S., 679 A.2d 1017 (D.C. 1996); People v. Adams,
238 Ill. App. 3d 733, 179 Ill. Dec. 747, 606 N.E.2d 579 (1st Dist. 1992),
appeal denied, 149 Ill. 2d 652, 183 Ill. Dec. 864, 612 N.E.2d 516 (1993);
Vance v. State, 640 N.E.2d 51 (Ind. 1994); State v. Hill, 252 Kan. 637, 847
P.2d 1267 (1993); State v. Pooler, 696 So. 2d 22 (La. Ct. App. 1st Cir.
1997), writ denied, 97-1470 (La. 11/14/97 (La. 1997); State v. Hansen, 252
Neb. 489, 562 N.W.2d 840 (1997); People v. Gerenstein, 179 A.D.2d 930, 580
N.Y.S.2d 489 (3d Dep't 1992), appeal denied, 79 N.Y.2d 1049, 584 N.Y.S.2d
1016, 596 N.E.2d 414 (1992); Mayes v. State, 887 P.2d 1288 (Okla. Crim. App.
1994) and cert. denied, 513 U.S. 1194, 115 S. Ct. 1260, 131 L. Ed. 2d 140
(1995) and denial of post-conviction relief aff'd by, 921 P.2d 367 (Okla.
Crim. App. 1996); Com. v. Rios, 546 Pa. 271, 684 A.2d 1025 (1996), cert.
denied, 117 S. Ct. 1825, 137 L. Ed. 2d 1032 (U.S. 1997); State v. Perkinson,
867 S.W.2d 1 (Tenn. Crim. App. 1992), appeal denied, (Feb. 1, 1993); Shears
v. State, 895 S.W.2d 456 (Tex. App. Tyler 1995); State v. Broughton, 196 W.
Va. 281, 470 S.E.2d 413 (1996).

[FN19] People v. Von Villas, 11 Cal. App. 4th 175, 15 Cal. Rptr. 2d 112 (2d
Dist. 1992), reh'g denied, (Dec. 3, 1992) and opinion modified on other
grounds, (Dec. 15, 1992) and review denied, (Feb. 11, 1993) and cert.
denied, 510 U.S. 838, 114 S. Ct. 118, 126 L. Ed. 2d 83 (1993) and affd, 36
Cal. App. 4th 1425, 43 Cal. Rptr. 2d 233 (2d Dist. 1995), reh'g denied,
(Aug. 9, 1995) and review denied, (Nov. 2, 1995); Smith v. State, 655 N.E.2d
532 (Ind. Ct. App. 1995), reh'g denied, (Oct. 11, 1995) and transfer denied,
(Dec. 14, 1995); State v. Butler, 646 So. 2d 925 (La. Ct. App. 1st Cir.
1994), reh'g denied, (Jan. 18, 1995) and writ denied, 655 So. 2d 340 (La.
1995); Phillips v. State, 835 P.2d 1062 (Wyo. 1992).

[FN20] 18 USCA § 371.

To prove conspiracy under the statute, the government must establish both an
agreement to engage in the criminal activity charged and one or more overt
acts taken to implement the agreement. U.S. v. Grossman, 117 F.3d 255 (5th
Cir. 1997); U.S. v. Ruiz, 105 F.3d 1492 (1st Cir. 1997); U.S. v. Brenson,
104 F.3d 1267 (11th Cir. 1997), reh'g and suggestion for reh'g en banc
denied, 113 F.3d 1253 (11th Cir. 1997) and cert. denied, 118 S. Ct. 214
(U.S. 1997); U.S. v. Kraig, 99 F.3d 1361, 96-2 U.S. Tax Cas. (CCH) ¶50616,
78 A.F.T.R.2d (P-H) ¶96-7063, 1996 FED App. 355P (6th Cir. 1996); U.S. v.
Pretty, 98 F.3d 1213 (10th Cir. 1996), cert. denied, 117 S. Ct. 2436, 138 L.
Ed. 2d 197 (U.S. 1997) and cert. denied, 117 S. Ct. 2436, 138 L. Ed. 2d 197
(U.S. 1997); U.S. v. Hubbard, 96 F.3d 1223 (9th Cir. 1996); U.S. v. Pinck-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

ney, 85 F.3d 4 (2d Cir. 1996), related reference, 1996 WL 342009 (E.D.N.Y. 1996); U.S. v. Archambault, 62 F.3d 995 (7th Cir. 1995); U.S. v. Dean, 55 F.3d 640 (D.C. Cir. 1995), reh'g in banc denied, (Sept. 13, 1995) and cert. denied, 116 S. Ct. 1288, 134 L. Ed. 2d 232 (U.S. 1996).

