1 **LUJAN AGUIGUI & PEREZ** LLP
Attorneys at Law
2 DNA Building, Suite 300
238 Archbishop Flores Street
3 Hagåtña, Guam 96910
Telephone (671) 477-8064/5
4 Facsimile (671) 477-5297

5 *Attorneys for Defendant Mary C. Garcia*

**FILED**
**DISTRICT COURT OF GUAM**

MAY 3 0 2008 R D.

**JEANNE G. QUINATA**
**Clerk of Court**

6

7 ## IN THE UNITED STATES DISTRICT COURT

8 ## DISTRICT OF GUAM

9

10 UNITED STATES OF AMERICA,                    CRIMINAL CASE NO. CR08-00004

11

12                          vs.                **DEFENDANT MARY C. GARCIA'S**

13 MARY C. GARCIA et al.,                       **PROPOSED JURY INSTRUCTION;**
                                                **CERTIFICATE OF SERVICE**

14

15                    Defendants.

16

17         COMES NOW, Defendant MARY C. GARCIA, through her counsels of record, and

18 submits the following proposed jury instruction and reserves the right to supplement with

19 additional proposed jury instructions.

20         A quick search on the Westlaw Federal Jury Instruction database using search parameters

21
"1028" /20 "identification document" resulted in a pattern instruction for 18 U.S.C. 1028(a)(1) from
22
23 the Fifth Circuit. A copy of the search results using the above parameters is attached as **Exhibit**

24 **A**. Thereafter, accessing the Fifth Circuit pattern instruction was as simple as clicking and

25 pressing a button. A copy of the Fifth Circuit pattern instruction is attached as **Exhibit B**. No

26 other federal pattern instruction for 18 U.S.C. 1028(a)(1) was found using the above search

27

28
_____
Page 1 of 3

*USA v. Mary C. Garcia*
Criminal Case No. CR08-00004
**Defendant Garcia's Proposed Jury Instruction; Certificate of Service**
Case 1:08-cr-00004 Document 208    Filed 05/30/2008    Page 1 of 33

ORIGINAL

parameters. Other search parameters were used and resulted in only the Fifth Circuit pattern instruction.

We object to the Government's proposed instruction contained in its Trial Memorandum filed on May 6, 2008 and subsequently orally amended in court on May 29, 2008. First, it is incomplete and fails to track the statute. Second, the Government's proposed instruction contains the following misleading language:

**A government employee whose duty is to issue identification documents, is, by issuing the document, authenticating it.**

**...**

**It is an offense under this section for a government employee to knowingly authenticate an official document without lawful authority.**

**A government agency employee acts without lawful authority if he or she knowingly fails to follow agency requirements or fails to comply with agency rules or procedures.**

The above language essentially amounts to the Government's attempt to insert its theory into a jury instruction concerning the elements of the alleged offense. It is not established law and certainly not contained in 18 U.S.C. 1028. The Government cites no authority supporting its inclusion of such language. Further, such language presents a real and tremendous risk of confusing jurors about the elements the Government must prove beyond a reasonable doubt.

For completeness, we request that a copy of the entire 18 U.S.C. 1028 be submitted as a jury instruction. A copy of the statute is attached as **Exhibit C.**

*USA v. Mary C. Garcia*
Criminal Case No. 08-00064-0000
Case 1:08-cr-00064-0000 Document 208    Filed 05/30/2008    Page 2 of 33
**Defendant Garcia's Proposed Jury Instruction; Certificate of Service**

Based on 18 U.S.C. 1028 and the Fifth Circuit pattern instruction, we request this Court to instruct the jury as follows:

> The defendant is charged in Count(s) ___ of the indictment with **Fraud in connection with an identification document** in violation of **Title 18 United States Code § 1028(a)(1).** In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

> **First,** that on or about _____, the defendant knowingly produced an identification document;

> **Second,** that the defendant knowingly did so without lawful authority; and

> **Third,** that the defendant knew that the production of the identification document is in or affects interstate or foreign commerce.

> The term "identification document" means a document made or issued by or under the authority of the United States Government, a State, political subdivision of a State, a sponsoring entity of an event designated as a special event of national significance, a foreign government, political subdivision of a foreign government, an international governmental or an international quasi-governmental organization which, when completed with information concerning a particular individual, is of a type intended or commonly accepted for the purpose of identification of individuals.

> The term "produce" includes alter, authenticate, or assemble.

Dated this 29th day of May, 2008.

LUJAN AGUIGUI & PEREZ LLP

By: _____
LEILANI V. LUJAN, ESQ.
*Attorneys for Defendant Mary C. Garcia*

G-0051/929-00/LVL:eol

*USA v. Mary C. Garcia*
*Criminal Case No. CR08-00004*
**Defendant Garcia's Proposed Jury Instruction; Certificate of Service**

Case 1:08-cr-00004 Document 208 Filed 05/30/2008 Page 3 of 33

1

## **CERTIFICATE OF SERVICE**

2      I, Leilani V. Lujan, certify that I caused a copy of **DEFENDANT MARY C.**

3  **GARCIA'S PROPOSED JURY INSTRUCTIONS** to be served on the following individuals

4  or entities on May _29th_, 2008, via hand delivery at the following address:

5

6                    Office of the United States Attorney
                        Karon V. Johnson, Esq.
7                        Assistant US Attorney
                        Suite 500, Sirena Plaza
8                      108 Hernan Cortez Avenue
                          Hagåtña, Guam 96910
9             *Attorneys for the United States of America*

10

11                        John T. Gorman, Esq.
                        Federal Public Defender
12                        First Hawaiian Bank
                          Maite, Guam 96910
13            *Attorneys for co-Defendant Eun Young Lee*

14

15                        Mark S. Smith, Esq.
                    Law Offices of Mark S. Smith
16              456 West O'Brien Drive, Suite 102-D
                          Hagåtña, Guam 96910
17          *Attorneys for co-Defendant Marcelino J. Laserna*

18

19                        Cynthia V. Ecube, Esq.
                    Law Offices of Cynthia V. Ecube
20                      207 Martyr Street, Suite 3
                        Travel Pacificana Building
21                        Hagåtña, Guam 96910
            *Attorneys for co-Defendant John W.C. Duenas*
22

23

24                        Louie J. Yanza, Esq.
                  MAHER YANZA FLYNN & TIMBLIN LLP
25                    115 Hesler Place, Ground Floor
                        Governor Flores Building
26                        Hagåtña, Guam 96910
            *Attorneys for co-Defendant Joseph Pangelinan*

27

28

*USA v. Mary C. Garcia*
*Criminal Case No. CR08-00004*
**Defendant Garcia's Proposed Jury Instruction; Certificate of Service**

Stephanie G. Flores, Esq.
Quan & Lopez LLP
Suite 202 Quan Building
324 West Soledad Avenue
Hagåtña, Guam 96910
*Attorneys for co-Defendant Francisco S.N. Kawamoto*

Rawlen M.T. Mantanona, Esq.
CABOT MANTANONA LLP
Edge Building, Second Floor
929 South Marine Corps. Drive
Tamuning, Guam 96913
*Attorneys for co-Defendant Margaret B. Untalan*

**LUJAN AGUIGUI & PEREZ** LLP

By: _____
**LEILANI V. LUJAN, ESQ.**
*Attorneys for Defendant Mary C. Garcia*

*USA v. Mary C. Garcia*
Criminal Case No. CR08-00004
Defendant Garcia's Proposed Jury Instruction; Certificate of Service

Case 1:08-cr-00004   Document 208   Filed 05/30/2008   Page 5 of 33


Westlaw.

1. Pattern Crim. Jury Instr. 5th Cir. 2.52 (2001) Federal Jury Practice And Instructions Prepared by the Committee on Pattern Jury Instructions District Judges Association Fifth Circuit Pattern Jury Instructions: Fifth Circuit, Criminal Cases II. Substantive Offense Instructions 2.52 Production of False Document with Intent to Defraud United States

   ...False Document with Intent to Defraud United States 18 U.S.C. § 1028(a)(1) Title 18, United States Code, Section 1028(a)(1) , makes it a crime for anyone knowingly and without lawful authority to produce an **identification document** or a false identification document under certain specified circumstances. For you to find a defendant guilty of this crime, you ...

   ...of three year's confinement was reversed because the trial court's instructions did not ask the jury to find that the **identification document** in question was one listed in § 1028(b)(1)(A) Interstate or foreign commerce may be affected even when the document transfer occurred entirely in a local ...

2. Pattern Crim. Jury Instr. 10th Cir. 2.49 (2006) Federal Jury Practice And Instructions Prepared by the Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit Criminal Pattern Jury Instructions: Tenth Circuit Substantive Offenses 2.49 False **Identification Documents** 18 U.S.C. § 1028(a)(3)

   ...Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit Substantive Offenses 2.49 False **Identification Documents** 18 U.S.C. § 1028(a)(3) The defendant is charged in count with a violation of 18 U.S.C. section 1028(a)(3) This law ...

3. Pattern Crim. Jury Instr. 11th Cir. OI 40.1 (2003) Federal Jury Practice And Instructions Prepared by Committee on Pattern Jury Instructions of the Judicial Council of the Eleventh Circuit Pattern Jury Instructions: Eleventh Circuit, Criminal Cases With Annotations and Comments Offense Instructions 1. Title 18 Offenses 40.1 False **Identification Documents** 18 USC § 1028(a)(3)

   ...Pattern Jury Instructions of the Judicial Council of the Eleventh Circuit Offense Instructions 1. Title 18 Offenses 40.1 False **Identification Documents** 18 USC § 1028(a)(3) Title 18, United States Code, Section 1028(a)(3) , makes it a Federal crime or offense for anyone to knowingly possess with intent to transfer unlawfully five ...

