EYLeetrialmemo5

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 08-00004 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **UNITED STATES RESPONSE TO** |
| ) | **COURT'S PROPOSAL TO REDACT** |
| EUN YOUNG LEE, ) | **INDICTMENT** |
| aka Eun Young Cho, ) | |
| aka Ina Lee, ) | |
| MARCELINO J. LASERNA, ) | |
| JOHN W.C. DUENAS, ) | |
| MARY C. GARCIA, ) | |
| JOSEPH PANGELINAN, ) | |
| FRANCISCO SN KAWAMOTO, and ) | |
| MARGARET B. UNTALAN, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

I. REDACTION OF LEE'S NAME IS AN UNCONSTITUTIONAL AMENDMENT
   TO THE INDICTMENT

The court proposes to amend the indictment by redacting Lee's name from substantive counts VII through XXIII, so that it will appear that the six defendant examiners were the only ones indicted and the indictment does not charge that they aided and abetted a specific, named person. Thus, from the jury's perspective, Lee is charged with six conspiracies, but the person whom the examiner aided and abetted in the substantive counts is unidentified.

The defendants have a Fifth Amendment right to be tried on the charges which were returned by the grand jury, and no others. Thus, an indictment may not be amended "except by

1 resubmission to the grand jury, unless the change is merely a matter of form." Russell v. United
2 States, 369 U.S. 749 (1962).

3       An indictment may be amended by redacting surplusage if it does not change the nature
4 of the charge. United States v. Miller, 471 U.S. 130 (1985), approved such an amendment, but
5 the language redacted was not a substantive amendment to the indictment. Miller was charged
6 with mail fraud, the indictment alleging that the scheme to defraud involved false claims to an
7 insurance company following a burglary of his business. The indictment alleged various ways
8 the scheme had been committed, one of which was that he knew of the burglary in advance. The
9 government failed to present any evidence on this allegation, however, and moved to strike that
10 one allegation before it was submitted to the jury. The defendant opposed the motion, and later
11 appealed his conviction, alleging that his Fifth Amendment rights had been violated because the
12 government had failed to prove that this particular way of committing the scheme had occurred:
13 he argued that if the grand jury alleged a crime had been committed in several different ways, the
14 government had to prove them all. The Ninth Circuit reversed, holding that there was a fatal
15 variance between the charge and the government's proof; the Supreme Court reversed the Ninth
16 Circuit. The government's motion to strike one manner of committing the scheme was not a
17 variance, but simply a motion to remove surplusage. The Court noted:

> "[A]n indictment may charge numerous offenses or the commission of any one offense in several ways. As long as the crime and the elements of the offense that sustain the conviction are fully and clearly set out in the indictment, the right to a grand jury is not normally violated by the fact that the indictment allege more crimes or other means of committing the same crime. ...
>
> Convictions have generally been sustained as long as the proof upon which they are based corresponds to an offense that was clearly set out in the indictment. A part of the indictment necessary to and independent of the allegations of the offense proved may normally be treated as 'a useless averment' that 'may be ignored.'"
> Id. at 136.

25     "A redaction of an indictment is permissible so long as the elements of the offense
26 charged are fully and clearly set out in what remains." United States v. Adkinson, 135 F.3d

1363 (11th Cir. 1998), *citing* Miller, *supra.* "An indictment may not, however, be so severely redacted that any of the elements of the offense are expunged." Adkinson at 1377. "An amendment to the indictment occurs when the charging terms of the indictment are altered, either literally or in effect, by the prosecutor or the court after the grand jury has last passed upon them." United States v. Stoll, 726 F.2d 584, 586 (9th Cir. 1984). An amendment is constitutional if it corrects a typographical error, or a minor or technical deficiency in the indictment, unless it causes prejudice to the defendant. United States v. Neill, 166 F.3d 943, 947 (9th Cir. 1999).

United States v. Dipentino, 242 F.3d 1090 (9th Cir. 2001), is an example of an u unconstitutional amendment. The defendants were charged with violations of the Clean Air Act for improperly removing asbestos from a hotel which was going to be demolished, specifically, by allowing asbestos debris to dry out rather than immediately putting the wet materials into leak-proof containers. But the trial judge amended the indictment in his instructions by defining the violation in broader terms than the indictment alleged, thus permitting "the jury to convict the defendants of violating a work practice standard they were not charged in the indictment with violating, ..." Id. at 1095.

This court's proposed redaction of Lee's name constitutes an unconstitutional amendment, because it broadens the scope of the charge and changes its nature. The grand jury alleged only one manner in which the statute was violated, that is, by the joint actions of Lee and the named examiner. The indictment does not charge that anyone else, either "known or unknown to the grand jury," was involved in this offense. Aiding and abetting requires at least two individuals. Title 18, U.S.C. § 2 "does not establish a separate crime, but rather is an alternative charge that permits one to be found guilty as a principal for aiding or procuring someone else to commit the offense." United States v. Mann, 811 F.2d 495, 497 (9th Cir. 1987). To sustain the allegation that a charge was committed by aiding and abetting, the government must prove that someone committed the underlying crime and someone else aided them. Mann notes that it is not necessary for the principal to be convicted, or even identified, nor does it

-3-

affect the guilt of the accessory even if the principal is acquitted of the underlying offense. But there have to be two people alleged to have participated in the offense.

