THE LAW OFFICES OF MARK S. SMITH
456 W. O'Brien Drive, Suite 102-D
Hagatna, Guam 96910
Telephone: (671) 477-6631/32
Facsimile: (670) 477-8831

Attorney for Defendant,
*Marcelino J. Laserna*

FILED
DISTRICT COURT OF GUAM

JUN 2 7 2008

JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MARCELINO J. LASERNA, et. al. ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | CRIMINAL CASE NO.: CR08-00004 <br><br> DEFENDANT MARCELINO LASERNA'S MEMORANDUM IN SUPPORT OF STRIKING THE TESTIMONY OF YOUNG MIN KO YOUNG NAM KIM AND DEUK SOON CHOI PEREDA AND EXCLUDING ANY AND ALL STATEMENTS RELATING THERETO |

## I. INTRODUCTION

COMES NOW, Defendant Marcelino Laserna, by and through undersigned legal counsel, Mark S. Smith, and hereby submits this memorandum in support of striking the testimony of Young Min ko, Young Nam Kim and Deuk Soon Choi Pereda and any all statements relating thereto. Undersigned legal counsel hereby acknowledges the joinder of all co-defendants in said motion.

## II. ANALYSIS

The United States Supreme Court held in Brady v. Maryland that the "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution". 83 S. Ct. 1194, 1196 (1963). Brady material includes information "that bears on the credibility of a significant witness in the case. U.S. v. Brumel-Alvarez, 991 F. 2d 1452

Defendant Marcelino Laserna's Memorandum in Support of Striking the Testimony of Young Min Ko, Young Nam Kim and Deuk Soon Choi Pereda and Excluding any and all Statements Relating Thereto
United States of America v. Marcelino Laserna

Criminal Case No. 08-0004

Page 2 of 4

Impeachment evidence is favorable evidence. Id. To establish a Brady violation, a defendant mush show that the prosecutor failed to disclose material evidence. Id.

Defendants in this case raised the issue that Young Min Ko was interviewed by FBI Special Agent Klocke who took rough notes as well as prepared a 302 Statement. This particular 302 Statement was inconsistent with the testimony provided by Young Min Ko in trial and thus could be used for impeachment purposes. The court having heard the arguments from Defendants, Defendants' counsel acknowledge that this was a possible Brady violation and requested the court consider striking the testimony of Young Min Ko along with any and all statements relating thereto.

In addition, the court noted the Government's alleged use of perjured testimony for both Young Nam Kim and Deuk Soon Choi Pereda. In the case of both witnesses, the allocutions in their plea agreements were in stark contrast to their testimony before the court wherein both witnesses testified they paid Lee money for their licenses; whereas, when taking their plea agreements, stated before the court they had not paid any money. The Government knew of said contradiction, however, did not notify Defendants of said testimony thus, creating an unfair surprise and failing to provide impeachment evidence which is another Brady violation.

The use of informers, accessories, accomplices, false friends or any of the other betrayals which are dirty business may raise serious questions of credibility. U.S. v. Bernal-Obeso, 989 F. 2d 331 (Cal 9th Cir. 1993). A prosecutor who does not appreciate the perils of using rewarded criminals as witnesses risks compromising the truth seeking mission of our criminal justice system. Id., see also, U.S. v. Wallach, 945 F. 2d 445 (1991) (convictions reversed because Government should have known witness was committing perjury).

Because the Government decides whether and when to use such witnesses, and what, if anything, to give them for their service, the Government stands uniquely positioned to guard against perfidy. By its actions, the Government can either contribute to or eliminate the problem. Accordingly, we expect prosecutors and investigators to take all reasonable measures to safeguard the system against treachery. Bernal-Obeso, at p. 333.

As briefed by co-counsel Stephanie Flores, Esq., and Leilani v. Lujan, Esq., the Government's knowing use of perjured testimony resulted in Brady violations. Defendant asserts the court has determined the use of Young Nam Kim and Deuk Soon Choi Pereda testimony, are Brady violations and now seeks the proper remedy for said violation.

### III. REMEDY

Defendants counsel and co-defendants' counsel have asserted throughout this trial that there has been numerous discovery violations creating a pattern of flagrant misconduct by the Government. Defendant believes that the Government's misconduct is flagrant with respect to said above-described violations, Defendants could have suffered substantial prejudice but for the fortuity of Defendants uncovering statements which were given to Defendant Lee's legal counsel on a bail revocation hearing and not for purposes of this trial.

As a result of said fortuity, Defendants thus had the opportunity to cross-examine both witnesses, Young Nam Kim and Deuk Soon Choi Pereda with respect to their perjured testimony. Although attempts to cure potential prejudice were taken, the fact remains that the Government's flagrant misconduct and pattern of misconduct has continued throughout this trial despite the court's warning that it should adhere to discovery rules as well as the requirements of the Constitution.

Defendant Marcelino Laserna's Memorandum in Support of Striking the    Criminal Case No. 08-0004
Testimony of Young Min Ko, Young Nam Kim and Deuk Soon Choi Pereda and
Excluding any and all Statements Relating Thereto
United States of America v. Marcelino Laserna                            Page 4 of 4

More particularly, the Government on June 25, 2008 when queried by the court stated that it had "no 302 Statements" with respect to the Korean National witnesses that it presented throughout the trial. On the morning of June 26, 2008, numerous 302 Statements were provided regarding the Korean National witnesses. Despite being questioned by the court on June 26, 2008, the Government tried to weazle out of its statements that it had no witness statements to provide to defense.

Despite the continued admonishment the Government throughout this trial, its misconduct continues and Defendants believe that although the prejudice may have been cured, in this one instance, and Defendants do not waive any arguments it may have on appeal, it believes that the proper remedy will be not be a dismissal with prejudice but striking the testimony and related statements for Young Nam Kim, Young Min Ko, Duck Soon Choi Pereda which is clearly within the discretionary powers of the Court. U.S. v. Tomura, 694 F. 2d 591 (Cal. 9th Cir. 1992). (Court did not abuse its discretion by offering to remedy prejudicial effect of surprise testimony by exclusion of testimony).

## IV. CONCLUSION

Based on the foregoing, Defendant Marcelino Laserna and co-defendants hereby respectfully request the testimony of Young Min Ko, Young Nam Kim and Deuk Soon Choi Pereda be stricken and excluding any and all statements relating thereto.

Dated this 27th day of June, 2008.

Respectfully submitted,

By: _____
MARK S. SMITH, ESQ.
Attorney for Defendant, *Marcelino J. Laserna*