1  Louie J. Yanza
2  **MAHER • YANZA • FLYNN • TIMBLIN, LLP**
   115 Hesler Place, Ground Floor
3  Governor Joseph Flores Building
   Hagåtña, Guam 96910
4  Telephone No.: (671) 477-7059
   Facsimile No.: (671) 472-5487
5
   Attorneys for Defendant
6  JOSEPH PANGELINAN



FILED
DISTRICT COURT OF GUAM

JUN 27 2008

JEANNE G. QUINATA
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF GUAM

| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. CR08-00004 |
|---|---|
| Plaintiffs, | |
| vs. | DEFENDANT JOSEPH PANGELINAN'S RULE 29 MOTION FOR JUDGMENT OF ACQUITTAL; MEMORANDUM OF POINTS AND AUTHORITIES; CERTIFICATE OF SERVICE |
| JOSEPH PANGELINAN, et al., | |
| Defendants. | |

COMES NOW the Defendant **JOSEPH PANGELINAN** ("PANGELINAN"), through counsel MAHER • YANZA • FLYNN • TIMBLIN, LLP, by Louie J. Yanza, and hereby moves this Honorable Court for a Judgment of Acquittal on the grounds that there is insufficient evidence presented to sustain a conviction in this matter and the Government has not been able to prove the substantive fraud counts. Counsel for Defendant PANGELINAN states that this Motion for Judgment of Acquittal is joined by all other Defendants herein, by and through their respective counsel of record.

This motion is made pursuant to Rule 29 of the Federal Rules of Criminal Procedure and is based on the accompanying Memorandum of Points and

-1-

Authorities, the record of the proceedings and papers on file herein, together with any and all arguments to be adduced at the hearing of the within motion.

Dated this 27th day of June, 2008.

MAHER • YANZA • FLYNN • TIMBLIN, LLP
Attorneys for Defendant
JOSEPH PANGELINAN

By: _____
LOUIE J. YANZA

## MEMORANDUM OF POINTS AND AUTHORITIES

## ARGUMENT

### 1. THERE IS INSUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION ON COUNTS I THROUGH VI OF THE INDICTMENT.

Rule 29 permits a defendant to request a motion for a judgment of acquittal:

> "**Before Submission to the Jury.** After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction. If the court denies a motion for a judgment of acquittal at the close of the government's evidence, the defendant may offer evidence without having reserved the right to do."

Fed.Crim.Pro. Rule 29.

The Court considers whether, "after viewing the evidence in a light most favorable to the prosecution, any rational juror or trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Bautista-Avilla, 6 F.3d 1360, 1362 (9th Cir. 1993).

In Count I through VI of the Indictment, the Government has alleged that a conspiracy existed between Lee, the indicted Examiners and others. The Government must prove "the defendant's knowledge and voluntary participation in the agreement,

-2-

and overt act in furtherance of it." United States v. Ruiz, 105 F.3d 1492, 1499 (1st Cir. 1997). Further, the Government must prove the requisite *mens rea* for this type of offense. 18 U.S.C. §1029(a)(1). The requisite state of mind for a violation of 18 U.S.C. §1028(a)(1) is "knowingly", which applies to the additional elements of "without lawful authority" and, "produces an identification document." The object of the alleged conspiracy is the production of identification documents knowing that one is without lawful authority to do so.

A rational juror can infer from circumstantial evidence that a defendant knew of a conspiracy. United States v. Baxter, 492 F.2d. 150, 158-159 (9th Cir. 1973). But in factual inferences, one cannot confuse:

> [s]imilar purposes of numerous separate adventures of like character with a single purpose of one overall scheme. While the individual defendants may have entered a **conspiracy** with some of the other **indicted** co-**conspirators**, the Government had the burden of connecting each defendant directly or circumstantially with the larger over-all scheme.

Id. (citation omitted).

Here, the Government has not proven a conspiracy between the Examiners, Lee and the licensees. The Government has not proven that the Examiners even knew of the existence of any licensee conspiracy. And, there is no evidence that the Examiners knew that Lee was part of a larger conspiracy. There is no evidence that permits the inference that the Examiners knew that the licensees Lee brought over were Lee's confederates. All that was proven was a conspiracy between Lee and the licensees to obtain a driver's license. Moreover, the Government has not proven a conspiracy between Lee and the Examiners. There has been no testimony presented

by FBI Agents, Blas, Salas, San Agustin, Prince, or the licensees, establishing a conspiracy between the Examiners and Lee.

The object of the conspiracy has not been met. The only evidence the Government has brought forth is that Lee has enriched herself by receiving money from some licensees. However, there has been no evidence the Examiners received a monetary reward or compensation from Lee. Both Agents Ferguson and Klocke testified to this fact.

