LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334
Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 08-0004 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **UNITED STATES PROPOSED** |
| | ) | **JURY INSTRUCTIONS** |
| | ) | **CONCERNING 18 U.S.C. 1028(a)(1)** |
| EUN YOUNG LEE, | ) | |
| aka Eun Young Cho, | ) | |
| aka Ina Lee, | ) | |
| MARCELINO J. LASERNA, | ) | |
| JOHN W.C. DUENAS, | ) | |
| MARY C. GARCIA, | ) | |
| JOSEPH PANGELINAN, | ) | |
| FRANCISCO SN KAWAMOTO, and | ) | |
| MARGARET B. UNTALAN, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

COMES NOW the United States and hereby files with the Court a specific instruction

concerning Count VII, including proposed definitions of terms, and a sample format of the

remaining counts of Fraud in Connection with an Identification Document, illustrated by a

sample instruction concerning Counts VIII-X.

Respectfully submitted this 30th day of June, 2008.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI


By:    /s/ Karon V. Johnson
KARON V. JOHNSON
Assistant U.S. Attorney

INSTRUCTION NO. __1__

The defendant, Marcelino J. Laserna, is charged in Count VII of the indictment with Fraud in Connection with Identification Documents, in violation of Title 18, United States Code, §§ 1928(a)(1), (b)(1)(B), and (c)(3)(A).  In order for the defendant, Marcelino J. Laserna, to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly produced more than five identification documents;

Second, the defendant knew or had reason to believe beyond a reasonable doubt that the said documents were produced without authority; and

Third, the production, transfer, possession or use of the said documents was in or affected interstate or foreign commerce.

The term "produce" includes alter, authenticate, or assemble, make, manufacture, issue or publish.

The term "identification document" includes a document made or issued by or under the authority of a State or political subdivision of a State, which when completed with information concerning a particular individual, is of a type intended or commonly accepted for the purpose of identification of individuals.

The term "State" includes any territory of the United States.

"Authenticate" means to establish the authenticity of; to prove genuine.

"Authentic" means genuine; true; real; pure; reliable; trustworthy; having the character and authority of an original.

The term "lawful authority" refers to the authority to manufacture, prepare, or issue identification documents by statute or regulation, or by contract pursuant to such authority.

Authority: 18 U.S.C. §§ 1028(d)(3) & (d)(9); The American Heritage Dictionary of the English Language, Fourth Edition, 2000; Black's Law Dictionary, Revised Fourth Edition, 1968; H.R. REP. 97-802, 1982 U.S.C.C.A.N. 3519 et seq;

-1-

INSTRUCTION NO. __2__

The defendant, Marcelino J. Laserna, is charged in Counts VIII, IX and X of the indictment with Fraud in Connection with Identification Documents, in violation of Title 18, United States Code, §§ 1928(a)(1), (b)(1)(A)(ii), and (c)(3)(A). In order for the defendant, Marcelino J. Laserna, to be found guilty of each of these charges, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly produced an identification document, specifically, a driver's license;

Second, the defendant knew or had reason to believe beyond a reasonable doubt that the said driver's license was produced without lawful authority; and

Third, the production, transfer, possession or use of the said driver's license was in or affected interstate or foreign commerce.


The terms "produce," "identification document," "State," and "lawful authority" are defined as I have preciously instructed.

Authority 18 U.S.C. §§ 1028(a)(1), (b)(1)(A)(ii) & (c)(3)(A); 1968; H.R. REP. 97-802, 1982
        U.S.C.C.A.N. 3519 et seq;

-2-

The defendant, Marcelino J. Laserna, John W.C. Duenas, Mary C. Garcia, Joseph Pangelinan, Francisco SN Kawamoto, and Margaret B. Untalan, is charged in Counts VIII, IX and X of the indictment with Fraud in Connection with Identification Documents, in violation of Title 18, United States Code, §§ 1928(a)(1), (b)(1)(A)(ii), and (c)(3)(A).  In order for the defendant, Marcelino J. Laserna, to be found guilty of each of these charges, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly produced an identification document, specifically, a driver's license;

Second, the defendant knew or had reason to believe beyond a reasonable doubt that the said driver's license was produced without authority; and

Third, the production, transfer, possession or use of the said driver's license was in or affected interstate or foreign commerce.

Authority 18 U.S.C. §§ 1028(a)(1), (b)(1)(A)(ii) & (c)(3)(A).(9); 1968; H.R. REP. 97-802, 1982
        U.S.C.C.A.N. 3519 et seq;

-3-