[FN21] Braverman v. U.S., 317 U.S. 49, 63 S. Ct. 99, 87 L. Ed. 23, 42-2 U.S. Tax Cas. (CCH) ¶9731, 29 A.F.T.R. (P-H) ¶1195 (1942); U.S. v. Pomranz, 43 F.3d 156 (5th Cir. 1995), reh'g and suggestion for reh'g en banc denied, 50 F.3d 1035 (5th Cir. 1995) and cert. denied, 116 S. Ct. 513, 133 L. Ed. 2d 422 (U.S. 1995); U.S. v. Lukens, 114 F.3d 1220 (D.C. Cir. 1997); People v. Morante, 56 Cal. App. 4th 163, 65 Cal. Rptr. 2d 287 (2d Dist. 1997), review granted and opinion superseded on other grounds, 68 Cal. Rptr. 2d 295, 945 P.2d 286 (Cal. 1997); State v. Ellis, 657 So. 2d 341 (La. Ct. App. 5th Cir. 1995), reh'g denied, (July 17, 1995) and writ denied, 664 So. 2d 421 (La. 1995) and writ denied, 666 So. 2d 300 (La. 1996); State v. Hansen, 252 Neb. 489, 562 N.W.2d 840 (1997); McGee v. State, 909 S.W.2d 516 (Tex. App. Tyler 1995), petition for discretionary review refused, (Oct. 11, 1995) and reh'g overruled, (Nov. 1, 1995); Burk v. State, 848 P.2d 225 (Wyo. 1993).

[FN22] State v. Ellis, 657 So. 2d 341 (La. Ct. App. 5th Cir. 1995), reh'g denied, (July 17, 1995) and writ denied, 664 So. 2d 421 (La. 1995) and writ denied, 666 So. 2d 300 (La. 1996); In Interest of P.A., 1997 ND 146, 566 N.W.2d 422 (N.D. 1997); People v. Garcia, 229 A.D.2d 931, 645 N.Y.S.2d 377 (4th Dep't 1996), appeal denied, 88 N.Y.2d 1020, 651 N.Y.S.2d 19, 673 N.E.2d 1246 (1996); Burk v. State, 848 P.2d 225 (Wyo. 1993).

Silence can be an overt act in furtherance of a conspiracy if it is a planned act and is intended to facilitate the conspiracy. U. S. v. Eucker, 532 F.2d 249, Fed. Sec. L. Rep. (CCH) ¶95460 (2d Cir. 1976), affd, 537 F.2d 718 (2d Cir. 1976), cert. denied, 429 U.S. 822, 97 S. Ct. 73, 50 L. Ed. 2d 84 (1976) and cert. denied, 429 U.S. 1044, 97 S. Ct. 747, 50 L. Ed. 2d 757 (1977); State v. Null, 247 Neb. 192, 526 N.W.2d 220 (1995).

[FN23] U.S. v. Westbrook, 114 F. Supp. 192 (W.D. Ark. 1953); U.S. v. Hope, 901 F.2d 1013 (11th Cir. 1990), cert. denied, 498 U.S. 1041, 111 S. Ct. 713, 112 L. Ed. 2d 702 (1991); State v. Mayeaux, 570 So. 2d 185 (La. Ct. App. 5th Cir. 1990), writ denied, 575 So. 2d 386 (La. 1991).

[FN24] United States v. Falcone, 311 U.S. 205, 61 S. Ct. 204, 85 L. Ed. 128 (1940); U.S. v. Fleschner, 98 F.3d 155, 96-2 U.S. Tax Cas. (CCH) ¶50536, 78 A.F.T.R.2d (P-H) ¶96-6760 (4th Cir. 1996), cert. denied, 117 S. Ct. 2484, 138 L. Ed. 2d 992 (U.S. 1997); U.S. v. Pomranz, 43 F.3d 156 (5th Cir. 1995), reh'g and suggestion for reh'g en banc denied, 50 F.3d 1035 (5th Cir. 1995) and cert. denied, 116 S. Ct. 513, 133 L. Ed. 2d 422 (U.S. 1995); U.S. v. Kraig, 99 F.3d 1361, 96-2 U.S. Tax Cas. (CCH) ¶50616, 78 A.F.T.R.2d (P-H) ¶96-7063, 1996 FED App. 355P (6th Cir. 1996); U.S. v. Hickok, 77 F.3d 992

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(7th Cir. 1996), cert. denied, 116 S. Ct. 1701, 134 L. Ed. 2d 800 (U.S. 1996); U.S. v. Stoner, 98 F.3d 527 (10th Cir. 1996); People v. Longines, 34 Cal. App. 4th 621, 40 Cal. Rptr. 2d 356 (1st Dist. 1995), review denied, (July 19, 1995); State v. Pooler, 696 So. 2d 22 (La. Ct. App. 1st Cir. 1997), writ denied, 97-1470 La. 11/14/97 (La. 1997).