   ...between a place in the United States and a place outside the United States.] Annotations and Comments 18 USC § 1028(a)(3) provides: (a) Whoever— (3) knowingly possess with intent to use unlawfully or transfer unlawfully five or more **identification documents** (other than those issued lawfully for the use of the possessor) or false identification documents [shall be guilty of an ...

4. Pattern Crim. Jury Instr. 11th Cir. OI 40.2 (2003) Federal Jury Practice And Instructions Prepared by Committee on Pattern Jury Instructions of the Judicial Council of the Eleventh Circuit Pattern Jury Instructions: Eleventh Circuit, Criminal Cases With Annotations and Comments Offense Instructions 1. Title 18 Offenses 40.2 False **Identification Documents** 18 USC § 1028(a)(4)

West 2008 No Claim to Orig. U.S. Govt. Works

EXHIBIT "A"

...Pattern Jury Instructions of the Judicial Council of the Eleventh Circuit Offense Instructions 1. Title 18 Offenses 40.2 False **Identification Documents** 18 USC § **1028**(a)(4) Title 18, United States Code, Section **1028**(a)(4) makes it a federal crime or offense for anyone to knowingly possess a false **identification document** with the intent that such document be used to defraud the United States. The Defendant can be found guilty of ...

...prove, however, that any Government employee or officer was in fact misled or deceived. Annotations and Comments 18 USC § **1028**(a)(4) provides: (a) Whoever, in a circumstance described in subsection (c) of this section— (4) knowingly possesses an **identification document** (other than one issued lawfully for the use of the possessor) or a false identification document, with the intent such ...

West 2008 No Claim to Orig. U.S. Govt. Works

Westlaw.

FEDCRIM-JI5 2.52
Pattern Crim. Jury Instr. 5th Cir. 2.52 (2001)

Page 1

Federal Jury Practice And Instructions
Pattern Jury Instructions: Fifth Circuit, Criminal Cases
Prepared by the Committee on Pattern Jury Instructions District Judges Association Fifth Circuit

II. Substantive Offense Instructions

## 2.52 Production of False Document with Intent to Defraud United States

### 18 U.S.C. § 1028(a)(1)

Title 18, United States Code, Section **1028**(a)(1), makes it a crime for anyone knowingly and without lawful authority to produce an **identification document** or a false identification document under certain specified circumstances.

For you to find a defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant knowingly produced an identification document *[a false identification document]*;

*Second*: That he did so without lawful authority; and

*Third*: That the identification document *[false identification document]* is or appears to be issued by or under the authority of the United States.
or

*[Third*: That the defendant knowingly possessed an identification document not lawfully issued for his use *[a false identification]* with intent that the document be used to defraud the United States.]
or

*[Third*: That the production of the document is in or affects interstate or foreign commerce.]

The term "identification document" means a document made or issued by or under the authority of the United States Government, a State, political subdivision of a State, a foreign government, political subdivision of a foreign government, an international governmental or an international quasi-governmental organization which, when completed with information concerning a particular individual, is of a type intended or commonly accepted for the purpose of identification of individuals.

The term "produces" includes alter, authenticate, or assemble.

### Note

This is a complex statute. Section (a) describes seven different violations and section (b) provides different maximum sentences ranging from one year to 25 years depending on various facts. The instruction must be carefully tailored, therefore, to comply with the Apprendi doctrine.

For example, in United States v. Villarreal, 253 F.3d 831 (5th Cir.2001), a sentence in excess of three year's confinement was reversed because the trial court's instructions did not ask the jury to find that the **identification**

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT "B"

FEDCRIM-JI5 2.52
Pattern Crim. Jury Instr. 5th Cir. 2.52 (2001)

Page 2

**document** in question was one listed in § **1028**(b)(1)(A).

Interstate or foreign commerce may be affected even when the document transfer occurred entirely in a local venue. The focus is whether the document would have traveled in interstate or foreign commerce if the defendant had accomplished his intended goal. Thus, the commerce element is satisfied when a fraudulent document is sold to a foreign citizen who presumably desires to remain in this country and possibly travel into other states or countries. Villarreal, 253 F.3d at 834–35.

Definitions of "interstate commerce," "foreign commerce," and "commerce" are in the general instructions at Nos. 1.39, 1.40, and 1.41.

FEDCRIM-JI5 2.52

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

▷

**Effective: March 9, 2006**

United States Code Annotated Currentness
  Title 18. Crimes and Criminal Procedure (Refs & Annos)
    ⌐▣ Part I. Crimes (Refs & Annos)
      ⌐▣ Chapter 47. Fraud and False Statements (Refs & Annos)
        → **§ 1028. Fraud and related activity in connection with identification documents, authentication features, and information [FN1]**

(a) Whoever, in a circumstance described in subsection (c) of this section--

(1) knowingly and without lawful authority produces an identification document, authentication feature, or a false identification document;

(2) knowingly transfers an identification document, authentication feature, or a false identification document knowing that such document or feature was stolen or produced without lawful authority;

(3) knowingly possesses with intent to use unlawfully or transfer unlawfully five or more identification documents (other than those issued lawfully for the use of the possessor), authentication features, or false identification documents;

(4) knowingly possesses an identification document (other than one issued lawfully for the use of the possessor), authentication feature, or a false identification document, with the intent such document or feature be used to defraud the United States;

(5) knowingly produces, transfers, or possesses a document-making implement or authentication feature with the intent such document-making implement or authentication feature will be used in the production of a false identification document or another document-making implement or authentication feature which will be so used;

(6) knowingly possesses an identification document or authentication feature that is or appears to be an identification document or authentication feature of the United States or a sponsoring entity of an event designated as a special event of national significance which is stolen or produced without lawful authority knowing that such document or feature was stolen or produced without such authority;

(7) knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law; or

(8) knowingly traffics in false or actual authentication features for use in false identification documents, document-making implements, or means of identification;

shall be punished as provided in subsection (b) of this section.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT "C"

(b) The punishment for an offense under subsection (a) of this section is--

   (1) except as provided in paragraphs (3) and (4), a fine under this title or imprisonment for not more than 15 years, or both, if the offense is--

      (A) the production or transfer of an identification document, authentication feature, or false identification document that is or appears to be--

         (i) an identification document or authentication feature issued by or under the authority of the United States; or

         (ii) a birth certificate, or a driver's license or personal identification card;

      (B) the production or transfer of more than five identification documents, authentication features, or false identification documents;

      (C) an offense under paragraph (5) of such subsection; or

      (D) an offense under paragraph (7) of such subsection that involves the transfer, possession, or use of 1 or more means of identification if, as a result of the offense, any individual committing the offense obtains anything of value aggregating $1,000 or more during any 1-year period;

   (2) except as provided in paragraphs (3) and (4), a fine under this title or imprisonment for not more than 5 years, or both, if the offense is--

      (A) any other production, transfer, or use of a means of identification, an identification document,, [FN2] authentication feature, or a false identification document; or

      (B) an offense under paragraph (3) or (7) of such subsection;

   (3) a fine under this title or imprisonment for not more than 20 years, or both, if the offense is committed--

      (A) to facilitate a drug trafficking crime (as defined in section 929(a)(2));

      (B) in connection with a crime of violence (as defined in section 924(c)(3)); or

      (C) after a prior conviction under this section becomes final;

   (4) a fine under this title or imprisonment for not more than 30 years, or both, if the offense is committed to facilitate an act of domestic terrorism (as defined under section 2331(5) of this title) or an act of international terrorism (as defined in section 2331(1) of this title);

   (5) in the case of any offense under subsection (a), forfeiture to the United States of any personal property used or intended to be used to commit the offense; and

   (6) a fine under this title or imprisonment for not more than one year, or both, in any other case.

(c) The circumstance referred to in subsection (a) of this section is that--

   (1) the identification document, authentication feature, or false identification document is or appears to be

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

issued by or under the authority of the United States or a sponsoring entity of an event designated as a special event of national significance or the document-making implement is designed or suited for making such an identification document, authentication feature, or false identification document;

(2) the offense is an offense under subsection (a) (4) of this section; or

(3) either--

(A) the production, transfer, possession, or use prohibited by this section is in or affects interstate or foreign commerce, including the transfer of a document by electronic means; or

(B) the means of identification, identification document, false identification document, or document-making implement is transported in the mail in the course of the production, transfer, possession. or use prohibited by this section.