Perhaps the government should have named multiple individuals as having aided and abetted in each count, but it did not, and this was the charge returned by the grand jury. When only two people are named in a crime committed by aiding and abetting, their identities are not surplusage. By redacting Lee's name from the substantive charges, this court is broadening their scope. Presently, the substantive charges involve two specific people, Lee and the named examiner. As each charge is framed, if the evidence shows that the examiner aided and abetted someone other than Lee, or that Lee aided and abetting someone other than that named examiner, the jury must acquit on that charge. Under the court's proposal, the examiners could be convicted if the jury found they had aided and abetted anyone, say, the licensees themselves, or another examiner. As the indictment is presently charged, if the jury convicts on a particular count, it is clear which two people the jury believed committed it. With Lee's name redacted, one will not know what the jury based its verdict on.

In trying to determine how this is handled in other districts, the government found United States v. Giampa, 904 F.Supp.234 (D.C.N.J. 1995), where nine Mafioso captains were charged with RICO and numerous other counts. Prior to trial, one of the defendants was found in a trunk floating in the ocean; he had been shot in the head. The government went back to the grand jury and sought a superseding indictment virtually identical to the first, except it did not mention the deceased defendant or make any references to his part in the charged crimes. It appears the government represented its case to the grand jury, minus any reference to the part this defendant played, to ensure his absence would not affect the scope or nature of the crimes charged. Prior to trial, another defendant pled guilty, and the government moved to redact that person's name from the indictment. Thus, the trial proceeded with seven defendants, each charged jointly with conspiracy and aiding and abetting each other.

-4-

The government sent out a nation-wide query to every AUSA in the country concerning how their districts would handle this issue. The response was uniform: give a limiting instruction. For example, the standard instruction from the Eastern District of Pennsylvania is attached hereto as Exhibit 1.

## INSTRUCTION 2.13

Uniform instruction 2.13 was formulated for situations where the trial starts with all defendants present, then something happens to one or more of them. It deals with the inevitable speculation a jury will engage in, if one of the persons they know is charged, suddenly disappears. Whatever the reason, the trial court should acknowledge the person's absence, and instruct the jury to disregard it. United States v. Barrientos, 758 F.2d 1152 (7th Cir. 1985), concerned a Rule 29 acquittal of some of the defendants. This instruction is appropriate even in cases where there are only two defendants who are closely identified, such as United States v. Bussell, 414 F.3d 1048 (9th Cir. 2005). A husband-wife team was charged with bankruptcy fraud, and the husband "fell" off his hotel balcony shortly before the case was to be submitted. The court approved the 2.13 instruction.

United States v. Carraway, 108 F.3d 745 (7th Cir. 1997) concerned a 27-person conspiracy, where 22 people pled guilty and only five went to trial. The names of those who had pled were not redacted from the indictment. During trial, the prosecution was allowed to introduce the guilty pleas of the five co-defendants who did not testify at trial, to explain what had become of the named defendants who were not on trial and did not testify. The court held this was error, though not reversible.

> "It is no doubt true, as the government points out, that the jury will wonder what happened to the co-defendants whose names have been mentioned in the indictment and in the course of the trial but who have not appeared before them. But the jury can be instructed simply not to concern itself with that question, and we have identified that as the preferred course." Id. at 755, *citing* Barrientos, *supra*.

-5-

Case 1:08-cr-00004   Document 210   Filed 06/02/2008   Page 5 of 6

The government has been unable to find any direct authority on what procedure should be followed when a codefendant pleads guilty to some counts, but remains charged with others. In all the cases examined, the co-defendant is either completely in, or completely out, of the trial.

Had Lee pled guilty to all counts, her name would not have been redacted from the indictment. Instead, her name would remain on the indictment and Instruction 2.13 would be given in fairness to the remaining defendants, so that the jury would not speculate on her absence. There is no reason why the same procedure should not obtain when she is before the jury on selected counts. If a 2.13 instruction is adequate to protect her codefendants, why is it not adequate to protect her?

The court's proposal would be highly prejudicial to the government. The jury will think that only the accessories were charged, not the principal, conclude that this is highly unfair (as indeed it would be) and acquit on all the substantive counts.

As well, redacting Lee's name would make this case virtually impossible to argue. How can the government state that Lee is the principal in this scheme, when she is not specifically charged? Would the prosecution be barred from arguing that the examiners aided and abetted people other than Lee? Redaction of Lee's name causes great confusion, and is unnecessary

The government urges the court to leave the indictment as the grand jury returned it, and give an appropriate limiting instruction

Respectfully submitted this  2nd  day of June, 2008.

                                        LEONARDO M. RAPADAS
                                        United States Attorney
                                          Districts of Guam and NMI

                          By:     /s/ Karon V. Johnson
                                KARON V. JOHNSON
                                Assistant U.S. Attorney