The manner and means of the conspiracy has not even been met. The Government alleges that: "... every examiner knew that upon entry of this information, the MVD computer would create a file under the applicant's name, using the SSN or TIN on the application." Indictment, p. 2. The Government also alleges that: "The examiner would enter the information on the alien's application into the MVD computer, and schedule a date for a written examination." Indictment, p. 5. There is no evidence that an Examiner, who accepted the application, was in fact the one who had entered the application into the system. More importantly, the evidence shows that a person using a User I.D. to input information into the MVD computer, may not have been the person who was actually assigned the User I.D. The Government fails to establish that the Examiner accepting the application was the actual Examiner imputing the application into the MVD computer system. Agent Klocke has admitted this fact.

2. **THE GOVERNMENT HAS NOT BEEN ABLE TO PROVE THE SUBSTANTIVE FRAUD COUNTS.**

The Government alleges in the substantive fraud counts contained in the Indictment that an Examiner and Lee, "did knowingly and without lawful authority

-4-

Case 1:08-cr-00004   Document 290   Filed 06/27/2008   Page 4 of 7

produce ... identification documents, authentication features and false identification documents" to a Guam driver's license. Indictment.

Once again, the Government has failed to prove, beyond a reasonable doubt, that the documents that were submitted to the individual Examiners were fraudulent. There is no evidence to establish that the examiners knew that identification documents or that Social Security Numbers or Taxpayer Identification Numbers that were given with the license applications were in fact fraudulent.

Also, on paragraph 71 of the Indictment, the Government alleged that the Defendant produced "an illegal duplicate driver's license in the name of Mark Park, number 1228108937. . . ". The Government has not shown how Kwang Ho Park now known as Mike Park was able to obtain a duplicate driver's license. Testimony and evidence shows that Mike Park was able to legally procure a driver's license.

## CONCLUSION

For all of the above-enumerated reasons, there is insufficient evidence to sustain a conviction. The Government has not proven, beyond a reasonable doubt, or submitted any evidence substantiating that a conspiracy existed or that the Examiners knew that accepting the application was fraudulent.

Respectfully submitted this 27th day of June, 2008.

                          **MAHER • YANZA • FLYNN • TIMBLIN, LLP**
                          Attorneys for Defendant
                          **JOSEPH PANGELINAN**

By: _____
      LOUIE J. YANZA

-5-

# CERTIFICATE OF SERVICE

I, LOUIE J. YANZA, hereby certify that on the 27th day of June, 2008, I caused a copy of the foregoing and annexed **Defendant JOSEPH PANGELINAN's Rule 29 Motion for Judgment of Acquittal; Memorandum of Points and Authorities** to be served upon the parties hereto, by either delivering, faxing and/or mailing a copy of same to their attorneys of record, as follows:

Karon V. Johnson, Assistant U.S. Attorney
**OFFICE OF THE UNITED STATES ATTORNEY**
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatña, Guam 96910
**Counsel for the UNITED STATES OF AMERICA**

Mark S. Smith, Esq.
**LAW OFFICES OF MARK S. SMITH**
456 W. O'Brien Drive, Suite 102-D
Hagatña, Guam 96910
**Counsel for Defendant MARCELINO J. LASERNA**

Richard P. Arens, Assistant Federal Public Defender
**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
501 First Hawaiian Bank Building
400 Route 8
Mongmong, Guam 96910
**Counsel for Defendant EUN YOUNG LEE**

Cynthia V. Ecube, Attorney-At-Law
**LAW OFFICES OF CYNTHIA V. ECUBE**
207 Martyr Street, Suite 3
Travel Pacificana Building
Hagatna, Guam 96910
**Counsel for Defendant JOHN W.C. DUENAS**

Leilani V. Lujan, Attorney-At-Law
**LUJAN, AGUIGUI & PEREZ, LLP**
Suite 300, Pacific News Building
238 Archbishop F.C. Flores Street
Hagatna, Guam 96910
**Counsel for Defendant MARY C. GARCIA**

-6-

Case 1:08-cr-00004   Document 290   Filed 06/27/2008   Page 6 of 7

Stephanie Flores, Attorney-At-Law
Suite 202, Quan Building
324 West Soledad Avenue
Hagatna, Guam 96910
**Counsel for Defendant FRANCISCO S.N. KAWAMOTO**

Rawlen M.T. Mantanona, Esq.
**CABOT MANTANONA, LLP**
2nd Floor, Edge Building
929 S. Marine Corps Drive
Tamuning, Guam 96913
**Counsel for Defendant MARGARET B. UNTALAN**

Dated this 27th day of June, 2008.

**MAHER • YANZA • FLYNN • TIMBLIN, LLP**
Attorneys for Defendant
**JOSEPH PANGELINAN**

By: _____
LOUIE J. YANZA