[FN25] U.S. v. Westbrook, 114 F. Supp. 192 (W.D. Ark. 1953); U.S. v. Dean, 55 F.3d 640 (D.C. Cir. 1995), reh'g in banc denied, (Sept. 13, 1995) and cert. denied, 116 S. Ct. 1288, 134 L. Ed. 2d 232 (U.S. 1996).

[FN26] U.S. v. Leonard, 61 F.3d 1181 (5th Cir. 1995); U.S. v. Nelson, 66 F.3d 1036 (9th Cir. 1995); U.S. v. Dean, 55 F.3d 640 (D.C. Cir. 1995), reh'g in banc denied, (Sept. 13, 1995) and cert. denied, 116 S. Ct. 1288, 134 L. Ed. 2d 232 (U.S. 1996); People v. Morante, 56 Cal. App. 4th 163, 65 Cal. Rptr. 2d 287 (2d Dist. 1997), review granted and opinion superseded on other grounds, 68 Cal. Rptr. 2d 295, 945 P.2d 286 (Cal. 1997).

For the crime of conspiracy to be complete, one or more of the conspirators must have performed overt act to bring about object of conspiracy, and an overt act in furtherance of the conspiracy by a nonconspirator does not suffice. U.S. v. Manges, 110 F.3d 1162 (5th Cir. 1997), reh'g and suggestion for reh'g en banc denied, 116 F.3d 1479 (5th Cir. 1997) and petition for cert. filed, 66 U.S.L.W. 3170 (U.S. Aug. 19, 1997).

A particular defendant need not commit any specific alleged overt act as long as one of his or her coconspirators was involved in the overt act. Nassif v. U. S., 370 F.2d 147 (8th Cir. 1966); People v. Fenenbock, 46 Cal. App. 4th 1688, 47 Cal. App. 4th 1167c, 54 Cal. Rptr. 2d 608 (1st Dist. 1996), as modified on other grounds on denial of reh'g, (July 31, 1996) and review denied, (Oct. 2, 1996); In Interest of J.C.S., 1997 ND 126, 565 N.W.2d 759 (N.D. 1997).

It is not required that each individual charged with crime of conspiracy commit overt act; it is sufficient if only one of the parties to the conspiracy commits an act towards execution of the goal of the conspiracy. State v. Olea, 139 Ariz. 280, 678 P.2d 465 (Ct. App. Div. 1 1983).

[FN27] U.S. v. Offutt, 127 F.2d 336 (App.D.C D.C. Cir. 1942); People v. Lowe, 209 A.D.2d 954, 619 N.Y.S.2d 231 (4th Dep't 1994), appeal denied, 85 N.Y.2d 860, 624 N.Y.S.2d 379, 648 N.E.2d 799 (1995) and appeal denied, 85 N.Y.2d 864, 624 N.Y.S.2d 383, 648 N.E.2d 803 (1995).

[FN28] U.S. v. Offutt, 127 F.2d 336 (App.D.C D.C. Cir. 1942); People v. Glubo, 5 N.Y.2d 461, 186 N.Y.S.2d 26, 158 N.E.2d 699 (1959).

The fact that an act is charged as a substantive offense does not preclude the state from also charging it as an overt act in furtherance of the con-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

spiracy. State v. Guerrero, 173 Ariz. 169, 840 P.2d 1034 (Ct. App. Div. 2 1992), review denied, (Dec. 1, 1992).

Where the acquittal of a substantive count does not constitute a determination that the alleged overt acts were not committed, the acquittal does not preclude a conviction on the conspiracy count. Nassif v. U. S., 370 F.2d 147 (8th Cir. 1966).

[FN29] Pierce v. U.S., 252 U.S. 239, 40 S. Ct. 205, 64 L. Ed. 542 (1920); U.S. v. Hickok, 77 F.3d 992 (7th Cir. 1996), cert. denied, 116 S. Ct. 1701, 134 L. Ed. 2d 800 (U.S. 1996); State v. Null, 247 Neb. 192, 526 N.W.2d 220 (1995); People v. Tavormina, 257 N.Y. 84, 177 N.E. 317, 75 A.L.R. 1405 (1931); Burk v. State, 848 P.2d 225 (Wyo. 1993).

© 2008 Thomson/West. Volumes 33-34B © 2008 Thomsom/RIA. No Claim to Orig. U.S. Govt. Works. All rights reserved.

AMJUR CONSPIRACY § 15

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.