(d) In this section and section 1028A--

(1) the term "authentication feature" means any hologram, watermark, certification, symbol, code, image, sequence of numbers or letters, or other feature that either individually or in combination with another feature is used by the issuing authority on an identification document, document-making implement, or means of identification to determine if the document is counterfeit, altered, or otherwise falsified;

(2) the term "document-making implement" means any implement, impression, template, computer file, computer disc, electronic device, or computer hardware or software, that is specifically configured or primarily used for making an identification document, a false identification document, or another document-making implement;

(3) the term "identification document" means a document made or issued by or under the authority of the United States Government, a State, political subdivision of a State, a sponsoring entity of an event designated as a special event of national significance, a foreign government, political subdivision of a foreign government, an international governmental or an international quasi-governmental organization which, when completed with information concerning a particular individual, is of a type intended or commonly accepted for the purpose of identification of individuals;

(4) the term "false identification document" means a document of a type intended or commonly accepted for the purposes of identification of individuals that--

(A) is not issued by or under the authority of a governmental entity or was issued under the authority of a governmental entity but was subsequently altered for purposes of deceit; and

(B) appears to be issued by or under the authority of the United States Government, a State, a political subdivision of a State, a sponsoring entity of an event designated by the President as a special event of national significance, a foreign government, a political subdivision of a foreign government, or an international governmental or quasi-governmental organization;

(5) the term "false authentication feature" means an authentication feature that--

(A) is genuine in origin, but, without the authorization of the issuing authority, has been tampered with

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

or altered for purposes of deceit;

(B) is genuine, but has been distributed, or is intended for distribution, without the authorization of the issuing authority and not in connection with a lawfully made identification document, document-making implement, or means of identification to which such authentication feature is intended to be affixed or embedded by the respective issuing authority; or

(C) appears to be genuine, but is not;

(6) the term "issuing authority"--

(A) means any governmental entity or agency that is authorized to issue identification documents, means of identification, or authentication features; and

(B) includes the United States Government, a State, a political subdivision of a State, a sponsoring entity of an event designated by the President as a special event of national significance, a foreign government, a political subdivision of a foreign government, or an international government or quasi-governmental organization;

(7) the term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any--

(A) name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number;

(B) unique biometric data, such as fingerprint, voice print, retina or iris image, or other unique physical representation;

(C) unique electronic identification number, address, or routing code; or

(D) telecommunication identifying information or access device (as defined in section 1029(e));

(8) the term "personal identification card" means an identification document issued by a State or local government solely for the purpose of identification;

(9) the term "produce" includes alter, authenticate, or assemble;

(10) the term "transfer" includes selecting an identification document, false identification document, or document-making implement and placing or directing the placement of such identification document, false identification document, or document-making implement on an online location where it is available to oth- ers;

(11) the term "State" includes any State of the United States, the District of Columbia, the Commonwealth of Puerto Rico, and any other commonwealth, possession, or territory of the United States; and

(12) the term "traffic" means--

(A) to transport, transfer, or otherwise dispose of, to another, as consideration for anything of value; or

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**(B)** to make or obtain control of with intent to so transport, transfer, or otherwise dispose of.

**(e)** This section does not prohibit any lawfully authorized investigative, protective, or intelligence activity of a law enforcement agency of the United States, a State, or a political subdivision of a State, or of an intelligence agency of the United States, or any activity authorized under chapter 224 of this title.

**(f) Attempt and conspiracy.**--Any person who attempts or conspires to commit any offense under this section shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

**(g) Forfeiture procedures.**--The forfeiture of property under this section, including any seizure and disposition of the property and any related judicial or administrative proceeding, shall be governed by the provisions of section 413 (other than subsection (d) of that section) of the Comprehensive Drug Abuse Prevention and Control Act of 1970 (21 U.S.C. 853).

**(h) Forfeiture; disposition.**--In the circumstance in which any person is convicted of a violation of subsection (a), the court shall order, in addition to the penalty prescribed, the forfeiture and destruction or other disposition of all illicit authentication features, identification documents, document-making implements, or means of identification.

**(i) Rule of construction.**--For purpose of subsection (a)(7), a single identification document or false identification document that contains 1 or more means of identification shall be construed to be 1 means of identification.

CREDIT(S)

(Added Pub.L. 97-398, § 2, Dec. 31, 1982, 96 Stat. 2009, and amended Pub.L. 99-646, § 44(a), Nov. 10, 1986, 100 Stat. 3601; Pub.L. 100-690, Title VII, § 7023, Nov. 18, 1988, 102 Stat. 4397; Pub.L. 101-647, Title XII, § 1205(e), Nov. 29, 1990, 104 Stat. 4831; Pub.L. 103-322, Title XXXIII, § 330016(1)(K), (M), (O), Sept. 13, 1994, 108 Stat. 2147, 2148; Pub.L. 104-208, Div. C, Title II, § 211(a)(1), Sept. 30, 1996, 110 Stat. 3009-569; Pub.L. 104-294, Title VI, § 601(a)(3), (p), Oct. 11, 1996, 110 Stat. 3498, 3502; Pub.L. 105-318, § 3(a) to (g), (h)(1), Oct. 30, 1998, 112 Stat. 3007 to 3009; Pub.L. 106-578, § 3, Title VI, Dec. 28, 2000, 114 Stat. 3076; Pub.L. 108-21, Title VI, § 607(b), Apr. 30, 2003, 117 Stat. 689; Pub.L. 108-275, §§ 2(c), 3, July 15, 2004, 118 Stat. 832; Pub.L. 108-458, Title VII, § 7216, Dec. 17, 2004, 118 Stat. 3833; Pub.L. 109-13, Div. B, Title II, § 203(a), May 11, 2005, 119 Stat. 315; Pub.L. 109-177, Title VI, § 603, Mar. 9, 2006, 120 Stat. 253.)

[FN1] Section catchline amended by Pub.L. 108-21 without corresponding amendment to analysis.

[FN2] So in original.

HISTORICAL AND STATUTORY NOTES

Revision Notes and Legislative Reports

1982 Acts.House Report No. 97-802 andHouse Conference Report No. 97-975, see 1982 U.S. Code Cong. and Adm. News, p. 3519.

1986 Acts. House Report No. 99-797, see 1986 U.S. Code Cong. and Adm. News, p. 6138.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1990 Acts. House Report Nos. 101-681(Parts I and II), 101-736, Senate Report No. 101-460, and Statement by President, see 1990 U.S. Code Cong. and Adm. News, p. 6472.

1994 Acts.House Report Nos. 103-324 and 103-489 and House Conference Report No. 103-711, see 1994 U.S. Code Cong. and Adm. News, p. 1801.

1996 Acts. House Report No. 104-788, see 1996 U.S. Code Cong. and Adm. News, p. 4021.

2003 Acts.House Conference Report No. 108-66 and Statement by President, see 2003 U.S. Code Cong. and Adm. News, p. 683.

2004 Acts. House Report No. 108-528, see 2004 U.S. Code Cong. and Adm. News, p. 779.

Statement by President, see 2004 U.S. Code Cong. and Adm. News, p. S15.

House Conference Report No. 108-796, see 2004 U.S. Code Cong. and Adm. News, p. 3178.

Statement by President, see 2004 U.S. Code Cong. and Adm. News, p. S51.

2005 Acts. House Conference Report No. 109-72, see 2005 U.S. Code Cong. and Adm. News, p. 240.

2006 Acts. House Conference Report No. 109-333, see 2006 U.S. Code Cong. and Adm. News, p. 184.

Statement by President, see 2006 U.S. Code Cong. and Adm. News, p. S7.

Amendments

2006 Amendments. Subsec. (a)(6). Pub.L. 109-177, § 603(1), inserted "or a sponsoring entity of an event designated as a special event of national significance" after "United States".

Subsec. (c)(1). Pub.L. 109-177, § 603(2), inserted "or a sponsoring entity of an event designated as a special event of national significance" after "United States".

Subsec. (d)(3). Pub.L. 109-177, § 603(3), inserted "a sponsoring entity of an event designated as a special event of national significance," after "political subdivision of a State,".

Subsec. (d)(4)(B). Pub.L. 109-177, § 603(4), inserted "a sponsoring entity of an event designated by the President as a special event of national significance," after "political subdivision of a State,".

Subsec. (d)(6)(B). Pub.L. 109-177, § 603(4), inserted "a sponsoring entity of an event designated by the President as a special event of national significance," after "political subdivision of a State,".

2005 Amendments. Subsec. (a)(8). Pub.L. 109-13, Div. B, § 203(a), struck out "false authentication features" and inserted "false or actual authentication features".

2004 Amendments. Subsec. (a)(7). Pub.L. 108-275, § 3(1)(A), struck out "transfers" and inserted "transfers, possesses," before "or uses, without lawful authority,".

Pub.L. 108-275, § 3(1)(B), struck out "abet" and inserted "abet, or in connection with," before "any unlawful

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

activity that constitutes a violation of Federal law,".

Subsec. (b)(1)(D). Pub.L. 108-275, § 3(2), struck out "transfer" and inserted "transfer, possession," before "of 1 or more means of identification".

Subsec. (b)(2). Pub.L. 108-275, § 3(3), struck out "three years" and inserted "5 years" after "for not more than".

Subsec. (b)(4). Pub.L. 108-458, § 7216, struck out "25 years" and inserted "30 years".

Pub.L. 108-275, § 3(4), inserted "an act of domestic terrorism (as defined under section 2331(5) of this title) or" after "if the offense is committed to facilitate".

Subsec. (d). Pub.L. 108-275, § 2(c), inserted "and section 1028A" after "In this section" in introductory provi- sions.

2003 Amendments. Heading. Pub.L. 108-21, § 607(b)(6), inserted ", authentication features," after "documents".

Subsec. (a)(1). Pub.L. 108-21, § 607(b)(1)(A), inserted ", authentication feature," after " an identification docu- ment".

Subsec. (a)(2). Pub.L. 108-21, § 607(b)(1)(B), inserted ", authentication feature," after "an identification docu- ment", and inserted "or feature" after "such document";

Subsec. (a)(3). Pub.L. 108-21, § 607(b)(1)(C), inserted ", authentication features," after " possessor)"

Subsec. (a)(4). Pub.L. 108-21, § 607(b)(1)(D), inserted ", authentication feature," after "possessor)", and inser- ted "or feature" after "such document".

Subsec. (a)(5). Pub.L. 108-21, § 607(b)(1)(E), inserted "or authentication feature" after " implement" each place that term appears.

Subsec. (a)(6). Pub.L. 108-21, § 607(b)(1)(F), inserted "or authentication feature" before "that is or appears"; in- serted "or authentication feature" before "of the United States"; inserted "or feature" after "such document"; and struck out "or" at the end.

Subsec. (a)(7). Pub.L. 108-21, § 607(b)(1)(G), inserted "or" after the semicolon.

Subsec. (a)(8). Pub.L. 108-21, § 607(b)(1)(H), added par. (8).

Subsec. (b)(1)(A). Pub.L. 108-21, § 607(b)(2)(A)(i)(I), inserted ", authentication feature," before "or false".

Subsec. (b)(1)(A)(i). Pub.L. 108-21, § 607(b)(2)(A)(i)(II), inserted "or authentication feature" after " docu- ment".

Subsec. (b)(1)(B). Pub.L. 108-21, § 607(b)(2)(A)(ii), inserted ", authentication features," before "or false".

Subsec. (b)(2)(A). Pub.L. 108-21, § 607(b)(2)(B), inserted ", authentication feature," before "or a false".

Subsec. (c)(1). Pub.L. 108-21, § 607(b)(3), inserted ", authentication feature," before "or false" each place that term appears.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Subsec. (d)(1). Pub.L. 108-21, § 607(b)(4)(A), (B), added par. (1) and redesignated former par. (1) as (2).

Subsec. (d)(2) to (4). Pub.L. 108-21, § 607(b)(4)(A), redesignated former pars. (1), (2), and (3) as (2), (3), and (4), respectively, and redesignated former par. (4) as (7).

Subsec. (d)(4)(A). Pub.L. 108-21, § 607(b)(4)(A), (C), in redesignated subpar. (4)(A), inserted "or was issued under the authority of a governmental entity but was subsequently altered for purposes of deceit" after "entity".

Subsec. (d)(5), (6). Pub.L. 108-21, § 607(b)(4)(A), (D), added pars. (5) and (6), and redesignated former pars. (5) and (6) as (8) and (9), respectively.

Subsec. (d)(7), (8). Pub.L. 108-21, § 607(b)(4)(A), redesignated former pars. (4) and (5) as (7) and (8), respectively, and redesignated former pars. (7) and (8) as (10) and (11).

Subsec. (d)(9). Pub.L. 108-21, § 607(b)(4)(A), redesignated former par. (6) as (9).

Subsec. (d)(10). Pub.L. 108-21, § 607(b)(4)(A), (E), redesignated former par. (7) as (10), and in par. (10) as so redesignated, struck out "and" at the end.

Subsec. (d)(11). Pub.L. 108-21, § 607(b)(4)(A), (F), redesignated former par. (8) as (11), and in par. (11) as so redesignated, struck out the period at the end and inserted "; and".

Subsec. (d)(12). Pub.L. 108-21, § 607(b)(4)(G), added par. 12.

Subsec. (h). Pub.L. 108-21, § 607(b)(5), redesignated former subsec. (h) as (i) and added new subsec. (h).

Subsec. (i). Pub.L. 108-21, § 607(b)(5)(A), redesignated former subsec. (h) as (i).

2000 Amendments. Subsec. (c)(3)(A). Pub.L. 106-578, § 3(1), in subpar. (A), inserted ", including the transfer of a document by electronic means".

Subsec. (d). Pub.L. 106-578, § 3(2), rewrote subsec. (d), which formerly read: "In this section--

"(1) the term 'document-making implement' means any implement, impression, electronic device, or computer hardware or software, that is specifically configured or primarily used for making an identification document, a false identification document, or another document-making implement;

"(2) the term 'identification document' means a document made or issued by or under the authority of the United States Government, a State, political subdivision of a State, a foreign government, political subdivision of a foreign government, an international governmental or an international quasi-governmental organization which, when completed with information concerning a particular individual, is of a type intended or commonly accepted for the purpose of identification of individuals;

"(3) the term 'means of identification' means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any--

"(A) name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number;

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

"**(B)** unique biometric data, such as fingerprint, voice print, retina or iris image, or other unique physical representation;

"**(C)** unique electronic identification number, address, or routing code; or

"**(D)** telecommunication identifying information or access device (as defined in section 1029(e));

"**(4)** the term 'personal identification card' means an identification document issued by a State or local government solely for the purpose of identification;

"**(5)** the term 'produce' includes alter, authenticate, or assemble; and

"**(6)** the term 'State' includes any State of the United States, the District of Columbia, the Commonwealth of Puerto Rico, and any other commonwealth, possession, or territory of the United States.".

1998 Amendments. Nameline. Pub.L. 105-318, § 3(h)(1), added "and information" at the end.

Subsec. (a). Pub.L. 105-318, § 3(a)(3), struck out "or attempts to do so," in the flush paragraph following par. (7).

Subsec. (a)(5). Pub.L. 105-318, § 3(a)(1), struck out "or" at the end of par. (5).

Subsec. (a)(6). Pub.L. 105-318, § 3(a)(2), added "or" at the end of par. (6).

Subsec. (a)(7). Pub.L. 105-318, § 3(a)(4), added par. (7).

Subsec. (b)(1)(D). Pub.L. 105-318, § 3(b)(1), added subpar. (D).

Subsec. (b)(2)(A). Pub.L. 105-318, § 3(b)(2)(A), struck out "or transfer of an identification document or" and inserted ", transfer, or use of a means of identification, an identification document, or a".

Subsec. (b)(2)(B). Pub.L. 105-318, § 3(b)(2)(B), inserted "or (7)" after "(3)".

Subsec. (b)(3). Pub.L. 105-318, § 3(b)(3), rewrote par. (3), which formerly read: "a fine under this title or imprisonment for not more than 20 years, or both, if the offense is committed to facilitate a drug trafficking crime (as defined in section 929(a)(2) of this title);".

Subsec. (b)(4). Pub.L. 105-318, § 3(b)(4), struck out "and" at the end of par. (4).

Subsec. (b)(5). Pub.L. 105-318, § 3(b)(5),(6), added par. (5) and redesignated former par. (5) as par. (6).

Subsec. (b)(6). Pub.L. 105-318, § 3(b)(5), redesignated former par. (5) as par. (6).

Subsec. (c)(3). Pub.L. 105-318, § 3(c), rewrote par. (3), which formerly read: "the production, transfer, or possession prohibited by this section is in or affects interstate or foreign commerce, or the identification document, false identification document, or document-making implement is transported in the mail in the course of the production, transfer, or possession prohibited by this section."

Subsec. (d). Pub.L. 105-318, § 3(d), rewrote subsec. (d) which formerly read: "As used in this section--

"**(1)** the term 'identification document' means a document made or issued by or under the authority of the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

United States Government, a State, political subdivision of a State, a foreign government, political subdivision of a foreign government, an international governmental or an international quasi-governmental organization which, when completed with information concerning a particular individual, is of a type intended or commonly accepted for the purpose of identification of individuals;

"**(2)** the term 'produce' includes alter, authenticate, or assemble;

"**(3)** the term 'document-making implement' means any implement or impression specially designed or primarily used for making an identification document, a false identification document, or another document-making implement;

"**(4)** the term 'personal identification card' means an identification document issued by a State or local government solely for the purpose of identification; and

"**(5)** the term 'State' includes any State of the United States, the District of Columbia, the Commonwealth of Puerto Rico, and any other commonwealth, possession or territory of the United States."

Subsec. (f). Pub.L. 105-318, § 3(e), added subsec. (f).

Subsec. (g). Pub.L. 105-318, § 3(f), added subsec. (g).

Subsec. (h). Pub.L. 105-318, § 3(g), added subsec. (h).

1996 Amendments. Subsec. (a)(4). Pub.L. 104-294, § 601(p), struck out "or" following "the United States;".

Subsec. (a)(5). Pub.L. 104-294, § 601(p), inserted "or" following "will be so used;".

Subsec. (b)(1). Pub.L. 104-294, § 601(a)(3), substituted "fine under this title" for "fine of under this title".

Pub.L. 104-208, § 211(a)(1)(A), inserted reference to pars. (3) and (4) and substituted "15 years" for "five years".

Subsec. (b)(2). Pub.L. 104-294, § 601(a)(3), substituted "fine under this title" for "fine of under this title".

Pub.L. 104-208, § 211(a)(1)(B), inserted reference to pars. (3) and (4).

Subsec. (b)(3). Pub.L. 104-294, § 601(a)(3), substituted "fine under this title" for "fine of under this title".

Subsec. (b)(3) to (5). Pub.L. 104-208, § 211(a)(1)(C), (D), added pars. (3) and (4). Former par. (3) was redesignated (5).

1994 Amendments. Subsec. (b)(3). Pub.L. 103-322, § 330016(1)(K), substituted "under this title" for "not more than $5,000" wherever appearing.

Pub.L. 103-322, § 330016(1)(M), substituted "under this title" for "not more than $15,000".

Pub.L. 103-322, § 330016(1)(O), substituted "under this title" for "not more than $25,000" wherever appearing.

1990 Amendments. Subsec. (d)(5). Pub.L. 101-647 inserted "commonwealth," before "possession or territory of the United States".

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1988 Amendments. Subsec. (a)(6). Pub.L. 100-690 inserted "knowingly" before "possesses" and substituted "without lawful authority" for "without authority" and "without such authority" for "without authority".

1986 Amendments. Subsec. (e). Pub.L. 99-646 substituted "chapter 224 of this title" for "title V of the Organized Crime Control Act of 1970 (18 U.S.C. note prec. 3481)".

Effective and Applicability Provisions

2004 Acts. Notwithstanding any other provision of Pub.L. 108-458, Pub.L. 108-458, Title VII, Subtitle B (§§ 7201 to 7220), to take effect on Dec. 17, 2004, see Pub.L. 108-458, § 7219, which is set out as a note under 8 U.S.C.A. § 1202.

2000 Acts. Pub.L. 106-578, § 5, Dec. 28, 2000, 114 Stat. 3077, provided that: "This Act and the amendments made by this Act [amending this section, repealing section 1738 of this title, and enacting provisions set out as notes under this section] shall take effect 90 days after the date of enactment of this Act [Dec. 28, 2000]."

1996 Acts. Section 211(c) of Div. C of Pub.L. 104-208 provided that: "This section and the amendments made by this section [amending subsec. (b) of this section and sections 1425, 1426, 1427, 1541, 1542, 1543, 1544, and 1546 of this title and enacting a provision set out as a note under section 994 of Title 28, Judiciary and Judicial Procedure] shall apply with respect to offenses occurring on or after the date of the enactment of this Act [Sept. 30, 1996]."

Severability of Provisions

If any provision of Division C of Pub.L. 104-208 or the application of such provision to any person or circumstances is held to be unconstitutional, the remainder of Division C of Pub.L. 104-208 and the application of the provisions of Division C of Pub.L. 104-208 to any person or circumstance not to be affected thereby, see section 1(e) of Pub.L. 104-208, set out as a note under section 1101 of Title 8, Aliens and Nationality.

Coordinating Committee on False Identification

Pub.L. 106-578, § 2, Dec. 28, 2000, 114 Stat. 3075, provided that:

"**(a) In general.**--The Attorney General and the Secretary of the Treasury shall establish a coordinating committee to ensure, through existing interagency task forces or other means, that the creation and distribution of false identification documents (as defined in section **1028**(d)(3) of title **18**, United States Code, as added by section 3(2) of this Act [Pub.L. 106-578, § 3(2), Dec. 28, 2000, 114 Stat. 3075]) is vigorously investigated and prosec- uted.

"**(b) Membership.**--The coordinating committee shall consist of the Director of the United States Secret Service, the Director of the Federal Bureau of Investigation, the Attorney General, the Commissioner of Social Security, and the Commissioner of Immigration and Naturalization, or their respective designees.

"**(c) Term.**--The coordinating committee shall terminate 2 years after the effective date of this Act [For effective date provisions see Pub.L. 106-578, § 5, Dec. 28, 2000, 114 Stat. 1077, set out as a note under this section.].

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**"(d) Report.--**

"(1) In general.--The Attorney General and the Secretary of the Treasury, at the end of each year of the existence of the committee, shall report to the Committee on the Judiciary of the Senate and the Committee on the Judiciary of the House of Representatives on the activities of the committee.

"(2) Contents.--The report referred to in paragraph (1) shall include--

"(A) the total number of indictments and informations, guilty pleas, convictions, and acquittals resulting from the investigation and prosecution of the creation and distribution of false identification documents during the preceding year;

"(B) identification of the Federal judicial districts in which the indictments and informations were filed, and in which the subsequent guilty pleas, convictions, and acquittals occurred;

"(C) specification of the Federal statutes utilized for prosecution;

"(D) a brief factual description of significant investigations and prosecutions;

"(E) specification of the sentence imposed as a result of each guilty plea and conviction; and

"(F) recommendations, if any, for legislative changes that could facilitate more effective investigation and prosecution of the creation and distribution of false identification documents."

[Amendment by Pub.L. 106-578, § 2, effective 90 days after December 28, 2000, see Pub.L. 106-578, § 5, set out as a note under this section.]

[For transfer of the functions, personnel, assets, and obligations of the United States Secret Service, including the functions of the Secretary of the Treasury relating thereto, to the Secretary of Homeland Security, and for treatment of related references, see 6 U.S.C.A. §§ 381, 551(d), 552(d) and 557, and the Department of Homeland Security Reorganization Plan of November 25, 2002, as modified, set out as a note under 6 U.S.C.A. § 542.]

[For abolition of Immigration and Naturalization Service, transfer of functions, and treatment of related references, see note set out under 8 U.S.C.A. § 1551].

Constitutional Authority to Enact Identity Theft and Assumption Deterrence Act of 1998

Pub.L. 105-318, § 2, Oct. 30, 1998, 112 Stat. 3007, provided that: "The constitutional authority upon which this Act [Identity Theft and Assumption Deterrence Act of 1998, Pub.L. 105-318, Oct. 30, 1998, 112 Stat. 3007, for complete classification of which, see Tables] rests is the power of Congress to regulate commerce with foreign nations and among the several States, and the authority to make all laws which shall be necessary and proper for carrying into execution the powers vested by the Constitution in the Government of the United States or in any department or officer thereof, as set forth in article I, section 8 of the United States Constitution."

Centralized Complaint and Consumer Education Service for Victims of Identity Theft

Pub.L. 105-318, § 5, Oct. 30, 1998, 112 Stat. 3010, provided that:

"(a) In general.--Not later than 1 year after the date of enactment of this Act [Oct. 30, 1998], the Federal Trade Commission shall establish procedures to--

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

"**(1)** log and acknowledge the receipt of complaints by individuals who certify that they have a reasonable belief that 1 or more of their means of identification (as defined in section **1028** of title **18**, United States Code, as amended by this Act [Identity Theft and Assumption Deterrence Act of 1998, Pub.L. 105-318, Oct. 30, 1998, 112 Stat. 3007, for complete classification of which, see Tables]) have been assumed, stolen, or otherwise unlawfully acquired in violation of section **1028** of title **18**, United States Code, as amended by this Act;

"**(2)** provide informational materials to individuals described in paragraph (1); and

"**(3)** refer complaints described in paragraph (1) to appropriate entities, which may include referral to--

"**(A)** the 3 major national consumer reporting agencies; and

"**(B)** appropriate law enforcement agencies for potential law enforcement action.

"**(b) Authorization of appropriations.**--There are authorized to be appropriated such sums as may be necessary to carry out this section."

Fraud and Related Activity in Connection With Identification Documents

Pub.L. 98-473, Title II, § 609L, Oct. 12, 1984, 98 Stat. 2103, provided that:

"**(a)** For purposes of section **1028** of title **18**, United States Code, [this section], to the maximum extent feasible, personal descriptors or identifiers utilized in identification documents, as defined in such section, shall utilize common descriptive terms and formats designed to--

"**(1)** reduce the redundancy and duplication of identification systems by providing information which can be utilized by the maximum number of authorities, and

"**(2)** facilitate positive identification of bona fide holders of identification documents.

"**(b)** The President shall, no later than 3 years after the date of enactment of this Act [Oct. 12, 1984], and after consultation with Federal, State, local, and international issuing authorities, and concerned groups make recommendations [sic] to the Congress for the enactment of comprehensive legislation on Federal identification systems. Such legislation shall--

"**(1)** give due consideration to protecting the privacy of persons who are the subject of any identification system,

"**(2)** recommend appropriate civil and criminal sanctions for the misuse or unauthorized disclosure of personal identification information, and

"**(3)** make recommendations providing for the exchange of personal identification information as authorized by Federal or State law or Executive order of the President or the chief executive officer of any of the several States."

CROSS REFERENCES

Criminal forfeiture of any property real or personal for passport and visa related offenses, see 18 USCA § 982.
Enhanced penalties for telemarketing fraud, see 18 USCA § 2326.
"Identification document" defined as in this section for purposes of--
Brady Handgun Control, see 18 USCA § 922.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

National child protection background checks, see 42 USCA § 5119a.

## FEDERAL SENTENCING GUIDELINES

See Federal Sentencing Guidelines §§ 2F1.1, 2L2.1, 2L2.2, 18 USCA.

## LAW REVIEW COMMENTARIES

After billions spent to comply with HIPAA and GLBA privacy provisions, why is identity theft the most prevalent crime in America? Note, 49 Vill. L. Rev. 625 (2004).

Data rape: Assault by an unknown predator--The Supreme Court went wrong in *TRW, Inc. v. Andrews*. Latasha D. McDade, 45 S.Tex.L.Rev. 395 (Spring 2004).

Privacy planning: Putting the privacy statutes to work for you. Janice A. Alwin, 14 DePaul Bus. L.J. 353 (2002).

Someone out there is using your name: a basic primer on federal identity theft law. Stephen F. Miller, 50 Fed.Law. 11 (2003).

## LIBRARY REFERENCES

American Digest System

Fraud ⋐⟹ 68.

Corpus Juris Secundum

CJS Aliens § 1664, Documents Included in Offenses.
CJS Bankruptcy § 833, Prevention of Identity Theft or Other Unlawful Injury.
CJS Forgery § 31, Miscellaneous Instruments.
CJS Forgery § 37, Possession of False Identification Documents.

## RESEARCH REFERENCES

ALR Library

13 ALR, Fed. 2nd Series 529, When Has Federal Prosecutor Breached Plea Agreement--Promises Not Related to Downward or Upward Adjustment of Sentence in Fraud and Threat Cases.

4 ALR, Fed. 2nd Series 365, Legal and Procedural Issues in Prosecutions Under Federal Statutes Relating to Offense of Identity Theft.

186 ALR, Fed. 147, Construction and Application of Federal Domestic Terrorism Sentencing Enhancement, U.S.S.G. § 3a1.4.

185 ALR, Fed. 493, Construction and Operation of "Willfulness" Requirement of U.S.S.G., § 3c1.1, Pertaining to Obstructing or Impeding the Administration of Justice.

164 ALR, Fed. 591, When Does Forfeiture of Currency, Bank Account, or Cash Equivalent Violate Excessive Fines Clause of Eighth Amendment.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

121 ALR. Fed. 323, Increase in Base Offense Level Under Sentencing Guidelines § 3B1.3 (U.S.S.G. § 3B1.3) for Abuse of Position of Public or Private Trust Significantly Facilitating Commission or Concealment Of...

81 ALR, Fed. 331, What Circumstances Fall Within "Inevitable Discovery" Exception to Rule Precluding Admission, in Criminal Case, of Evidence Obtained in Violation of Federal Constitution.

23 ALR, Fed. 480, What Constitutes "Crime Involving Moral Turpitude" Within Meaning of §§ 212(A)(9) and 241(A)(4) of Immigration and Nationality Act (8 U.S.C.A. §§ 1182(A)(9), 1251(A)(4)), and Similar Predecessor Statutes...

75 ALR 4th 1067, What Constitutes a Public Record or Document Within Statute Making Falsification, Forgery, Mutilation, Removal, or Other Misuse Thereof an Offense.

31 ALR 3rd 565, What Constitutes "Custodial Interrogation" Within Rule of Miranda v Arizona Requiring that Suspect be Informed of His Federal Constitutional Rights Before Custodial Interrogation.

9 ALR 3rd 462, Comment Note.--When Criminal Case Becomes Moot So as to Preclude Review of or Attack on Conviction or Sentence.

9 ALR 3rd 858, Validity of Consent to Search Given by One in Custody of Officers.

174 ALR 1300, Invalid Instrument as Subject of Forgery.

164 ALR 621, Presumptions and Inferences in Criminal Cases from Unexplained Possession or Uttering of Forged Paper.

113 ALR 1179, What Amounts to Conviction or Satisfies Requirement as to Showing of Conviction, Within Statute Making Conviction a Ground for Refusing to Grant or for Canceling License or Special Privilege.

68 ALR 187, Possession of Recently Stolen Goods by One Charged With Receiving Them as Evidence on Question of Guilty Knowledge.

Encyclopedias

53 Am. Jur. Proof of Facts 3d 1, Proof of Abuse, Neglect or Exploitation of Older Persons.

74 Am. Jur. Proof of Facts 3d 63, Scams and Cons.

81 Am. Jur. Proof of Facts 3d 113, Identity Theft and Other Misuses of Credit and Debit Cards.

Am. Jur. 2d Aliens and Citizens § 7, Deterrence of Document Fraud.

Am. Jur. 2d Aliens and Citizens § 2697, Documents Included in Offenses.

Am. Jur. 2d Bankruptcy § 1131, Prevention of Identity Theft or Other Unlawful Injury.

Am. Jur. 2d Computers and the Internet § 94, Fraud and Related Activity in Connection With Identification Documents, Authentication Features, and Information.

Am. Jur. 2d False Personation § 5, Federal Statutes.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Am. Jur. 2d False Pretenses § 80, Other Criminal Conduct With Respect to False Claims Against United States.

Am. Jur. 2d Fraud and Deceit § 19, Legislation; Provisions Against Fraud.

Am. Jur. 2d Fraud and Deceit § 47, False Identification or Impersonation; Forgery.

Am. Jur. 2d Larceny § 62, Identity.

Am. Jur. 2d Receiving and Transporting Stolen Property § 35, Transfer or Possession of Stolen Identification Documents.

Am. Jur. 2d Social Security and Medicare § 1380, Criminal Violations.

Forms

Federal Procedural Forms § 40:813, Mandated Participation in Verification Process.

Federal Procedural Forms § 40:906, Complaint -- for Declaration that Unionized Unauthorized Aliens Obtained Employment by Means of False Documents and that Termination by Employer was Proper [8 U.S.C.A. § 1324a; 18 U.S.C.A. §§ 1028 , 1546.

Nichols Cyclopedia of Legal Forms Annotated § 137:1, Unauthorized Transfer or Use of Another Person's Name.

Nichols Cyclopedia of Legal Forms Annotated § 2.901.20, Public Access to Papers.

Treatises and Practice Aids

Bankruptcy Service Lawyers Edition § 12:1138, Legislative History.

Federal Procedure, Lawyers Edition § 22:250, Offenses for Which Interception May be Authorized.

Federal Procedure, Lawyers Edition § 22:1685, Money Laundering Cases; Fraudulent Use of Financial Institutions.

Federal Procedure, Lawyers Edition § 22:1687, Immigration, Passport, and Visa Violations.

Federal Procedure, Lawyers Edition § 22:1689, Telemarketing Fraud.

Federal Procedure, Lawyers Edition § 45:2288, Overview.

Immigration Employment Compliance Handbook § 9:1, Statutory Authority and CFR.

Immigration Law and Crimes § 6:2, Moral Turpitude--Defined.

Immigration Law and Crimes App A, Selected Model Pleadings.

Immigration Law and Crimes § 5:24, Substantive Requirements--Reentry After Aggravated Felony Conviction.

Immigration Law and Defense § 12:32, Verification of Authorization to Work Required for All Employees

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Hired, Recruited, or Referred for a Fee--Limitation on Use of Form I-9.

Immigration Law Service 2d § 1:30, Illegal Immigration Reform and Immigrant Responsibility Act of 1996--Title II: Additional Enforcement Issues.

Immigration Law Service 2d § 12:15, Overview.

Immigration Law Service 2d § 17:40, Sentencing--Circumstances Justifying Upward Departure from Sentencing Guidelines.

Immigration Law Service 2d § 17:179, Evidence.

Immigration Law Service 2d § 17:181, Sentencing.

Immigration Law Service 2d § 17:200, Documents Included in Offenses.

Immigration Law Service 2d § 17:216, Sentencing.

Immigration Law Service 2d PSD FAM 1432, Fam 1432 Authorities.

Immigration Law Service 2d PSD FAM 1318.3, Fam 1318.3. Fraud Statutes.

Immigration Law Service 2d PSD INA § 274A, Unlawful Employment of Aliens.

Immigration Law Service 2d PSD 1992 GEN COUNCEL OP, General Counsel's Opinions.

Immigration Law Service 2d PSD 1994 GEN COUNCEL OP, General Counsel's Opinions.

Norton Bankruptcy Law and Practice 2d § 15:2, Protective Orders.

Norton Bankruptcy Law and Practice 2d 11 USC § 107, Public Access to Papers.

Social Security Law and Practice § 12:10, Criminal Violations.

West's Federal Administrative Practice § 3305, Federal Laws Enforced by the FTC -- Consumer Protection.

NOTES OF DECISIONS

Admissibility of evidence 11
Constitutionality 1
Discipline of attorneys 9
Identification documents 4
Instructions 10
Interstate commerce 2
Knowledge or intent 6
Possession of document-making implements 8
Private cause of action 13
Sentence 14
Social security cards 5

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

State law 3
Unlawfulness of intended use 7
Weight and sufficiency of evidence 12

1. Constitutionality

For purposes of crime of knowing transfer of stolen or false identification documents, statute defining "identification document" as "document made or issued by or under the authority of the United States Government * * * which, when completed with information concerning a particular individual, is of a type intended or commonly accepted for the purpose of identification of individuals" was not unconstitutionally overbroad or vague. U.S. v. Quinteros, C.A.4 (Va.) 1985, 769 F.2d 968. Forgery ⚖︎ 2; Receiving Stolen Goods ⚖︎ 1

Even if defendant's subjective fear of police could, under extreme circumstances, excuse failure to contact the authorities, for purposes of a duress claim, defendant's conclusory allegations regarding police conduct toward minorities in community were totally inadequate to establish claim that he produced numerous false Social Security cards under duress, such that his conviction for producing false Social Security cards violated his due process rights. U.S. v. Massey, C.A.2 (N.Y.) 2003, 2003 WL 1720064, Unreported. Criminal Law ⚖︎ 38

2. Interstate commerce

Under plain language of statute prohibiting fraud in relation to identification documents, government only needs to prove that defendants possessed single document-making implement in or affecting interstate commerce. U.S. v. Pearce, C.A.4 (N.C.) 1995, 65 F.3d 22. Forgery ⚖︎ 17

Evidence that defendants possessed various document-making implements, which were made in other state and countries, and possessed identification cards from three other states was sufficient to establish that unlawful activity was "in or affecting interstate commerce," for purpose of conviction for violating statute which prohibited fraud in connection with identification documents. U.S. v. Pearce, C.A.4 (N.C.) 1995, 65 F.3d 22. Forgery ⚖︎ 44(.5)

3. State law

Defendant may be convicted of using false identification document within intent to defraud United States, within meaning of federal criminal statute, though defendant's conduct does not violate local, state or federal law; violation of such law is not necessary element of statutory offense. U.S. v. McCormick, C.A.9 (Nev.) 1995, 72 F.3d 1404. Forgery ⚖︎ 5

4. Identification documents

Defendant's prior conviction for grand theft, premised on use of threats in attempt to misappropriate saving bonds from two elderly women, provided sufficient basis for upward departure under Sentencing Guidelines provision governing underrepresentation of criminal history category and likelihood of recidivism, when sentencing defendant for access device fraud and identity theft. U.S. v. Morris, C.A.2 (Conn.) 2003, 350 F.3d 32, post-conviction relief denied 2005 WL 80881. Sentencing And Punishment ⚖︎ 830; Sentencing And Punishment ⚖︎ 841

District court's error in sentencing defendant to a term of imprisonment of 189 months, in excess of the statutory maximum of thirty six months, for fraud in connection with an identification document, affected defendant's

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

substantial rights, and thus was plain error. U.S. v. Villarreal, C.A.5 (Tex.) 2001, 253 F.3d 831. Criminal Law ⚮ 1042

Within statute defining proscribed document-making implement as any implement or impression primarily used for making an identification document or false identification document, "primarily used" refers defendant's primary use of the item in question, not its general usage by the public. U.S. v. Cabrera, C.A.1 (R.I.) 2000, 208 F.3d 309. False Personation ⚮ 2

Blank, incomplete identification documents came within the statutory definition of "identification document" for purposes of statute describing offense of fraud in connection with identification documents. U.S. v. Castellanos, C.A.7 (Ill.) 1999, 165 F.3d 1129. Forgery ⚮ 7(1)

Nonimmigrant visa was not identification document under statute barring possession of instruments that can be used to make false identification documents; visa only identifies someone as eligible to enter United States without identifying bearer. U.S. v. Hammoude, C.A.D.C.1995, 51 F.3d 288, 311 U.S.App.D.C. 145, certiorari denied 115 S.Ct. 2290, 515 U.S. 1128, 132 L.Ed.2d 291. Forgery ⚮ 17

Possession of credentials appearing to be those of Drug Enforcement Administration (DEA) supported conviction on false credentials charge, even if identification document was contained in leather cover bearing defunct agency's seal and even if statute required that identification document purport to be that of existing agency. U.S. v. Canan, C.A.6 (Ky.) 1995, 48 F.3d 954, rehearing and suggestion for rehearing en banc denied, certiorari denied 116 S.Ct. 716, 516 U.S. 1050, 133 L.Ed.2d 670. Forgery ⚮ 7(1)

Cards devoid of any name or social security account number, which contained liberty bell which never appeared on social security cards, were not "identification documents" as defined by statute prohibiting possession of identification document of United States which is stolen or produced without authority. U.S. v. Gros, C.A.6 (Ohio) 1987, 824 F.2d 1487. Forgery ⚮ 7(1); Receiving Stolen Goods ⚮ 4

Form I-94 Department of Justice arrival-departure record is an "identification document" for purposes of statute prohibiting identification document produced without authority. U.S. v. Pahlavani, C.A.4 (Va.) 1986, 802 F.2d 1505. Forgery ⚮ 7(1)

Defendants charged with various violations of Immigration and Nationality Act (INA) relating to alleged activities involving illegal aliens, including illegal encouragement, harbor, and transport of aliens into and within United States, were entitled prior to trial to know identity of each alien at issue in each count so that defendants could interpose plea of double jeopardy in any subsequent prosecution, although government was required to prove illegal conduct with respect to only one alien in order to prove offenses charged. U.S. v. Calhelha, D.Conn.2006, 456 F.Supp.2d 350. Indictment And Information ⚮ 121.2(1)

In their sentencing for production of fraudulent identification documents, defendants were not entitled to variance from applicable sentencing guidelines range based on disparity caused by absence in the district of a fast-track program for illegal reentry offenses, since defendants were convicted of production of fraudulent identification documents, rather than of illegal reentry. U.S. v. Hernandez-Montealegre, E.D.Va.2006, 445 F.Supp.2d 646. Sentencing And Punishment ⚮ 870

Dismissal of indictment count charging alien with being "found" in United States without permission following deportation, on grounds that alien was stopped while attempting to enter country, did not mandate dismissal of

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

count charging alien with using identification means of another person in violation of statute prohibiting unauthorized reentry following deportation; there were two other ways to violate reentry statute, by entering country, or attempting to enter, which remained unaffected and available as predicate offenses despite dismissal. U.S. v. Crounsset, E.D.Va.2005, 403 F.Supp.2d 475. Aliens, Immigration, And Citizenship ☜═ 773

Indictment charging defendant with conspiring to transfer false identification document and of embezzling, stealing, or converting government property, that described defendant's acceptance of payment from confidential informant (CI) on particular day both as part of conspiracy to transfer false identification and as theft, was inconsistent, and, therefore, defective, since the two allegations were mutually exclusive; if defendant meant to provide CI with fraudulent license, he was not converting his payment, and vice versa. U.S. v. Conde, S.D.N.Y.2003, 309 F.Supp.2d 510. Indictment And Information ☜═ 125(3)

Police officers had probable cause to arrest suspect for federal crime of fraud in connection with identification documents, where suspect admitted that identification he produced at officers' request was fake and that there were additional pieces of fake identification in his apartment. U.S. v. Mendoza, N.D.Ill.2001, 157 F.Supp.2d 935. Arrest ☜═ 63.4(15)

For purposes of statute prohibiting fraud and related activity in connection with identification documents, "identification document" is an authentic or real document issued by some governmental body and a "false identification document" is *inter alia* a document procured by false statements or fraud and also may be a nonauthentic document. U.S. v. Smith, D.Or.1988, 685 F.Supp. 1523, affirmed in part, reversed in part on other grounds 876 F.2d 898, certiorari denied 110 S.Ct. 194, 493 U.S. 869, 107 L.Ed.2d 149. False Pretenses ☜═ 6; Forgery ☜═ 7(1)

5. Social security cards

Social Security cards were "identification documents" under federal criminal statute prohibiting knowing transfer of stolen or false identification documents; evidence showed that Social Security cards were commonly used for identification purposes. U.S. v. Quinteros, C.A.4 (Va.) 1985, 769 F.2d 968. Forgery ☜═ 7(1); Receiving Stolen Goods ☜═ 1

6. Knowledge or intent

Government was not required, in prosecution for aggravated identity theft, to prove that defendant knew the means of identification she used actually belonged to another person. U.S. v. Godin, D.Me.2007, 489 F.Supp.2d 118. False Pretenses ☜═ 4

Act is done "knowingly," for purposes of statute prohibiting fraud and related activity in connection with identification documents, if it is done voluntarily and intentionally rather than by mistake, accident or other innocent reason. U.S. v. Smith, D.Or.1988, 685 F.Supp. 1523, affirmed in part , reversed in part 876 F.2d 898, certiorari denied 110 S.Ct. 194, 493 U.S. 869, 107 L.Ed.2d 149. False Pretenses ☜═ 5

7. Unlawfulness of intended use

Sentence enhancement for defendant's use of means of identification (ID) to produce or obtain another means of identification applied where defendant used stolen Social Security numbers to manufacture bogus identification documents in his own name or name of fictitious individual; requirement for enhancement that both source ID

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

numbers and produced ID numbers be of actual, not fictitious, persons other than defendant himself did not re-quire use, in produced document, of actual names of persons to whom Social Security numbers were assigned. U.S. v. Melendrez, C.A.9 (Or.) 2004, 389 F.3d 829. Sentencing And Punishment ☞ 689

Defendant, whose position as a home health aide gave her continuous access to the homes of her elderly and mentally disabled victims, and relatively unsupervised discretion over their daily care, qualified for two-level enhancement in her base offense level, due to abuse of position of trust, when sentencing defendant for access device fraud and identity theft premised on her acts of obtaining personal information from three patients and using the information to open unauthorized credit card accounts. U.S. v. Morris, C.A.2 (Conn.) 2003, 350 F.3d 32, post-conviction relief denied 2005 WL 80881. Sentencing And Punishment ☞ 758

Parole violation is a violation of New York law, and thus defendant's alleged unlawful use of identification, which constituted parole violation, could establish element of intent to use "unlawfully" in charge of knowingly possessing with intent to use unlawfully five or more identification documents. U.S. v. Chandler, C.A.2 (N.Y.) 1996, 98 F.3d 711. Forgery ☞ 35

To enable jury to conclude that defendant intended to use false identifications unlawfully, as required to convict defendant for knowingly possessing with intent to use unlawfully five or more false identification documents, government is required to establish uses to which defendant intended to put false identifications and that those intended uses would violate one or more federal, state, or local laws. U.S. v. Rohn, C.A.4 (Md.) 1992, 964 F.2d 310. Forgery ☞ 17

Charges against defendants were sufficiently clear, and not impermissibly vague, under statute that prohibited transfer of identification document, authentication feature, or false identification document knowing that such document or feature was stolen or produced without lawful authority, where indictment tracked language of stat-ute and alleged transfer of falsified documents covered by statute, and investigative reports provided to defend-ants identified aliens who bought documents from one defendant, and government obtained copies of all such claimed documents and produced them to defendants. U.S. v. Calhelha, D.Conn.2006, 456 F.Supp.2d 350. For-gery ☞ 26

Government established that alien attempted to use means of identification of actual person, to gain illegal reentry into United States following deportation; when official entered number on alien's temporary green card stamp into computer base, records were produced for person with same name given by alien, who was shown to be different through fingerprint comparisons. U.S. v. Crousset, E.D.Va.2005, 403 F.Supp.2d 475. Aliens, Im-migration, And Citizenship ☞ 773

8. Possession of document-making implements

Defendant violated statute prohibiting fraud and related activity in connection with identification documents, by possessing document-making implements which would be used in production of false identification document by possessing Texas seal, two blank Rhode Island birth certificates, blank New Jersey driver's license, two blank Social Security cards and blank chauffeur's license form, and by possessing identification document that ap-peared to be identification document of United States which was stolen or produced without authority knowing that such document was stolen or produced without authority by her possession of blank Social Security card. U.S. v. Smith, D.Or.1988, 685 F.Supp. 1523, affirmed in part , reversed in part 876 F.2d 898, certiorari denied 110 S.Ct. 194, 493 U.S. 869, 107 L.Ed.2d 149. Forgery ☞ 4; Forgery ☞ 17

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

9. Discipline of attorneys

One-year suspension is appropriate sanction for attorney who is convicted of aiding and abetting in possession and use of identification document in order to fraudulently obtain passport, not involving moral turpitude. In re McBride, D.C.1994, 642 A.2d 1270. Attorney And Client ☞ 59.13(5)

10. Instructions

General unanimity charge instructing jury that it had to return unanimous verdict was sufficient with respect to charge of knowingly possessing and using false identification documents; trial court was not required to provide specific unanimity charge that all jurors had to agree on particular theory of how defendant violated law. U.S. v. Chandler, C.A.2 (N.Y.) 1996, 98 F.3d 711. Criminal Law ☞ 798(.5)

Defendant was not entitled to venue instruction in prosecution for unlawful production and transfer of false identification documents, as defendant did not interpose question in timely fashion; any asserted defects in venue were apparent to defendant at time defendant entered into stipulation that waived venue issue. U.S. v. Sutton, C.A.2 (N.Y.) 1994, 13 F.3d 595. Criminal Law ☞ 145

In prosecution for knowingly possessing with intent to use unlawfully five or more false identification documents, citation to jury of particular law which defendant's intended uses of false identification documents would have violated was required; unlawfulness was determined not by reference to abstract notions of right and wrong, but by standards prescribed by appropriate lawmaking bodies, and to demonstrate unlawfulness, jury had to be instructed that particular conduct would have violated specific law. U.S. v. Rohn, C.A.4 (Md.) 1992, 964 F.2d 310. Forgery ☞ 48

11. Admissibility of evidence

Defendant was not in custody for purposes of *Miranda* warnings during the search of his home, and thus statements defendant made to agents during the search of the home were admissible in defendant's prosecution for attempted possession of five or more false identification documents with the intent to use and transfer them, where the agents informed the defendant and his wife that they were not under arrest and could ask the agents to leave at any time. U.S. v. Badmus, C.A.2 (N.Y.) 2003, 325 F.3d 133. Criminal Law ☞ 412.2(2)

Any incidental prejudice suffered by defendant charged under federal statute with making false identification cards as result of evidence that defendant's activities violated Illinois law as well as federal law did not require mistrial, where any prejudice was outweighed by probative value of state employee's testimony on element of government's case. U.S. v. Bell, C.A.7 (Ill.) 1992, 980 F.2d 1095. Criminal Law ☞ 867

Prosecution was not required to provide information, that it possessed on aliens' immigration status and nature of each alien's legal relationship with United States, to defendants charged with illegal encouragement, harbor, and transport of aliens into and within United States, since such information sought evidentiary material or information about government's legal theories, government was otherwise required to disclose identity of all aliens at issue with regard to each particular count, and defendants' trial preparation did not depend on government supplying such information. U.S. v. Calhelha, D.Conn.2006, 456 F.Supp.2d 350. Indictment And Information ☞ 121.2(1)

Although it was not clear that Immigration and Naturalization Service agents had actual authority to execute

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

warrant to search for evidence of violation of this section, exclusionary rule did not bar use of evidence obtained during search where there was no evidence of inaccuracy, much less falsehood, in affidavit submitted to magistrate in support of warrant, there was no evidence that agents or magistrate were aware of any uncertainty as to authority to search and warrant conformed to all requirements but for circumstance that officer to whom it was directed was, perhaps, not "authorized to enforce" statute involved. U.S. v. Segovia-Melgar, D.C.D.C.1984, 595 F.Supp. 753. Criminal Law ☞ 394.4(5.1)

12. Weight and sufficiency of evidence

Jury's finding that alleged conspirator possessed requisite knowledge of conspiracy to commit identification and Social Security fraud, and knowingly participated therein, was sufficiently supported by evidence, notwithstanding numerous problems with testimony of coconspirator who testified against him, where this coconspirator's testimony was corroborated by testimony of alleged conspirator's roommate, who testified that alleged conspirator helped him to illegally obtain a Social Security card. U.S. v. Ndiaye, C.A.11 (Ga.) 2006, 434 F.3d 1270, rehearing and rehearing en banc denied 179 Fed.Appx. 1, 2006 WL 644011, certiorari denied 127 S.Ct. 128, 166 L.Ed.2d 95. Conspiracy ☞ 47(6)

Evidence that defendant possessed 108 counterfeit birth certificates, which he transported from Peru to the United States, that he secreted certificates in newspaper, and that he knew certificates could be used unlawfully to obtain driver's licenses, which produced $200-$300 per certificate, was sufficient to establish that defendant had willful intent to transfer certificates unlawfully, to support conviction of possession with intent to transfer unlawfully five or more false identification documents, considering additionally defendant's false exculpatory statements at time of arrest and his discredited claim that he was working for FBI. U.S. v. Alejandro, C.A.11 (Fla.) 1997, 118 F.3d 1518. Forgery ☞ 44(1)

Evidence that both defendants had constructive, if not actual, possession of residence and rental car in which document-making implements were found was sufficient to sustain convictions for violating statute which prohibited fraud in connection with identification documents. U.S. v. Pearce, C.A.4 (N.C.) 1995, 65 F.3d 22. Forgery ☞ 44(.5)

Government's proposed inference that defendant intended unlawful uses of multiple false identification documents which he possessed as there were no possible lawful uses for false identifications was not sufficient to establish that defendant's intended uses of false identifications would violate federal, state, or local laws, so as to permit conviction for knowingly possessing with intent to use unlawfully five or more false identification documents. U.S. v. Rohn, C.A.4 (Md.) 1992, 964 F.2d 310. Forgery ☞ 44(1)

Evidence that defendant participated in venture that submitted fraudulent tax returns for over three years, supplied nearly half of the identities used by the venture, and had a financial stake in its success was sufficient to support conviction for aiding and abetting identity fraud. U.S. v. Harrison, C.A.2 (N.Y.) 2006, 175 Fed.Appx. 386, 2006 WL 897752, Unreported, certiorari denied 127 S.Ct. 115, 166 L.Ed.2d 84. False Pretenses ☞ 49(1)

Evidence at trial for conspiring to create and creating false identification cards was sufficient to support finding that license recipients were not entitled to state drivers' licenses; government presented documents and testimony showing that defendant's co-conspirator provided non-state residents with phony documents and encouraged them to proffer a false in-state address so they could impersonate state residents and thereby obtain identification cards restricted to state residents, and government presented evidence that defendant aided and abetted that conduct by advertising in a newspaper that he could help people to obtain driver's licenses, collecting large

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

fees from those who sought his help, and sending them to his co-conspirator. U.S. v. Proshin, C.A.2 (N.Y.) 2006, 167 Fed.Appx. 285, 2006 WL 356099, Unreported. Conspiracy ☞ 47(3.1)

Evidence that defendant used false commercial driver's license was sufficient to establish beyond a reasonable doubt that he was attempting to evade immigration and labor laws prohibiting foreign nationals remaining and working in the United States without specific permission, in prosecution for possessing a false identification document with the intent to defraud. U.S. v. Remache-Garcia, C.A.3 (Pa.) 2004, 102 Fed.Appx. 761, 2004 WL 1530357, Unreported. Forgery ☞ 44(1)

13. Private cause of action

No private cause of action is implied under criminal fraud statutes. Garay v. U.S. Bancorp, E.D.N.Y.2004, 303 F.Supp.2d 299. Action ☞ 5

14. Sentence

District court gave meaningful consideration to relevant statutory sentencing factors in imposing 44-month sentence for defendant's offense of unlawful use of means of identification of another with intent to commit a felony; court expressly mentioned the statutory sentencing factors, expressly acknowledged defendant's request for leniency and addressed his argument that a lighter sentence was appropriate because of his youth, and court emphasized defendant's long history of fraudulent criminal conduct and fact that defendant had been given second chance by courts over and over again. U.S. v. Dragon, C.A.3 (N.J.) 2006, 471 F.3d 501. Sentencing And Punishment ☞ 94; Sentencing And Punishment ☞ 108; Sentencing And Punishment ☞ 373

Defendant's completion of his sentence for knowingly producing without lawful authority false identification documents and his subsequent removal from the United states did not render moot his appeal of his sentence; the length of his sentence was material to the Attorney General's assessment of both the seriousness of his criminal conviction and the risk of harm to society posed by his admission, and, prevailing on appeal and receiving the potential to secure a reduced sentence would therefore substantially increase his chances of obtaining admission to the United States in the future. U.S. v. Hamdi, C.A.2 (N.Y.) 2005, 432 F.3d 115. Criminal Law ☞ 1134(3)

Imposition of two-level sentencing enhancement for defendant's leadership role in producing fraudulent government identifications was warranted; codefendant worked as a clerk at the Bureau of Motor Vehicles and defendant, who had the decision making authority in the scheme, arranged to have codefendant provide various individuals fake identifications for which defendant received the greater profit. U.S. v. Shalash, C.A.6 (Ohio) 2007, 2007 WL 706868, Unreported. Sentencing And Punishment ☞ 752

**18 U.S.C.A. § 1028, 18 USCA § 1028**
Current through P.L. 110-231 approved 5-18-08

Copr. (C) 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.